IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Xilinx, Inc.,**<br><br>    Defendant. | Case No. 1:20-cv-01228-CFC<br><br>Patent Case<br><br>Jury Trial Demanded |

### AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff"), through its attorneys, complains of Xilinx, Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 606 Austin Avenue, Suite 6, Waco, Texas 76701.

2. Defendant Xilinx, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 2100 Logic Dr., San Jose, California, 95124.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Plaintiff has suffered harm in this district.

### PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,784,653 (the "'653 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '653 Patent

8. The '653 Patent is entitled "Eye monitor," and issued 8/31/2004. The application leading to the '653 Patent was filed on 7/11/2002. A true and correct copy of the '653 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '653 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '653 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '653 Patent in at least this District by making, using, offering to sell,

selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '653 Patent also identified in the charts incorporated into this Count below (the "Exemplary '653 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '653 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '653 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. **Actual Knowledge of Infringement.** The service of the Original Complaint upon Defendant, in conjunction with the attached claim charts and references cited (*see* Exhibit 2), constituted actual knowledge of infringement as alleged here. In particular, Exhibit 2 includes charts, and corresponding reference exhibits, comparing the Exemplary '653 Patent Claims to the Exemplary Defendant Products.  These charts undoubtedly informed Defendant as to how the Exemplary Defendant Products infringe the '653 Patent.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '653 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '653 Patent. *See* Exhibit 2 (extensively referencing these materials to demonstrate how they direct end users to commit

patent infringement). Examples of such product literature and website materials include the following:

- https://www.xilinx.com/support/documentation/user_guides/ug578-ultrascale-gty-transceivers.pdf

15. **Induced Infringement.** At least since being served by the Original Complaint and corresponding claim charts, Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '653 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '653 Patent.

16. **Contributory Infringement.** At least since being served by the Original Complaint and corresponding claim charts, Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '653 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '653 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '653 Patent and have no substantial non-infringing use. *See* Exhibit 2 (demonstrating how end-user use of the Exemplary Defendant Products inevitably leads to infringement). For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '653 Patent.

17. Exhibit 2 includes charts, and corresponding reference exhibits, comparing the Exemplary '653 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '653 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '653 Patent Claims.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2, and corresponding reference exhibits.

19. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '653 Patent is valid and enforceable;

B. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '653 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement (with respect to direct infringement) and any continuing or future infringement, up until the date such judgment is entered including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

5

    ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.    that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: November 23, 2020    Respectfully submitted,

DEVLIN LAW FIRM LLC

/s/ James M. Lennon
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 440-9010
jlennon@devlinlawfirm.com

Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**WSOU Investments, LLC d/b/a Brazos Licensing and Development**