# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>Plaintiff,<br><br>v.<br><br>**Xilinx, Inc.,**<br><br>Defendant. | C.A. No. 20-1228-CFC<br>C.A. No. 20-1229-CFC<br>C.A. No. 20-1231-CFC<br>C.A. No. 20-1232-CFC<br>C.A. No. 20-1233-CFC |

### XILINX INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404

Dated: February 3, 2021

OF COUNSEL:
Hilda C. Galvan
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-4556
hcgalvan@jonesday.com


David B. Cochran
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-7029
dcochran@jonesday.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

Thomas W. Ritchie
JONES DAY
77 West Wacker Dr.
Chicago, IL  60601-1692
(312) 269-4003
twritchie@jonesday.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................. ii

I.    ARGUMENT ..................................................................................................3

       A.    The Private Interests Strongly Favor Transfer .....................................3

       B.    The Public Interest Factors Support Transfer ......................................9

II.    CONCLUSION .............................................................................................11

# **TABLE OF AUTHORITIES**

Page

**CASES**

*In re Link_A_Media Devices Corp.*,
 662 F.3d 1221 (Fed. Cir. 2011) ...................................................................................3

*Ithaca Ventures k.s. v. Nintendo of Am. Inc.*,
 C.A. No. 13-824-GMS, 2014 WL 4829027 (D. Del. Sept. 25,
 2014) ............................................................................................................................3

*Jumara v. State Farm Ins. Co.*,
 55 F.3d 873 (3d Cir. 1995) .......................................................................................3, 8

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
 C.A. No. 11-400-GMS, 2013 WL 105323 (D. Del. Jan. 7, 2013) ...............................8

*McRo, Inc. v. Activision Blizzard, Inc.*,
 C.A. No. 12-1508-LPS-CJB, 2013 WL 6571618 (D. Del. Dec. 13,
 2013) ............................................................................................................................6

*NXP USA, Inc., et al., v. Impinj, Inc.*,
 C.A. No. 19-1875-RGA, 2020 WL 5665257 (D. Del. Sept. 23,
 2020) ............................................................................................................................9

*Pragmatus AV, LLC v. Yahoo! Inc.*,
 C.A. No. 11-902-LPS-CJB, 2012 WL 4889438 (D. Del. Oct. 15,
 2012) ............................................................................................................................4

*Ross v. Institutional Longevity Assets LLC*,
 C.A. No. 12-102-LPS-CJB, 2013 WL 5299171(D. Del. Sept. 20,
 2013) ............................................................................................................................4

*Segan LLC v. Zynga Inc.*,
 C.A. No. 11-670-GMS, 2014 WL 1153388 (D. Del. Mar. 19, 2014) ..........................8

*Smart Audio Techs., LLC v. Apple, Inc.*,
 910 F. Supp. 2d 718 (D. Del. 2012)......................................................................8

*VLSI Tech. LLC v. Intel Corp.*,
 C.A. No. 18-966-CFC, 2018 WL 5342650 (D. Del. Oct. 29, 2018) .....................4

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
 C.A. No. 19-1687-CFC-CJB, 2020 WL 4335945 (D. Del. July 28,
 2020) .....................................................................................................................3

In its opening brief, Xilinx met its burden of showing that the facts in these cases strongly favor transfer to the Northern District of California. WSOU has failed, in its opposition, to overcome that strong showing. **First,** WSOU failed to address facts that are relevant to and support transfer:

- WSOU did not address that it has no connections to Delaware, except for its incorporation. Defendant's Opening Br. ("Motion"),[1] at 9.

- WSOU did not address its litigation tactics of serially filing groups of patent infringement cases in venues that are inconvenient for its licensing targets. *Id.* at 9-10, 15.

- WSOU did not address its relationship with the third party inventors and its ability to have them appear at trial in the Northern District of California. *Id.* at 16.

***Second*,** WSOU raised facts that have no impact on the transfer analysis:

- WSOU identified four Xilinx subsidiaries that are Delaware companies. But those companies are not parties to these cases.

