IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | ) ) ) ) | C.A. No. 20-1228-CFC |
| | ) | C.A. No. 20-1229-CFC |
| Plaintiff, | ) | C.A. No. 20-1231-CFC |
| | ) | C.A. No. 20-1232-CFC |
| v. | ) ) | C.A. No. 20-1233-CFC |
| XILINX, INC., | ) ) | |
| Defendant. | ) | |

**WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT'S SUR-REPLY BRIEF IN OPPOSITION TO XILINX, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

Dated: February 10, 2021

| | |
|---|---|
| OF COUNSEL: | DEVLIN LAW FIRM LLC |
| Jonathan K. Waldrop | James Michael Lennon (No. 4570) |
| Darcy L. Jones | 1526 Gilpin Avenue |
| Marcus A. Barber | Wilmington, DE 19806 |
| ThucMinh Nguyen | (302) 449-9010 |
| John W. Downing | jlennon@devlinlawfirm.com |
| Heather S. Kim | |
| Jack Shaw | |
| KASOWITZ BENSON TORRES LLP | |
| 333 Twin Dolphin Drive, Suite 200 | |
| Redwood Shores, CA 94065 | |
| (650) 453-5170 | |

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, NE, Suite 2445
Atlanta, GA 30309
(404) 260-6080

# **TABLE OF CONTENTS**

**Page**

I. SUMMARY OF ARGUMENT ...................................................................1

II. NATURE AND STAGE OF PROCEEDINGS ...............................................2

III. STATEMENT OF RELEVANT FACTS ......................................................2

IV. LEGAL STANDARD .................................................................................2

V. ARGUMENT ..............................................................................................4

    A. The New Fact That Xilinx Has Been Selling The Infringing Products In Delaware Confirms That The Private Interest Factors Weigh Against Transfer ...........................................................5

    B. The New Fact That Xilinx Has Been Selling The Infringing Products In Delaware Confirms That The Public Interest Factors Weigh Against Transfer .........................................................7

VI. CONCLUSION ...........................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arbor Glob. Strategies LLC v. Xilinx, Inc., et al.*,
   C.A. No. 19-1986-MN, 2020 WL 4673832 (D. Del. Aug. 12, 2020) ..........3, 7, 8

*Intellectual Ventures I LLC v. Altera Corp.*,
   842 F. Supp. 2d 744 (D. Del. 2012)................................................................3, 6

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ....................................................................2, 3, 4, 5

*Pragmatus AV, LLC . Yahoo! Inc.*,
   C.A. No. 11-902-LPS-CJB, 2012 WL (D. Del. Oct. 15, 2012)...........................6

*Rosebud LMS, Inc. v. Salesforce.com, Inc.*,
   C.A. No. 17-1712-CFC, 2018 WL 6061343 (D. Del. Nov. 20,
   2018) ................................................................................................................3, 6, 8

*Ross v. Institutional Longevity Assets LLC*,
   C.A. No. 12-102-LPS-CJB, 2013 WL 5299171 (D. Del. Sept. 20,
   2013) ..................................................................................................................6

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970) ......................................................................... 3, 5, 6

**Statute**

28 U.S.C. § 1404(a) ...............................................................................................1

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") submits this sur-reply brief in opposition to Defendant Xilinx, Inc.'s ("Xilinx") motion to transfer venue to the Northern District of California ("N.D. Cal.") pursuant to 28 U.S.C. § 1404(a) ("Motion"), as to address a newly-disclosed key fact and related arguments in Xilinx's reply brief ("Reply").[1]

I. **SUMMARY OF ARGUMENT**

In its opposition brief, WSOU established that Xilinx's Motion must be denied because the convenience factors enumerated by the Third Circuit weigh against transfer, and this Court has already rejected twice Xilinx's attempt to transfer venue to the N.D. Cal. under similar circumstances involving Delaware companies with no ties to this forum. Xilinx failed to distinguish those cases in the Reply. Further, notwithstanding the purported inconvenience in this case, Xilinx intentionally sought this forum's convenience by filing a lawsuit as a plaintiff in another case and arguing against transfer, as well as making the conscious decision not to move to transfer eight other Delaware cases filed against it.

