IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> XILINX, INC., <br><br> Defendant. | C.A. No. 20-1228-CFC <br> C.A. No. 20-1229-CFC <br> C.A. No. 20-1231-CFC <br> C.A. No. 20-1232-CFC <br> C.A. No. 20-1233-CFC |

**PLAINTIFF WSOU INVESTMENTS, LLC'S OBJECTIONS TO
MAY 21, 2021 REPORT AND RECOMMENDATION (D.I. 36)**

Dated: June 4, 2021

| | |
|---|---|
| OF COUNSEL: | DEVLIN LAW FIRM LLC |

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
ThucMinh Nguyen
John W. Downing
Heather S. Kim
Jack Shaw
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
(650) 453-5170

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, NE, Suite 2445
Atlanta, GA 30309

James Michael Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. STANDARD OF REVIEW ....................................................................................1

III. RELEVANT PROCEDURAL HISTORY ..............................................................2

IV. ARGUMENT...........................................................................................................4

    A. *ZapFraud* is inapplicable to this case because WSOU does not allege willful infringement ..................................................................4

    B. WSOU's post-suit indirect infringement allegations are consistent with other recent decisions in this District, including *ZapFraud* ........................................................................................................9

V. CONCLUSION......................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cap Co. Ltd. v. McAfee, Inc.*,
  No. 14-cv-05068-JD, 2015 WL 3945875 (N.D. Cal. June 26, 2015) ..................5

*DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. 18-098 (MN), 2019 WL 3069773 (D. Del. July 12, 2019).......................9, 11

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
  No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020)..........................8

*Eon Corp. IP Holdings LLC v. FLO TV Inc.*,
  802 F. Supp. 2d 527 (D. Del. 2011)....................................................................7

*Groove Digital, Inc. v. King.com, Ltd.*,
  No. 1:18-cv-00836-RGA, 2018 WL 6168615 (D. Del. Nov. 26,
  2018) ................................................................................................................11

*Helios Streaming, LLC v. Vudu, Inc.*,
  No. 19-1792-CFC, 2020 WL 3167641 (D. Del. June 15, 2020) .........................9

*Helios Streaming, LLC v. Vudu, Inc.*,
  No. 19-1792-CFC-SRF, 2020 WL 2332045 (D. Del. May 11,
  2020) ..................................................................................................................9

*Intellect Wireless Inc. v. Sharp Corp.*,
  No. 10 C 6763, 2012 WL 787051 (N.D. Ill. Mar. 9, 2012).................................5

*IOENGINE, LLC v. Paypal Holdings, Inc.*,
  No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019)...........................10

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009)....................................................................6

*Opticurrent, LLC v. Power Integrations, Inc.*,
  No. 2:16-CV-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19,
  2016) ..................................................................................................................6

*Rembrandt Social Media, LP v. Facebook, Inc.*,
    950 F.Supp. 2d 876 (E.D. Va. 2013) ................................................................5

*SoftView LLC v. Apple Inc.*,
    No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ...........................11

*Symantec Corp. v. Veeam Software Corp.*,
    No. C 12-00700 SI, 2012 WL 1965832 (N.D. Cal. May 31, 2012) ....................5

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*,
    No. 10 C 715, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011) ................................4

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-66-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019).............................8

*Walker Digital, LLC v. Facebook, Inc.*,
    852 F. Supp. 2d 559 (D. Del. 2012)...............................................................8, 10

*Xpoint Techs. Apeldyn Corp. v. Sony Corp.*,
    852 F. Supp. 2d 568 (D. Del. 2012)....................................................................7

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010)....................................................................7

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
    No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24,
    2021) ........................................................................................................*passim*

**Statutes**

28 U.S.C. § 636(b)(1)(B) .................................................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 72(b)(3) .......................................................................1

Federal Rule of Civil Procedure 72(b)............................................................................1

Federal Rule of Civil Procedure 12(b)(6) .......................................................................2

Federal Rule of Civil Procedure 8 ..................................................................................8

**I.      INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(b), Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff") respectfully submits these objections to the May 21, 2021 Report and Recommendation ("R&R") (D.I. 36).  The R&R erred in recommending that if the Court intends to follow the rule from *Zapfraud, Inc. v. Barracuda Networks, Inc.*, WSOU's indirect infringement claims should be dismissed without prejudice.  No. 19-1687-CFC-CJB, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021) ("[i]n the absence of binding authority to the contrary from the Federal Circuit and Supreme Court, I will adopt the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit.").  For the reasons discussed below, *ZapFraud* is inapplicable to this case, and WSOU's allegations of post-suit indirect infringement are consistent with this District's recent decisions.

