IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 20-1228-CFC/JLH |
| | ) | |
| XILINX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 20-1229-CFC/JLH |
| | ) | |
| XILINX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 20-1231-CFC/JLH |
| | ) | |
| XILINX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| WSOU INVESTMENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 20-1232-CFC/JLH |
| | ) |
| XILINX, INC., | ) |
| | ) |
| Defendant. | ) |

| | |
|---|---|
| WSOU INVESTMENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 20-1233-CFC/JLH |
| | ) |
| XILINX, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

Pending before me is Plaintiff WSOU Investments, LLC's objections to the Magistrate Judge's May 21, 2021 Report and Recommendation issued in each of these cases. D.I. 39 in 1:20-cv-01228-CFC-JLH; D.I. 38 in 1:20-cv-01229-CFC-JLH; D.I. 38 in 1:20-cv-01231-CFC-JLH; D.I. 38 in 1:20-cv-01232-CFC-JLH; D.I. 37 in 1:20-cv-01233-CFC-JLH. The Magistrate Judge recommended in the Report and Recommendation that, "if [I] intend[ ] to follow [the] rule set forth in *Zapfraud, Inc. v. Barracuda Networks, Inc.*, Defendant[s'] motions to dismiss Plaintiff's indirect infringement claims should be granted, and . . . the indirect

2

infringement claims should be dismissed without prejudice." D.I. 36 in 1:20-cv-01228-CFC-JLH; D.I. 35 in 1:20-cv-01229-CFC-JLH; D.I. 35 in 1:20-cv-01231-CFC-JLH; D.I. 35 in 1:20-cv-01232-CFC-JLH; D.I. 34 in 1:20-cv-01233-CFC-JLH.

The Magistrate Judge had the authority to make her findings and recommendation under 28 U.S.C. § 636(b)(1)(B). I review her findings and recommendation de novo. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

I adopted in *Zapfraud* "the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, No. CV 19-1687-CFC-CJB, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021). WSOU has not persuaded me that I should reject that rule.

WSOU admits that in each case its allegation that the Defendant had knowledge of the asserted patents is based solely on the fact that the Defendant was served with a prior version of the operative complaint. Accordingly, the

3

Magistrate Judge correctly concluded that under *Zapfraud* WSOU failed to state claims of indirect infringement against Defendants.

Now therefore, at Wilmington on this Eighth day of June in 2021, it is HEREBY ORDERED that:

1. WSOU's objections (D.I. 39 in 1:20-cv-01228-CFC-JLH; D.I. 38 in 1:20-cv-01229-CFC-JLH; D.I. 38 in 1:20-cv-01231-CFC-JLH; D.I. 38 in 1:20-cv-01232-CFC-JLH; D.I. 37 in 1:20-cv-01233-CFC-JLH) are OVERRULED.

2. The Magistrate Judge's Report and Recommendation (D.I. 36 in 1:20-cv-01228-CFC-JLH; D.I. 35 in 1:20-cv-01229-CFC-JLH; D.I. 35 in 1:20-cv-01231-CFC-JLH; D.I. 35 in 1:20-cv-01232-CFC-JLH; D.I. 34 in 1:20-cv-01233-CFC-JLH) is ADOPTED.

3. Defendants' motions to dismiss WSOU's indirect infringement claims (D.I. 12 in 1:20-cv-01228-CFC-JLH; D.I. 12 in 1:20-cv-01229-CFC-JLH; D.I. 12 in 1:20-cv-01231-CFC-JLH; D.I. 12 in 1:20-cv-01232-CFC-JLH; D.I. 11 in 1:20-cv-01233-CFC-JLH) are GRANTED.

4. WSOU's claims of indirect infringement are DISMISSED WITHOUT PREJUDICE.

_____
United States District Judge