# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>      Plaintiff,<br><br>    v.<br><br>XILINX, INC.,<br><br>      Defendant. | C.A. No. 20-1228-CFC-JLH<br><br>**JURY TRIAL DEMANDED** |

## XILINX, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Xilinx, Inc. ("Xilinx" or "Defendant"), by and through its attorneys, hereby answers and responds to the First Amended Complaint filed by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff").

**PARTIES**

1. Xilinx admits that WSOU is a Delaware corporation, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1, and therefore denies such allegations.

2. Xilinx admits that it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2100 Logic Drive, San Jose, California 95124. Otherwise, denied.

**JURISDICTION**

3. Xilinx admits that the First Amended Complaint purports to set forth claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that any action of Xilinx gives rise to such a claim.

4. The allegations in Paragraph 4 of the First Amended Complaint are legal conclusions to which no answer is required. Xilinx is not challenging subject matter jurisdiction.

5. Xilinx admits that this Court has personal jurisdiction over Xilinx and that Xilinx is incorporated in the State of Delaware, but denies the remaining allegations in Paragraph 5 of the First Amended Complaint.

## VENUE

6. Xilinx denies that it has committed acts of infringement in this judicial district. Xilinx denies that WSOU has suffered harm in this judicial district. Xilinx denies that it has an established place of business in this judicial district. Xilinx admits that it is incorporated in the State of Delaware. Xilinx is not challenging venue as being improper, but has challenged venue under 28 U.S.C. § 1404. Xilinx denies the remaining allegations in Paragraph 6 of the First Amended Complaint.

## PATENT-IN-SUIT

7. Xilinx lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the First Amended Complaint, and therefore denies such allegations.

### The '653 Patent

8. Xilinx admits that United States Patent No. 6,784,653 (the "'653 patent") states on its face that it is entitled "Eye Monitor," but denies that it was duly and legally issued. Xilinx admits that the face of the '653 patent lists an issue date of August 31, 2004, and that the face of the '653 patent states that it was issued from U.S. Patent App. No. 10/192,549, filed on July 11, 2002. Xilinx admits that a purported copy of the '653 patent is attached to the First Amended Complaint as Exhibit 1. Except as expressly admitted, Xilinx denies the remaining allegations in Paragraph 8 of the First Amended Complaint.

9. Xilinx denies the allegations in Paragraph 9 of the First Amended Complaint.

## COUNT I: INFRINGEMENT OF THE '653 PATENT

10. Xilinx repeats, restates, and incorporates by reference Paragraphs 1 through 9 of this Answer as if fully set forth herein.

11. Xilinx denies the allegations in Paragraph 11 of the First Amended Complaint.

12. Xilinx denies the allegations in Paragraph 12 of the First Amended Complaint.

13. The Court has dismissed WSOU's indirect infringement claims set forth in the First Amended Complaint (D.I. 40). Thus, a response is not required to Paragraph 13 of the First Amended Complaint. To the extent there are any allegations in Paragraph 13 that require a response, Xilinx denies those allegations.

14. The Court has dismissed WSOU's indirect infringement claims set forth in the First Amended Complaint (D.I. 40). Thus, a response is not required to Paragraph 14 of the First Amended Complaint. To the extent there are any allegations in Paragraph 14 that require a response, Xilinx denies those allegations.

15. The Court has dismissed the induced infringement claims set forth in Paragraph 15 of the First Amended Complaint (D.I. 40). Thus, a response is not required to Paragraph 15 of the First Amended Complaint. To the extent there are any allegations in Paragraph 15 that require a response, Xilinx denies those allegations.

16. The Court has dismissed the contributory infringement claims set forth in Paragraph 16 of the First Amended Complaint (D.I. 40). Thus, a response is not required to Paragraph 16 of the First Amended Complaint. To the extent there are any allegations in Paragraph 16 that require a response, Xilinx denies those allegations.

17. Xilinx admits that Exhibit 2 to the First Amended Complaint includes a chart that purports to compare claim 7 of the '653 Patent to a Xilinx product. To the extent Exhibit 2

includes any allegations of indirect infringement, the Court has dismissed the indirect infringement claims (D.I. 40) and thus, a response is not required to any such allegations. To the extent there are any remaining allegations in Paragraph 17 that require a response, Xilinx denies those allegations.

