**DEVLIN LAW FIRM LLC**
INTELLECTUAL PROPERTY LAW

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

AUGUST 2, 2021

**VIA CM/ECF**

U.S. Magistrate Judge Jennifer L. Hall
J. Caleb Boggs Federal Building
844 N. King Street, Unit 17
Room 3124
Wilmington, DE 19801-3555

      Re:      ***WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Xilinx, Inc.*,** C.A. Nos. 20-1228-CFC-JLH, 20-1229-CFC-JLH, 20-1231-CFC-JLH, 20-1232-CFC-JLH, 20-1233-CFC-JLH (D. Del.)

Dear Judge Hall:

      Pursuant to the Court's June 29, 2021 Oral Orders, Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") and Defendant Xilinx, Inc. ("Xilinx") (collectively, "Parties") respectfully submit the attached letter accompanying the Parties' proposed Scheduling Order.

    a. **Case Description**

**WSOU Position:** These are patent infringement actions involving WSOU's allegations of Xilinx's infringement of the following:
- Case No. 1:20-cv-01228: U.S. Patent No. 6,784,653 ("the '653 Patent") titled "Eye monitor."
- Case No. 1:20-cv-01229: U.S. Patent No. 7,068,950 ("the '950 Patent") titled "Correcting misalignment between data and a carrier signal in transmitters."
- Case No. 1:20-cv-01231: U.S. Patent No. 7,613,938 ("the '938 Patent") titled "Power cycle circuit."
- Case No. 1:20-cv-01232: U.S. Patent No. 7,903,971 ("the '971 Patent") titled "Method of operating a passive optical network."
- Case No. 1:20-cv-01233: U.S. Patent No. 9,312,838 ("the '838 Patent") titled "Apparatus and method for transferring multiple asynchronous clock signals over a single conductor."

**XILINX Position:** Xilinx is the world's leading supplier of programmable logic chips known as Field Programmable Gate Arrays (FPGAs). An FPGA is an integrated circuit containing general purpose logic cells that a customer programs to perform a particular function. WSOU asserts patents acquired from Alcatel Lucent, which relate to equipment for telecommunications networks, against Xilinx's FPGAs. WSOU's indirect infringement claims have been dismissed. Xilinx denies direct infringement and asserts declaratory judgment counterclaims.

    b. **Disputes Regarding the Proposed Scheduling Order**

      The Parties disagree on: 1) post-*Markman* and trial scheduling, 2) limits on number of requests for admission and interrogatories, and 3) limits on hours for depositions.

1. **Post-Markman and Trial Scheduling**

**WSOU Position:** WSOU respectfully proposes a trial date of March 6, 2023, while Xilinx proposes a trial date under its post-*Markman* schedule that is ***more than five months later*** in August/September 2023. Pursuant to the most recent statistics provided by this Court, the time from complaint to trial for all civil cases is 28.7 months.[1] Given these actions against Xilinx were filed on September 16, 2020, WSOU respectfully proposes a March 6, 2023 trial date, which is 30 months from complaint to trial, and thereby more closely aligned with this Court's average time to trial than Xilinx's proposal of 35-36 months. In keeping with its proposed trial date of March 6, 2023, WSOU has set forth a proposed schedule for the Parties to sufficiently develop their infringement/non-infringement, validity/invalidity, and damages theories. Xilinx has not argued, nor could it, that it will be prejudiced by WSOU's proposed schedule given that the proposed trial date and scheduling order adhere to Judge Hall's Rule 16 Scheduling Order and Judge Connolly's Patent Case Scheduling Order. WSOU therefore respectfully request this Court enter an order granting WSOU's proposed post-*Markman* schedule up to and including the March 6, 2023 trial date.

**Xilinx Position:** The parties' scheduling disputes begin with the Markman hearing date and result from WSOU's aggressive trial date of March 2023. Xilinx, on the other hand, proposes a court-selected trial date after June 28, 2023. Xilinx's proposal respects the Court's schedule, while allowing sufficient time for discovery and other pre-trial tasks. First, Xilinx defers to the Court on the date for the Markman hearing. Based on the agreed-to-deadlines leading up to that hearing, the hearing would likely be held in late May/early June 2022. Xilinx's fact discovery deadline of November 18, 2022 allows sufficient time after the Markman Order to complete fact discovery. WSOU wants fact discovery to be completed within days of serving final contentions, a date based on the WSOU-selected Markman hearing date and not tied to the Markman Order. Given WSOU's positions to date on the scope of its patents, the Markman Order will have a significant impact on final contentions and the expert testimony that follows. This is further impacted by the wide range of technologies covered by the patents—eye monitors, carrier signals, power cycling circuits, optical networks and clock signaling—and the number of accused products. Second, Xilinx is opposed to WSOU's proposal that expert discovery begin within 1 month of WSOU's already expedited deadlines. Xilinx proposes deadlines for final contentions be tied to this Court's Markman Order, and expert discovery deadlines begin within 3 months of final contentions (accounting for two intervening holidays). Third, Xilinx proposes dispositive motions due within 1 month of expert discovery completion. As with the final contentions and expert discovery, WSOU's dispositive motion deadline is neither tied to the Markman Order nor the differences and complexities of the technologies covered by the patents.