- WSOU identified two Xilinx Declaratory Judgment lawsuits in Delaware.[2] But the IIF Case was filed in California and transferred to Delaware, while the LSI Case was filed against two defendants —one whose principal place of business was Pennsylvania—and Xilinx opposed transfer of the case to New York. Declaration of Christopher A. Buxton ("Buxton Decl."), filed concurrently, Ex. A; *id.* Ex. B ¶¶ 3-4; *id.* Ex. C.

---

[1] D.I. 17 in Case-1228, Case-1229, Case-1231, and Case-1232; D.I. 16 in Case-1233.

[2] *Xilinx, Inc. v. Invention Investment Fund I LP, et al.*, C.A. No. 11-666-LPS ("IIF Case") and *Xilinx, Inc. v. LSI Corp., et al*, C.A. No. 09-886-MMB ("LSI Case").

- WSOU identified Xilinx's decisions not to file a motion to transfer from Delaware to the Northern District of California in every Delaware case. But a transfer motion is only filed when the facts warrant it.

- WSOU identified other cases in which Xilinx's motions to transfer had been denied. But the transfer analysis is done on a case-by-case basis, and those other cases involved different plaintiffs, different patents, and different facts.

***Third***, WSOU argued some facts that warrant a response from Xilinx because they were incomplete and may be considered in the transfer analysis:

- WSOU argued that its CEO (Stuart Shanus) and its Chairman (Craig Etchegoyen) would be willing to appear for trial in Delaware. Plaintiff's Answering Br. ("Opposition"),[3] at 3. But these employees will have to be available for trial in whichever venue the cases proceed.

- WSOU argued that one of the firms that prosecuted the asserted patents is located within Delaware's subpoena power, suggesting that without a subpoena the prosecuting firms would not testify at trial. But WSOU failed to provide any evidence to support that suggestion.

- WSOU argued that Xilinx did not assert that its independent distributors did not sell the accused products in Delaware. But Xilinx's declaration regarding sales in Delaware included sales by distributors. Declaration of Xin Wu ("Wu Decl.")[4]; Supplemental Declaration of Xin Wu ("Wu Supp. Decl."), filed concurrently, ¶ 3.

When all of the relevant facts are considered, it becomes clear that only two facts support maintaining the cases in Delaware: Xilinx and WSOU are incorporated in Delaware. Those two facts should not be elevated over the many

---

[3] D.I. 23 in Case-1228; D.I. 22 in Case-1229, Case-1231, and Case-1232; D.I. 21 in Case-1233.

[4] D.I. 18 in Case-1228, Case-1229, Case-1231, and Case-1232; D.I. 17 in Case-1233.

relevant facts demonstrating that, on balance, these cases "would more conveniently proceed and the interests of justice be better served by transfer" to the Northern District of California. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).

I.  ARGUMENT

A. The Private Interests Strongly Favor Transfer

*WSOU's Choice of Forum.*  The Federal Circuit, applying Third Circuit law, and courts in this District have recognized that plaintiff's choice of forum should be given less deference when Delaware is not its home forum or when plaintiff's reasons for filing in Delaware are not rational or legitimate.  *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("When a plaintiff brings its charges in a venue that is not its home forum, . . . that choice of forum is entitled to less deference."); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, C.A. No. 19-1687-CFC-CJB, 2020 WL 4335945, at *3 (D. Del. July 28, 2020) ("[I]f the plaintiff's choice is made for an improper reason—such as where it is arbitrary, irrational, or selected to impede the efficient and convenient progress of a case—it will likely weigh in favor of transfer."); *Ithaca Ventures k.s. v. Nintendo of Am. Inc.*, C.A. No. 13-824-GMS, 2014 WL 4829027, at *2 (D. Del. Sept. 25, 2014) ("Even though [plaintiff] is organized under Delaware law, its principal place of business being in Texas diminishes the plaintiff's argument that it is at