In addition to incorporating in Delaware and maintaining its corporate status there for more than 30 years, Xilinx disclosed in the Reply that it had been selling the accused products and thus committing acts of infringement in Delaware. This

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in *WSOU Investments, LLC's Opposition to Xilinx, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404* ("Opp. Br."), D.I. 23.

new key fact cements the conclusion that Xilinx, as a multibillion-dollar global company selling the accused products in Delaware, cannot demonstrate that there is a unique or unexpected burden from litigating in this forum. Accordingly, the Motion must be denied.

## II. NATURE AND STAGE OF PROCEEDINGS

On September 16, 2020, WSOU commenced the above-captioned actions by filing five complaints against Xilinx for direct and indirect patent infringement of the Patents-In-Suit. On December 23, 2020, Xilinx moved to transfer venue to the N.D. Cal. asserting that Xilinx had: (i) no connections to Delaware; and (ii) zero records of any sales in Delaware. D.I. 17 (Motion) at 2. On January 20, 2021, WSOU filed its opposition brief including a legal analysis based on Xilinx's factual assertions in the Motion. D.I. 23. On February 3, 2021, Xilinx filed its Reply stating for the first time that Xilinx had been selling the accused products in Delaware. D.I. 26 (Reply) at 7.

## III. STATEMENT OF RELEVANT FACTS

In the interest of brevity, WSOU incorporates by reference the statement of relevant facts from its opposition brief.

## IV. LEGAL STANDARD

The plaintiff's "choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The party seeking a transfer carries the heavy burden "to establish that a balancing of proper interests weighs in

2

favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). When deciding a motion to transfer, the Court must balance all relevant private and public convenience factors enumerated by the Third Circuit in *Jumara*, 55 F.3d at 879.

This Court has held that transfer must be denied if the *Jumara* factors are evenly balanced or weigh slightly in favor of transfer. *See Rosebud LMS, Inc. v. Salesforce.com, Inc.*, C.A. No. 17-1712-CFC, 2018 WL 6061343, at *7 (D. Del. Nov. 20, 2018) (denying transfer in a case involving two Delaware companies with no ties to Delaware where three factors weigh against transfer, four factors are neutral, and five factors weigh in favor of transfer); *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744 (D. Del. 2012) (denying Xilinx's motion to transfer venue in a case involving four Delaware companies with no ties to Delaware where three factors weigh against transfer, four factors are neural, and five factors weigh in favor of transfer); *Arbor Glob. Strategies LLC v. Xilinx, Inc., et al.*, C.A. No. 19-1986-MN, 2020 WL 4673832, at *2 (D. Del. Aug. 12, 2020) (denying Xilinx's motion to transfer venue to N.D. Cal. in a case involving two Delaware companies with no ties to Delaware where two factors weigh against transfer, eight factors are neural, and two factors weigh in favor of transfer).

3

## V.   ARGUMENT

As demonstrated below, the Motion must be denied because the new fact that Xilinx has been selling the accused products in Delaware and otherwise committing acts of infringement there confirms that a balancing of the *Jumara* factors weigh against transfer.

Further, as detailed in WSOU's opposition brief, Xilinx filed a case as a plaintiff in Delaware and vehemently argued against transfer making explicit statements that are contrary to its position here.  Xilinx also intentionally decided not to move to transfer eight Delaware cases filed against it.  For those reasons, WSOU has demonstrated that this case should not be transferred to N.D. Cal. as seven factors weigh against transfer, five factors are neutral, and zero factors favor transfer.  Opp. Br. *generally*.