**II.     STANDARD OF REVIEW**

The Magistrate Judge had the authority to make her findings and recommendation under 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge's findings and recommendation on dispositive motions are reviewed *de novo*.  Fed. R. Civ. P. 72(b)(3).

### III. RELEVANT PROCEDURAL HISTORY

On September 16, 2020, WSOU filed five separate suits against Defendant Xilinx, Inc. ("Xilinx" or "Defendant") alleging direct and indirect infringement of U.S. Patent Nos. 6,784,653 ("the '653 Patent"), 7,068,950 ("the '950 Patent"), 7,613,938 ("the '938 Patent"), 7,903,971 ("the '971 Patent"), 9,312,838 ("the '838 Patent") (collectively, "Patents-in-Suit"). C.A. Nos. 1:20-cv-01228 (the '653 Patent), 1:20-cv-01229 (the '950 Patent), 1:20-cv -01231 (the '938 Patent), 1:20-cv-01232 (the '971 Patent), and 1:20-cv-01233 (the '838 Patent) (collectively "Actions").

On November 23, 2020, WSOU filed Amended Complaints in each of the Actions. 1:20-cv-01228, -1229, -1231, and -1232, D.I. 11; 1:20-cv-01233, D.I. 10. On December 7, 2020, Xilinx filed partial motions to dismiss indirect infringement from WSOU's Amended Complaints under Federal Rule of Procedure 12(b)(6). 1:20-cv-01228, -1229, -1231, and -1232, D.I. 13; 1:20-cv-01233, D.I. 12. On December 21, 2020, WSOU filed oppositions to Xilinx's motions to dismiss. 1:20-cv-01228, -1229, -1231, and -1232 D.I. 14; 1:20-cv-01233, D.I. 13. Xilinx did not file reply briefs in support of its motions to dismiss, and on May 21, 2021, Magistrate Judge Hall held a hearing on Xilinx's motions.

In the Amended Complaints, WSOU alleged that "service of the Original Complaint upon Defendant, in conjunction with the attached claim charts and

2

references cited (*see* Exhibit 2), constituted actual knowledge of infringement" and that "[a]t least since being served by the Original Complaint and corresponding claim charts, Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the [Patents-in-Suit]…" and that "[d]espite such actual knowledge, Defendant continues to… sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the [Patents-in-Suit]" and included examples of such product literature and website materials.  1:20-cv-01228, -1229, -1231, and -1232, D.I. 11 at ¶¶ 13-15; 1:20-cv-01233, D.I. 10 at ¶¶ 13-15.  WSOU also served claim charts brimming with references to Xilinx's own user guides demonstrating *how* the accused products infringe the asserted claims of the Patents-in-Suit, including extensive specification support, and *how* infringement inevitably results from users following Xilinx's user guide instructions in operating the accused products.  1:20-cv-01228, -1229, -1231, and -1232, D.I. 11, Ex. 2; 1:20-cv-01233, D.I. 10, Ex. 2.

      WSOU's Amended Complaints also allege that "[a]t least since being served by the Original Complaint and corresponding claim charts, Defendants therefore actively, knowingly, and intentionally has been and continues to materially contribute to their own customers' infringement of the [Patents-in-Suit], literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their

3

customers for use in end-user products in a manner that infringes one or more claims of the [Patents-in-Suit]. 1:20-cv-01228, -1229, -1231, and -1232; D.I. 11 at ¶ 16; 1:20-cv-01233, D.I. 10 at ¶ 16.

## IV.  ARGUMENT

### A.  *ZapFraud* is inapplicable to this case because WSOU does not allege willful infringement

*ZapFraud* is inapplicable because it involved claims for enhanced damages based on willful infringement. 2021 WL 1134687, at *2 ("[d]istrict courts across the country are divided over whether a defendant must have the knowledge necessary to sustain claims of indirect and **willful infringement** before the filing of the lawsuit") (emphasis added). Unlike *ZapFraud*, willful infringement is ***not*** at issue in this case.

WSOU does not allege willful infringement or pre-suit indirect infringement. WSOU's Amended Complaints only allege *post*-suit indirect infringement. And the line of cases cited by Judge Connolly in *ZapFraud* permitting post-suit indirect infringement in footnote 1 of his decision either (1) did not involve willful infringement or (2) differentiated between indirect infringement and willful infringement. *See, e.g., Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) (did not involve willful infringement claim; "[t]he Court sees no reason why a defendant who is directly infringing on a product should avoid liability for an