18. To the extent that the allegations that WSOU purports to incorporate by reference include allegations of indirect infringement, the Court has dismissed the indirect infringement claims (D.I. 40) and thus, a response is not required to any such allegations. To the extent there are any remaining allegations in Paragraph 18 that require a response, Xilinx denies those allegations.

19. Xilinx denies the allegations in Paragraph 19 of the First Amended Complaint.

### JURY DEMAND

20. Allegations regarding a jury demand are legal matters that do not require a response.

### PLAINTIFF'S RELIEF REQUESTED

Xilinx denies that it infringes or that it has infringed the '653 Patent, denies that the '653 Patent is valid, and denies that WSOU is entitled to any relief in this action. Xilinx asks the Court to deny any and all of the relief requested by WSOU in its First Amended Complaint.

### GENERAL DENIAL

Xilinx further denies each and every allegation of the First Amended Complaint to which Xilinx has not specifically admitted, denied, or otherwise responded herein.

### AFFIRMATIVE DEFENSES

Xilinx alleges and asserts the following defenses in response to the allegations of the First Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST DEFENSE – NON-INFRINGEMENT

Xilinx does not and has not directly infringed any valid claim of the '653 Patent.

### SECOND DEFENSE – INVALIDITY

One or more claims of the '653 Patent are invalid for failing to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 1, *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE – PROSECUTION HISTORY ESTOPPEL

WSOU is estopped from construing any valid and enforceable claim of the '653 Patent to cover or include, either literally or by application of the doctrine of equivalents, devices manufactured, used, imported, sold, offered for sale, or imported by Xilinx, or methods used by Xilinx, because of admissions and statements to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '653 Patent and/or because of the language in the specification and/or limitations in the claims of the '653 Patent.

### FOURTH DEFENSE – EQUITABLE DEFENSES

To the extent that discovery establishes that WSOU or any prior owner delayed filing suit for an unreasonable and inexcusable length of time after it knew or reasonably should have known of its potential claim against Xilinx or misleadingly communicated that it would not bring suit, WSOU's claims are barred in whole or in part by one or more of the doctrines of waiver, unclean hands, estoppel, and/or acquiescence.

### FIFTH DEFENSE – FAILURE TO MITIGATE DAMAGES

To the extent that discovery establishes that WSOU or any prior owner has failed to take reasonable action to mitigate the loss, injury, or damage allegedly suffered, if any, and any recovery must be barred or diminished by reason thereof.

### SIXTH DEFENSE – NOTICE

To the extent that discovery establishes that WSOU, any prior owner, or any licensee failed to properly mark or give notice to Xilinx under 35 U.S.C. § 287, WSOU is precluded, or at least limited, from collecting damages, if any, from Xilinx.

### SEVENTH DEFENSE – LIMITATION ON DAMAGES

To the extent WSOU seeks recovery for any alleged infringement committed more than six years prior to filing of the First Amended Complaint, such recovery is barred in whole or in part by 35 U.S.C. §§ 286 and/or 287.

### EIGHTH DEFENSE – LIMITATION ON RECOVERY OF COSTS

WSOU is precluded from seeking recovery of costs by 35 U.S.C. § 288.

### NINTH DEFENSE – GOVERNMENT SALES

WSOU is precluded from obtaining any remedy against Xilinx for products used by or manufactured for the United States under 28 U.S.C. § 1498(a).

### TENTH DEFENSE – LICENSE

WSOU's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing Xilinx products or components thereof are or were imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the '653 Patent.

### ELEVENTH DEFENSE – ADDITIONAL DEFENSES

Xilinx reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

## Xilinx's Counterclaims

Defendant and Counterclaim-Plaintiff Xilinx, Inc. ("Xilinx") counterclaims against Plaintiff and Counterclaim-Defendant WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") as follows:

### Parties

1. Counterclaim-Plaintiff Xilinx is a Delaware corporation with a principal place of business located at 2100 Logic Drive, San Jose, CA 95124.

2. On information and belief, Counterclaim-Defendant WSOU alleges that it is a corporation organized and existing under the laws of the State of Delaware and that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

### Jurisdiction

3. The declaratory judgment counts herein arise under the patent laws of the United States, Title 35, United States Code.

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 as they arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

5. By filing its First Amended Complaint, WSOU has consented to personal jurisdiction in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

### Count One – Declaratory Judgment of Non-Infringement

7. Xilinx repeats, realleges, and incorporates by reference as if fully set forth herein the allegations in Paragraphs 1 through 6 of its counterclaims.