2. **Limits on Number of Requests for Admission and Interrogatories**

**WSOU Position:** In order to sufficiently develop its infringement and damages theories in these actions, which involve five different patents across multiple accused products, WSOU respectfully requests this Court grant its requests for: (1) a maximum of 20 common requests for admission and 30 case-specific requests for admission, exclusive of authentication requests; and (2) a maximum of 15 common interrogatories and 25 case-specific interrogatories. WSOU's requests will provide the Parties sufficient discovery to develop their respective positions. Xilinx's proposal limiting the Parties to 60 requests for admissions and 30 interrogatories for all five

---

[1] *See* Delaware Median Time (Months) From Filing to Trial (Civil Only), available at: https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2021.pdf.

cases (which is only 12 requests for admission and 6 interrogatories per individual case) will gravely impede WSOU's ability to adequately develop its positions given the complexity of these actions.

**Xilinx Position:** WSOU's litigation strategy involves filing multiple cases against a defendant asserting only one patent in each case. It has filed over 190 such cases against 19 defendants. WSOU then insists on applying claim construction limitations as if there is only one case against the defendant and demanding discovery limitations against each defendant as if there are multiple cases plus "common" issues across the cases. That is WSOU's strategy here, resulting in 170 requests for admission and 140 interrogatories. Discovery should not be "interposed for any improper purpose, such as to … needlessly increase the cost of litigation." FRCP 26(g)(1)(B). Thus, Xilinx proposes a combined 50 RFAs and 30 interrogatories for the five cases.

3. **Limits on Hours for Deposition Discovery**

**WSOU Position:** WSOU respectfully requests this Court allow 100 hours of fact discovery, exclusive of non-party witnesses. WSOU believes that 100 hours of fact deposition hours (breaking down to only 20 hours per individual case) is reasonable and necessary to sufficiently develop its theories and prepare for trial. Xilinx's proposal of 85 hours, inclusive of non-party witnesses for all five infringement actions is insufficient given the broad breadth of issues involved and will inhibit the Parties' abilities to sufficiently develop their respective positions.

**Xilinx Position:** As with written discovery, Xilinx proposes deposition hours be increased a reasonable amount over that permitted by the Federal Rules.

   c. **Other Issues to Address During the Rule 16 Conference**

**WSOU Position:** WSOU proposes consolidating the cases for discovery, *Markman*, and trial to preserve judicial economy. Xilinx's proposal to only consolidate the cases for pre-trial purposes fails to take into consideration the economy of time and effort for this Court and the Parties.

**Xilinx Position:** Xilinx proposes consolidating the cases for pre-trial purposes. For trial purposes, Xilinx proposes a trial sequencing conference in June 2023 to address how the five cases should proceed to trial. Given the divergent technologies at issue, Xilinx believes that one trial will lead to jury confusion but 5 trials will strain judicial resources.

   d. **Deviations from Default Scheduling Order**

The Parties have deviated from the Court's form orders in the following paragraphs:

| Paragraph 1 | Agreement to negotiate and submit an ESI proposed order |
|---|---|
| Paragraph 8(e)(ii) | Agreement to depose party witnesses at location near the residence or principal place of business of the witness |
| Paragraph 8(f)(ii) | Agreement to limits on expert depositions |
| Paragraph 8(g)(vi) | Agreement on use of discovery at separate trials |
| Paragraph 10 | Agreement to procedure to object to claim construction tutorials |
| Paragraph 12 | Agreement to negotiate and submit a proposed order regarding claim construction briefing |

Respectfully submitted,

<div style="columns:2">

DEVLIN LAW FIRM LLC

*/s/ James M. Lennon*
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: (302) 449-9010
Fax: (302) 353-4251
jlennon@devlinlawfirm.com

OF COUNSEL:

Jonathan K. Waldrop
jwaldrop@kasowitz.com
Darcy L. Jones
djones@kasowitz.com
Marcus A. Barber
mbarber@kasowitz.com
John W. Downing
jdowning@kasowitz.com
Heather S. Kim
hkim@kasowitz.com
Jack Shaw
jshaw@kasowitz.com
ThucMinh Nguyen
tnguyen@kasowitz.com
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Shelley Ivan
sivan@kasowitz.com
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

Paul G. Williams
pwilliams@kasowitz.com
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street N.E., Suite 2445
Atlanta, GA 30309

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

OF COUNSEL:

Hilda C. Galvan
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-4556
hcgalvan@jonesday.com

David B. Cochran
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-7029
dcochran@jonesday.com

Thomas W. Ritchie
JONES DAY
77 West Wacker Dr.
Chicago, IL 60601-1692
(312) 269-4003
twritchie@jonesday.com

*Attorneys for Xilinx, Inc.*

</div>

4

Telephone: (404) 260-6080
Facsimile: (404) 260-6081

*Attorneys for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*