home in Delaware."); *Ross v. Institutional Longevity Assets LLC*, C.A. No. 12-102-LPS-CJB, 2013 WL 5299171, at *6-7 (D. Del. Sept. 20, 2013) (affording no weight to plaintiff's choice of Delaware because plaintiff had an "improper forum shopping motive"), *report and recommendation adopted*, 2013 WL 5613998, at *1 (D. Del. Oct. 11, 2013); *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 WL 4889438, at *4 (D. Del. Oct. 15, 2012) ("[W]here a plaintiff's choice of forum is arbitrary, irrational, or selected to impede the efficient and convenient progress of a case, it should not be afforded substantial weight."). *But see VLSI Tech. LLC, v. Intel Corp.*, C.A. No. 18-966-CFC, 2018 WL 5342650, at *4 (D. Del. Oct. 29, 2018) (the court will "not look to the reasons behind VLSI's selection of Delaware as a forum" or "give less weight to VLSI's forum choice on the grounds that it had improper forum shopping motives").

Here, it is undisputed that WSOU has no connections to Delaware, except its incorporation in 2017. Motion at 4, 9. In fact, WSOU has identified only two employees who will be witnesses in these cases, and neither has any connections to Delaware: One resides in California, the other in Hawaii. Opposition at 3; Buxton Decl. ¶¶ 5-6. As discussed above, WSOU failed to address the lack of Delaware connections in its opposition. However, WSOU's admissions in other pending litigation establish its lack of Delaware connections: WSOU is a Waco-based

company, its only office is in Waco, its employees and documents are in Waco, and it has established "deep roots" in Waco.  Buxton Decl. Ex. F, at 1.

In that same litigation, WSOU also admits that its business is to monetize patents.  *Id.* Ex. F, at 2; *see also* https://www.brazoslicensing.com (last visited Jan. 29, 2021) (identifying "licensing and monetization" and "litigation" as two parts of a three-pronged business model).  In 2017, WSOU acquired thousands of patents from Alcatel Lucent and Nokia, some of which WSOU is currently asserting against its licensing targets, including Xilinx.  Declaration of Jeffrey M. White ("White Decl.")[5] Ex. G; *id.* Ex. I.  WSOU's licensing strategy includes filing multiple lawsuits in inconvenient venues and filing multiple rounds of those lawsuits.  Buxton Decl. Exs. G-I.  That appears to be WSOU's strategy here.  This licensing strategy is not a legitimate reason for proceeding in Delaware rather than in the Northern District of California, where the cases would more conveniently proceed and the interests of justice would be better served.

***Xilinx's Strong Ties to the Northern District of California.***  WSOU does not dispute Xilinx's ties to California:  Xilinx's principal place of business, its witnesses, its documents, and its research, design, development and marketing of the accused products are located or occur in the Northern District of California.

---

[5] D.I. 19 in Case-1228, Case-1229, Case-1231, and Case-1232; D.I. 18 in Case-1233.

Wu Decl. ¶¶ 3–7.  Because WSOU cannot dispute these facts, it is left with arguing that two Delaware cases in which Xilinx was a Declaratory Judgment plaintiff weigh against transfer.  The first case was filed by Xilinx in California and transferred to Delaware.  Buxton Decl. Ex. A.  The second was filed against two Delaware corporations, one whose principal place of business was in Pennsylvania while the other's was in California (*id.* Ex. B ¶¶ 3-4), and Xilinx opposed transfer of the case from Delaware to New York (*id.* Ex. C).

***Claims Arose in the Northern District of California.***  WSOU argues that this factor is neutral because the claims arose in multiple states.  Relying on the *McRo* case, WSOU argues that this Court should consider where someone has "committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority," in analyzing this factor.  *McRo, Inc. v. Activision Blizzard, Inc.*, C.A. No. 12-1508-LPS-CJB, 2013 WL 6571618, at *5 (D. Del. Dec. 13, 2013) (citations omitted), *report and recommendation adopted*, 2013 WL 6869866 (D. Del. Dec. 30, 2013).  Importantly, WSOU fails to quote the very next sentence, where the *McRo* court said:  "When assessing this factor, however, our Court has often focused in particular on the activity surrounding the production, design and manufacture of the allegedly infringing product."  *Id.*  Here, the research, design, and development of the accused products primarily occurs in the Northern District of California.  Wu Decl. ¶ 4.