| *Jumara* Factor | Balancing |
|---|---|
| WSOU's preference to litigate in its home forum is given a paramount consideration. | Against Transfer |
| Xilinx's forum preference is contradicted by Xilinx's choice to file a case in Delaware and oppose transfer as well as its decision not to move to transfer eight Delaware cases filed against it. | Against Transfer |
| The new fact that Xilinx has been selling the accused products in Delaware confirms that infringement claims arose in Delaware. | Neutral |
| The party convenience is neutral because Xilinx, as a multibillion-dollar global company with ample resources, has failed to show any unique or unexpected burden from litigating in Delaware. And Delaware is a convenient forum for WSOU's two witnesses who are willing/ready to travel to Delaware. | Neutral |
| There is no evidence that any non-party witnesses are not available for trial in Delaware.  Further, there are three non-party witnesses within the subpoena power in Delaware and zero such witnesses in N.D. Cal. | Against Transfer |

| *Jumara* Factor | Balancing |
|---|---|
| Electronic discovery makes the records available in any forum, and Xilinx has failed to show any burden from producing evidence in Delaware. | Neutral |
| There is no reason that a judgment would be unenforceable in Delaware. | Neutral |
| Practical considerations that could make the trial easy, expeditious and inexpensive favor Delaware because the parties have already fully briefed the motions to dismiss there, and the transfer may lead to unnecessary expenses and waste of judicial time and resources. | Against Transfer |
| The relative administrative difficulty factor favors Delaware as there are significantly fewer cases per judgeship and the time period from case filing to disposition is shorter in this forum. | Against Transfer |
| Delaware has a local interest in deciding the case because the parties are Delaware companies and Xilinx has been selling the accused products in Delaware. | Against Transfer |
| Public policy encourages WSOU and Xilinx, as Delaware companies, to resolve the dispute in Delaware especially since Xilinx has been selling the accused products in this forum. | Against Transfer |
| Judges' familiarity with state law in diversity cases is inapplicable. | Neutral |

### A. The New Fact That Xilinx Has Been Selling The Infringing Products In Delaware Confirms That The Private Interest Factors Weigh Against Transfer

**WSOU's Forum Choice Is Entitled To Paramount Consideration**.

There is no doubt that this factor weighs against transfer. "It is black letter law that a plaintiff's choice of proper forum is *a paramount consideration* in any determination of a transfer request." *Shutte*, 431 F.2d at 25 (emphasis added).

To downplay its suspicious failure to timely disclose the sale of infringing products in Delaware, Xilinx points the finger at WSOU falsely suggesting that WSOU has a forum-shopping motive because: (1) WSOU has filed other patent infringement cases in different forums; (2) suing in Delaware is improper as "WSOU

5

has no connection to Delaware, except its incorporation in 2017"; and (3) WSOU's strategy is to monetize its patents. D.I. 26 (Reply) at 3-5.

Xilinx is wrong. WSOU is a Delaware corporation and has the right to sue in its home forum or "turf." The Court has already made this point clear when denying Xilinx's prior motion to transfer. *See Intellectual Ventures*, 842 F. Supp. at 754 (finding that Delaware is plaintiffs' home turf as long as they are incorporated in Delaware and holding that plaintiffs' choice of Delaware as a litigation forum is entitled to a paramount consideration regardless of whether plaintiffs had any other ties to Delaware). *See also Rosebud,* 2018 WL 6061343, at *2 ("I read *Shutte*'s "statement of 'black letter law' as an across-the-board rule favoring plaintiff's choice of forum."). Xilinx has failed to cite any authority to show that WSOU's suit in Delaware is improper in any way.[2] Accordingly, this factor weighs against transfer.

---

[2] Xilinx's cited cases finding forum-shopping motives and granting transfer are inapposite and misleading as they involve foreign plaintiffs with improper motives, unlike WSOU, which is incorporated in Delaware and has legitimately chosen to litigate in its home forum. *See Ross v. Institutional Longevity Assets LLC*, C.A. No. 12-102-LPS-CJB, 2013 WL 5299171, at *6-7 (D. Del. Sept. 20, 2013) (plaintiff was a Massachusetts company); *Pragmatus AV, LLC . Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 WL 4889438, at *1 (D. Del. Oct. 15, 2012) (plaintiff was a Virginia company). Further, if Xilinx believes it will be inconvenienced in this forum, pursuant to 28 U.S.C. § 1401(b), WSOU is agreeable to having the matter transferred to the Western District of Texas ("WDTX"), the venue in which WSOU maintains its principal place of business. Such a transfer will eliminate Xilinx's stated concern that WSOU is forum shopping here because it has filed other patent infringement claims in WDTX.