4

indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit."); *Intellect Wireless Inc. v. Sharp Corp.*, No. 10 C 6763, 2012 WL 787051, at *11 (N.D. Ill. Mar. 9, 2012) (did not involve willful infringement claim; holding that "Defendants' knowledge of the patent as of the time of the suit's commencement can satisfy the knowledge requirement for **conduct that post-dates the date of the complaint**") (emphasis added); *Symantec Corp. v. Veeam Software Corp.*, No. C 12-00700 SI, 2012 WL 1965832, at *5 (N.D. Cal. May 31, 2012) (did not involve willful infringement; held indirect infringement claims will be limited to post-filing conduct); *Rembrandt Social Media, LP v. Facebook, Inc.*, 950 F.Supp. 2d 876, 887 (E.D. Va. 2013) (granting motion to dismiss willful infringement and indirect infringement "insofar as the claim seeks **pre-filing damages**" but denying indirect infringement and finding that "claims for damages from **indirect infringement must be limited to the period of time commencing with the service of the complaint**.") (emphasis added); *Cap Co. Ltd. v. McAfee, Inc.*, No. 14-cv-05068-JD, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015) (dismissing willful infringement but preserving indirect infringement; "the Court sees no reason to adopt a rule requiring an allegation of pre-suit knowledge for all infringement claims. **A complaint is a perfectly adequate notice to defendants for indirect infringement claims for**

5

**post-filing conduct**. CAP's indirect infringement claims will not be dismissed for lack of pre-suit knowledge but, to the extent they are otherwise properly alleged, they will be limited to post-filing conduct.") (emphasis added); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *3 (E.D. Tex. Oct. 19, 2016) (dismissing willful infringement but preserving indirect infringement; holding "there is **no pre-suit knowledge requirement for induced infringement**. Therefore, at a minimum Opticurrent has properly stated a claim for post-filing induced infringement.") (emphasis added) (internal citation omitted).

In acknowledging that "[c]urrent and recent judges of this District have also taken different views on the issue" Judge Connolly cited two cases requiring pre-suit knowledge for induced infringement claims, but neither are applicable here. *ZapFraud*, 2021 WL 1134687, at *3, fn. 2. In *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009), the court dismissed with leave to amend because original complaint did "not specifically allege that Defendants had knowledge of the [asserted patent] at the time they were committing the allegedly infringing activities[,] contain sufficient facts on which the Court can reasonably infer an allegation that Defendants possessed such knowledge[, or] allege any intent to induce infringement." Here, Plaintiff's First Amended Complaints (1) allege that Xilinx has had actual knowledge of the Patents-in-Suit since the service

6

of the original complaints on September 16, 2020, (2) allege that Xilinx continues to indirectly infringe despite such actual knowledge, (3) provide examples of product literature and website materials distributed by Xilinx to end users, instructing them to use the Accused Products in an infringing manner, and (4) contain claim charts for each of the Patents-in-Suit brimming with references to Xilinx's own user guides demonstrating (i) *how* the Accused Products infringe the asserted claims of the Patents-in-Suit, including extensive corresponding specification support and (ii) *how* such infringement inevitably results from users following Xilinx's user guide instructions in operating the Accused Products. *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010) is likewise inapposite because, unlike this case, it involved willful infringement. Further, after issuing the *Xpoint Techs.* opinion, Judge Robinson issued two other orders in which she declined to dismiss indirect infringement claims for post-suit conduct, explicitly departing from the reasoning in *Xpoint Techs. Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 574 n. 8 (D. Del. 2012) ("The court acknowledges that this result is inconsistent with its prior decisions in *Xpoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010), and *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527 (D. Del. 2011).  **Given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interests of judicial economy, the court finds that the better reasoning is**

7

**to allow a complaint that satisfies Rule 8 to proceed to discovery rather than dismissing it for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff**.") (emphasis added); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 n. 11 (D. Del. 2012) (same).

Judge Connolly relied on *VLSI* and *Dynamic Data* to conclude that "[t]hough not without doubts, [he is] 'not persuaded by Plaintiff's contention that the requisite knowledge can be established by the filing of the Plaintiff's Complaint.'" *ZapFraud*, 2021 WL 1134687, at *3. However, neither of those cases are applicable here. In *VLSI Tech. LLC v. Intel Corp.*, the Court dismissed the plaintiff's willfulness-based enhanced damages from the original complaint based solely on defendant's knowledge gained from the filing of the same. No. 18-66-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). Here, neither willful infringement nor enhanced damages are at issue. And in *Dynamic Data Techs., LLC v. Brightcove Inc.*, the Court dismissed induced infringement claims from the *original* complaint based on defendant's knowledge of the asserted patent based on the same *original* complaint. No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) (emphasis added). Here, WSOU alleges in its *Amended* Complaints that Xilinx has had actual knowledge since its original complaints, and continues to

8

indirectly infringe nonetheless.  1:20-cv-01228, -1229, -1231, and -1232; D.I. 11; 1:20-cv-01233, D.I. 10.