8. An actual controversy exists between Xilinx and WSOU regarding the alleged infringement of any valid claim of United States Patent No. 6,784,653 (the "'653 Patent") by virtue of WSOU's allegations of direct infringement.

9. Xilinx does not directly infringe and has not directly infringed any valid claim of the '653 Patent.

10. A judicial declaration is necessary and appropriate so that Xilinx may ascertain its rights with respect to the '653 Patent.

11. Xilinx is entitled to a declaration from the Court that Xilinx has not directly infringed and is not directly infringing any valid claim of the '653 Patent.

### COUNT TWO – DECLARATORY JUDGMENT OF INVALIDITY

12. Xilinx repeats, realleges, and incorporates by reference as if fully set forth herein the allegations in Paragraphs 1 through 11 of its counterclaims.

13. An actual case or controversy exists between Xilinx and WSOU as to whether the '653 Patent is valid.

14. The claims of the '653 Patent are invalid under 35 U.S.C. § 1, *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

15. Xilinx is entitled to a declaration from the Court that the '653 Patent is invalid.

### PRAYER FOR RELIEF

WHEREFORE, Xilinx respectfully requests that this Court enter judgment in its favor and against WSOU and grant the following relief:

A. The Court dismiss the First Amended Complaint against Xilinx with prejudice;

B. The Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that Xilinx has not directly infringed any claim of the '653 Patent;

C. The Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the claims of the '653 Patent are invalid;

D. The Court declare that WSOU is not entitled to any remedy or relief;

E. An order finding this an exceptional case, and awarding Xilinx its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes and rules in common law as may apply; and

F. The Court award such other relief as it deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and D. Del. LR 38.1, Xilinx hereby demands a trial by jury on all matters and issues triable by jury.

| | |
|---|---|
| Dated: June 22, 2021 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| OF COUNSEL: | |
| | /s/ Anne Shea Gaza |
| Hilda C. Galvan | Anne Shea Gaza (No. 4093) |
| JONES DAY | Robert M. Vrana (No. 5666) |
| 2727 North Harwood Street | Beth A. Swadley (No. 6331) |
| Dallas, TX 75201-1515 | Rodney Square |
| (214) 969-4556 | 1000 North King Street |
| hcgalvan@jonesday.com | Wilmington, DE 19801 |
| | (302) 571-6600 |
| David B. Cochran | agaza@ycst.com |
| JONES DAY | rvrana@ycst.com |
| North Point 901 Lakeside Avenue | bswadley@ycst.com |
| Cleveland, Ohio 44114-1190 | |
| (216) 586-7029 | *Attorneys for Xilinx, Inc.* |
| dcochran@jonesday.com | |
| | |
| Thomas W. Ritchie | |
| JONES DAY | |
| 77 West Wacker, Suite 3500 | |
| Chicago, Illinois 60601-1692 | |
| (312) 269-4003 | |
| twritchie@jonesday.com | |

# CERTIFICATE OF SERVICE

I, Anne Shea Gaza, hereby certify that on June 22, 2021, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>James M. Lennon, Esquire
>Devlin Law Firm LLC
>1526 Gilpin Avenue
>Wilmington, DE 19806
>*jlennon@devlinlawfirm.com*
>
>*Attorneys for Plaintiff*

I further certify that on June 22, 2021, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and on the following:

>Isaac Rabicoff, Esquire
>Rabicoff Law Firm LLC
>5680 King Centre Drive, Suite 645
>Alexandria, VA 22315
>*isaac@rabilaw.com*

Jonathan K. Waldrop, Esquire
Darcy L. Jones, Esquire
Marcus A. Barber, Esquire
John W. Downing, Esquire
Heather S. Kim, Esquire
Jack Shaw , Esquire
ThucMinh Nguyen, Esquire
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
jshaw@kasowitz.com
tnguyen@kasowitz.com

Paul G. Williams, Esquire
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
pwilliams@kasowitz.com

Shelley Ivan, Esquire
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
sivan@kasowitz.com

*Attorneys for Plaintiff*

Dated: June 22, 2021

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
(302) 571-6600
*agaza@ycst.com*
*rvrana@ycst.com*
*bswadley@ycst.com*

*Attorneys for Xilinx, Inc.*