With respect to sales of the accused products, WSOU questioned whether the sales information for Delaware included sales by Xilinx's distributors. The sales information did include sales by independent distributors. Wu Supp. Decl. ¶ 3. However, in confirming the sales information for this Reply, Xilinx discovered that there had been *de minimis* sales into Delaware of evaluation kits containing the accused products, which were inadvertently excluded. *Id*. Accordingly, Xilinx is filing a supplemental declaration to include the eighteen sales by Xilinx and its distributors of the accused products into Delaware, totaling $71,500.25. *Id.*

Finally, WSOU argues that Xilinx does not state that its products are not used in Delaware. Because the accused products are used by entities in a variety of industries, and those entities incorporate the Xilinx products into their own products, which may then be sold to their customers, it is not possible to accurately state where the products may be used. *Id.* at ¶ 2.

But, given that the research, design, development, and marketing of the accused products occurs in the Northern District of California, that no such activities occur in Delaware, and that there are only *de minimis* sales of the accused products into Delaware, this factor weighs in favor of transfer.

***Convenience of the Parties.*** The facts establish that the Northern District of California is more convenient for the parties, and WSOU ignores those facts.

Motion at 14-15.  Instead, WSOU argues that this factor is neutral *solely* because Xilinx is a global corporation and can easily bear the financial costs.  This argument disregards Delaware case law holding that such a fact should not "blind the court to the inevitable costs and disruptions that cross-country litigation imposes."  *Segan LLC v. Zynga Inc.*, C.A. No. 11-670-GMS, 2014 WL 1153388, at *3 n.2 (D. Del. Mar. 19, 2014) (quoting *Linex Techs., Inc. v. Hewlett-Packard Co.*, C.A. No. 11-400-GMS, 2013 WL 105323, at *4 (D. Del. Jan. 7, 2013)).  Further, it disregards WSOU's strategy of filing multiple rounds of lawsuits against defendants, significantly increasing the burden on the defendants and their employees, both in terms of costs and disruptions to their businesses and their personal lives.  White Decl. Ex. Q; Buxton Decl. Ex. G.

**Convenience of Non-Party Witnesses.**  This factor carries weight only to the extent that "a witness actually will refuse to testify absent a subpoena."  *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012); *see also Jumara*, 55 F.3d at 879 (requiring the witnesses to be unavailable for trial in one of the fora).  Here, there is no evidence of any such refusal.  Further, WSOU failed to address its relationship with the named inventors, and thus, its ability to have the inventors appear at trial in the Northern District of California.  Instead, it simply argued that only one of the eight inventors lives within this Court's subpoena power.  And, with respect to the multiple law firms that prosecuted the

asserted patents, WSOU simply argued that only one of them is within this Court's subpoena power, suggesting, without any evidence, that the law firms would refuse to testify at trial absent a subpoena.

**B. The Public Interest Factors Support Transfer**

***Administrative Difficulties Factor is Neutral.*** In its motion, Xilinx argued that the administrative difficulties factor was neutral. In response, WSOU argued that because the time from filing to disposition is 4.4 months less here than in N.D. California this factor is against transfer. Opposition at 19-20; Declaration of Jonathan Waldrop ("Waldrop Decl.")[6] ¶ 26; *id.* Ex. 27. WSOU, however, ignores that the time from filing to trial is the same between the two jurisdictions: 29.3 months. *Id.* As Judge Andrews recently commented, the inferences that parties draw from court statistics are not particularly compelling predictors as to how fast a case might get to trial in either venue. *NXP USA, Inc., et al., v. Impinj, Inc.*, C.A. No. 19-1875-RGA, 2020 WL 5665257, at *4 (D. Del. Sept. 23, 2020). Rather than draw such inferences, Xilinx argued that this factor was neutral.