**Claims Arose In Delaware Where Xilinx Sold The Infringing Products.**

In the Reply, Xilinx discloses for the first time that it has been selling the accused products in Delaware (Reply at 7), and is thus committing infringing acts in this forum. However, Xilinx argues that because the sales in Delaware are *de minimis* and Xilinx's development activities occur in the N.D. Cal., this convenience factor weighs in favor of transfer. D.I. 26 (Reply) at 7.

Xilinx is wrong again. This Court has already rejected the same argument when denying Xilinx's motion to transfer venue in *Arbor*, even without the benefit of Xilinx's admission here:

> It is noteworthy that Defendant does not assert that the accused products are not used or sold in this District. In its reply papers, Defendant ignores this point, instead focusing on the development work on the accused products near and in the Northern District of California as well as the third party manufacturer. (D.I. 33 at 4-5). Yet selling or offering to sell the accused products in Delaware would constitute an alleged act of infringement within the meaning of § 271(a), thereby giving rise to a claim that arises in this District. Therefore, the Court concludes that this factor is neutral.

*Arbor*, 2020 WL 4673832, at *2. Accordingly, this factor is neutral at best.

**B.  The New Fact That Xilinx Has Been Selling The Infringing Products In Delaware Confirms That The Public Interest Factors Weigh Against Transfer**

**The Local Interest Factor Weighs Against Transfer.**

In the Reply, Xilinx argues that this factor favors transfer because the N.D. Cal. has a local interest in protecting companies with their principal place of business in California, and Delaware should have no local interest in protecting WSOU,

which is simply inconveniencing Xilinx by suing in Delaware. D.I. 26 (Reply) at 10. This argument is unsupported by any authority and makes no sense. *See Arbor*, 2020 WL 4673832, at *5 (finding that, despite its connection to the N.D. Cal., Xilinx is a global, not a local company, so there is no local controversy).

If, however, the standard is "a local interest in protecting companies," as Xilinx claims, then this factor weighs against transfer given Xilinx's infringing acts in Delaware and this Court's observation that "[o]ne could fairly conclude that this factor weighs against transfer because the action involves a dispute between two Delaware corporate citizens." *See Rosebud*, 2018 WL 6061343, at *7.

## VI.   CONCLUSION

For the foregoing reasons, WSOU respectfully requests that this Court deny Xilinx's motion to transfer venue to N.D. Cal.

| | |
|---|---|
| Dated:  February 10, 2021 | Respectfully submitted, |
| OF COUNSEL: | DEVLIN LAW FIRM LLC |

Jonathan K. Waldrop
Darcy L. Jones                         By:   */s/ James Michael Lennon*
Marcus A. Barber
ThucMinh Nguyen               James Michael Lennon (No. 4570)
John W. Downing                 1526 Gilpin Avenue
Heather S. Kim                      Wilmington, DE 19806
Jack Shaw                              (302) 449-9010
KASOWITZ BENSON TORRES LLP    jlennon@devlinlawfirm.com
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
(650) 453-5170                        *Attorneys for WSOU Investments, LLC d/b/a Brazos Licensing and Development*

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, NE, Suite 2445
Atlanta, GA 30309
(404) 260-6080

9

## **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that WSOU Investments, LLC d/b/a Brazos Licensing and Development's Sur-Reply Brief In Opposition to Xilinx, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 contains 2,008 words, which were counted by James Michael Lennon by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The foregoing word count does not include the cover page, tables of contents or authorities, or the counsel blocks.

Dated: February 10, 2021               */s/ James Michael Lennon*
                                       James Michael Lennon (No. 4570)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on February 10, 2021, via the Court's CM/ECF system.

*/s/ James Michael Lennon*
James Michael Lennon (No. 4570)