### B. WSOU's post-suit indirect infringement allegations are consistent with other recent decisions in this District, including *ZapFraud*

WSOU's Amended Complaints alleging Xilinx's actual knowledge since the filing of the Original Complaints on September 16, 2020 are sufficient and consistent with this District's recent decisions.  *Helios Streaming, LLC v. Vudu, Inc.*, No. 19-1792-CFC-SRF, 2020 WL 2332045, at *2 (D. Del. May 11, 2020) (recognizing that allegations in an amended complaint that notice ran from date of original complaint could adequately plead post-suit induced infringement because "[w]hereas an original complaint alleging induced infringement based on post-filing knowledge is necessarily forward-looking, **an amended pleading looks back to conduct that actually occurred since the filing of a prior version of the complaint**" *citing E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, No. 11-773-SLR-CJB, 2012 WL 4511258, at *7 n.6 (D. Del. Sept. 28, 2012) (emphasis added) *report and recommendation adopted, Helios Streaming, LLC v. Vudu, Inc.*, No. 19-1792-CFC, 2020 WL 3167641 (D. Del. June 15, 2020); *DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. 18-098 (MN), 2019 WL 3069773, at *3 (D. Del. July 12, 2019) (holding plaintiff sufficiently stated claim for post-suit induced infringement because 2AC "plausibly allege[d] that Defendants possess the requisite knowledge and specific intent to induce infringement since the [1AC]

9

was filed" and that "one plausible inference for Defendants' continued marketing of those products and applications is that Defendants specifically intend to induce their customers to infringe the Patents-in-Suit"); *IOENGINE, LLC v. Paypal Holdings, Inc*., No. 18-452-WCB, 2019 WL 330515, at *4 (D. Del. Jan. 25, 2019) ("As to PayPal's **post-suit activities,** however, **knowledge of the patents was clearly conveyed to PayPal by the service of the complaint**. Moreover, the complaint alleges that since receiving notice of the complaint, PayPal has "knowingly" infringed each of the patents, has "knowingly contributed to the infringement of and induced infringement of" those patents, and has done so "with specific intent that the PayPal Infringing Products be used by its customers… to directly infringe… **Those allegations, in conjunction with the detailed allegations of direct infringement by the defendants, are sufficient to satisfy the knowledge requirement for contributory infringement, as well as the specific intent requirement for induced infringement**.") (emphasis added).

Further, the line of cases in this District permitting post-suit induced infringement cited by Judge Connolly in footnote 2 of his *ZapFraud* decision supports WSOU's claim for post-suit induced infringement based on Xilinx's knowledge first obtained by the original complaints. *See, e.g.*, *Walker Digital,* 852 F. Supp. 2d at 565 ("there is **no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct**…it is instructive

to bear in mind the **fundamental purpose** of asserting indirect infringement, that is, to ensure that the patentee can recover **full compensation** for any damages suffered as a result of infringement") (emphasis added); *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012) (concluding knowledge of the asserted patents first obtained from a complaint supports a claim for post-filing indirect infringement); *Groove Digital, Inc. v. King.com, Ltd.*, No. 1:18-cv-00836-RGA, 2018 WL 6168615, at *2 (D. Del. Nov. 26, 2018) ("Plaintiff's filing of the Complaint is sufficient to establish the requisite knowledge for **post-filing indirect** infringement liability.") (emphasis added); *DoDots Licensing Sols.* 2019 WL 3069773, at *3-4 (dismissing pre-suit induced infringement, but preserving post-suit induced infringement and holding that (1) alleging knowledge of the asserted patent based on the complaint is sufficient and (2) defendants' specific intent to induce may be inferred from their continued marketing and instructions to users after receiving such notice).

## V.     CONCLUSION

WSOU respectfully requests that this Court not adopt the R&R and deny Xilinx's motions to dismiss without prejudice WSOU's post-suit indirect infringement claims.

<div style="display:flex">
<div>

Dated:  June 4, 2021

OF COUNSEL:

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
ThucMinh Nguyen
John W. Downing
Heather S. Kim
Jack Shaw
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
(650) 453-5170

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, NE, Suite 2445
Atlanta, GA 30309

</div>
<div>

Respectfully submitted,

DEVLIN LAW FIRM LLC

By:  */s/ James Michael Lennon*

James Michael Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

</div>
</div>

12

# **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that Plaintiff WSOU Investments, LLC's Objections To May 21, 2021 Report And Recommendation [D.I. 36] contains 2430 words, which were counted by James Michael Lennon by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The foregoing word count does not include the cover page, tables of contents or authorities, or the counsel blocks.


Dated: June 4, 2021                              */s/ James Michael Lennon*
                                                 James Michael Lennon (No. 4570)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on June 4, 2021, via the Court's CM/ECF system.

<div style="text-align:right">

*/s/ James Michael Lennon*
James Michael Lennon (No. 4570)

</div>