***Local Interest and Public Policy Favor Transfer.*** WSOU's litigation tactics should be considered in evaluating the local interest and public policy factors. WSOU sues its licensing targets in inconvenient venues, which it must

---

[6] D.I. 25 in Case-1228; D.I. 24 in Case-1229, Case-1231, and Case-1232; D.I. 23 in Case-1233.

recognize drives up costs, especially when it files multiple rounds of lawsuits as it has against other targets. Buxton Decl. Ex. G (providing examples of cases WSOU has filed in the Western District of Texas against Delaware companies without a principal place of business in Texas); *id.* Exs. H-I (showing multiple rounds of lawsuits against Huawei and Juniper Networks); *see also* Brazos Licensing & Development, https://www.brazoslicensing.com (last visited Jan. 29, 2021) (identifying "licensing and monetization" and "litigation" as two parts of a three-pronged business model). The Northern District of California has a local interest in protecting companies with their principal place of business in California and the employees who reside there from such litigation tactics. On the other hand, Delaware should not have a local interest in protecting companies who use the Delaware courts only when doing so will inconvenience the defendants. Of all of the Delaware corporations that WSOU has recently sued as part of its licensing strategy, Xilinx is the only one sued in Delaware. Motion at 9-10. The other Delaware corporations were sued in Waco, Texas, which is also not their principal place of business. White Decl. ¶¶ 19-24; Buxton Decl. Ex. G. These litigation tactics are not consistent with Delaware's public policy of providing courts for the resolution of business disputes between Delaware corporations.

## II. CONCLUSION

For the foregoing reasons and those set forth in its Motion, Xilinx respectfully requests that these cases be transferred to the Northern District of California.

|  |  |
|---|---|
| February 3, 2021 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| OF COUNSEL: | |
| Hilda C. Galvan | /s/ Anne Shea Gaza |
| JONES DAY | Anne Shea Gaza (No. 4093) |
| 2727 North Harwood Street | Robert M. Vrana (No. 5666) |
| Dallas, TX 75201-1515 | Beth A. Swadley (No. 6331) |
| (214) 969-4556 | Rodney Square |
| hcgalvan@jonesday.com | 1000 North King Street |
| | Wilmington, DE 19801 |
| David B. Cochran | (302) 571-6600 |
| JONES DAY | agaza@ycst.com |
| 901 Lakeside Avenue | rvrana@ycst.com |
| Cleveland, Ohio 44114-1190 | bswadley@ycst.com |
| (216) 586-7029 | |
| dcochran@jonesday.com | *Attorneys for Xilinx, Inc.* |
| | |
| Thomas W. Ritchie | |
| JONES DAY | |
| 77 West Wacker Dr. | |
| Chicago, IL  60601-1692 | |
| (312) 269-4003 | |
| twritchie@jonesday.com | |

# CERTIFICATE OF SERVICE

I, Anne Shea Gaza, hereby certify that on February 3, 2021, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> James M. Lennon, Esquire
> Devlin Law Firm LLC
> 1526 Gilpin Avenue
> Wilmington, DE 19806
> *jlennon@devlinlawfirm.com*
>
> *Attorneys for Plaintiff*

I further certify that on February 3, 2021, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and on the following:

> Isaac Rabicoff, Esquire
> Rabicoff Law Firm LLC
> 5680 King Centre Drive, Suite 645
> Alexandria, VA 22315
> *isaac@rabilaw.com*

27308804.1

Jonathan K. Waldrop, Esquire
Darcy L. Jones, Esquire
Marcus A. Barber, Esquire
John W. Downing, Esquire
Heather S. Kim, Esquire
Jack Shaw , Esquire
ThucMinh Nguyen, Esquire
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
jshaw@kasowitz.com
tnguyen@kasowitz.com

Paul G. Williams, Esquire
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
pwilliams@kasowitz.com

Shelley Ivan, Esquire
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
sivan@kasowitz.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Dated:   February 3, 2021 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | |
| | /s/ *Anne Shea Gaza* |
| | Anne Shea Gaza (No. 4093) |
| | Robert M. Vrana (No. 5666) |
| | Beth A. Swadley (No. 6331) |
| | Rodney Square |
| | 1000 N. King Street |
| | Wilmington, Delaware 19801 |
| | (302) 571-6600 |
| | *agaza@ycst.com* |
| | *rvrana@ycst.com* |
| | *bswadley@ycst.com* |
| | |
| | *Attorneys for Xilinx, Inc.* |