IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FINTIV, INC., | § | |
|     *Plaintiff,* | § | |
| | § | 1:19-CV-01238-ADA |
| v. | § | |
| | § | |
| APPLE INC., | § | |
|     *Defendant.* | § | |

# ORDER DENYING DEFENDANT APPLE'S REQUEST FOR PLAINTIFF TO RE-SERVE ITS FINAL INFRINGEMENT CONTENTIONS

Before the Court is Defendant Apple's request for the Plaintiff Fintiv to re-serve its Final Infringement Contentions to use Bates and line numbers instead of file names and function calls, in order to comply with what Apple believes the Protective Order requires. ECF No. 98 at 2. For the reasons that follow, the Court will not require Fintiv to re-serve its Final Infringement Contentions using Bates and line numbers.

## I. Factual Background

Plaintiff filed the instant action on December 21, 2018 alleging that Apple infringed U.S. Patent No. 8,843,125. ECF No. 1. The '125 Patent is titled "System and Method for Managing Mobile Wallet and its Related Credentials." *Id.* at 1. Fintiv alleges that Apple infringes upon the '125 patent through the sale of its iPhone, Apple Watch, and Apple Wallet products that are enabled to provision a contactless card in a mobile device that includes a mobile wallet application. *Id*. at 5.

Given the proprietary nature of the devices in question, the parties negotiated and jointly submitted a motion for entry of an agreed protective order. ECF No. 98 at 1. The Court entered the Protective Order on August 7, 2019. *Id.* The Protective Order defines "Source Code" as

"computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings, and descriptions of object code, . . . ." *Id.* The Order restricts communication of the Source Code from being "included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible." *Id.* at 2.

On January 17, 2020, Fintiv served Apple with its Final Infringement Contentions. *Id.* at 1. The Final Infringement Contentions contained over sixty file names and function calls from Apple's source code. *Id.* Apple, under the impression that file names and function calls are within the Protective Order's definition of "Source Code," requested that Fintiv re-serve its Final Infringement Contentions using references to Bates and line numbers in lieu of the file names and function calls. *Id.* The Court held a discovery hearing on February 24, 2020.

## II. Analysis

The central issue of this discovery dispute is whether file names and function calls fall within the protection of the Protective Order given its definition of "Source Code." Apple makes several arguments in support of its position.

First, Apple contends that Fintiv implicitly concedes that file names and function calls fall the protections of the Protective Order. More specifically, Apple argues that because Fintiv designated the Final Infringement Contentions as "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE," Fintiv implicitly concedes that file names and function calls are source code. ECF No. 98 at 2.

Fintiv responds by stating that it included the "SOURCE CODE" designation to its Final Infringement Contentions out of an abundance of caution since those contentions contained information relating to "Source Code." ECF No. 101-1 at 3.

The Court agrees that the confidentiality designation is not dispositive of the substance of the document. The Court also finds that it is not unreasonable that Fintiv would overclassify a document that referenced source code in order to err on the safe side.

Second, Apple further claims that since the function calls are included within the source code, they should be considered source code as well. ECF No. 98 at 2. Apple provided a representative sample of Fintiv's Final Infringement Contentions, which listed various file names and function calls but did not appear to contain any actual lines of code beyond that. *Id.* at Ex. 1.

Fintiv's response contends that since the definition of "Source Code" does not explicitly list "file name" or "function name" or any derivations thereof, citations to such names should not fall within the Protective Order. ECF No. 101-1 at 1–2.

The Court again agrees with Fintiv. First, after examining the representative sample of Fintiv's Final Infringement Contentions, the Court does not believe that the listed file names and function calls provide the same level of disclosure as would the source code implementation of an algorithm or data structure. In fact, the Court finds that the listed file names and function calls provide very little, if any, useful—let alone highly confidential—information. Second, the people that have access to this document only have access to this document by virtue of their involvement in this litigation, *i.e.*, the parties' counsel and their experts. Because the operative Protective Order in this case does not bar parties' counsel and their experts from reviewing source code, the Court finds that danger of including file names and function calls in this type of document is considerably less than the danger of including those things in other documents *e.g.*, a sealed filing with improperly applied redactions.

That said, the Court realizes that there is a non-zero danger of including file names and function calls within this type of document, as one party (usually the receiving party) may

accidentally disclose this document to an unauthorized third-party. But even if that were to occur, the Court finds that because the file names and function calls in Fintiv's Final Infringement Contentions do not appear to be particularly informative, the Court finds that the level of danger in this case is acceptably low.

Third, the Court finds that using file names and function calls instead Bates and line numbers improves the clarity of Fintiv's Final Infringement Contentions, while also eliminating the potential of introducing inadvertent errors when converting over to Bates and line numbers.

Fourth, while the burden to Fintiv (to modify its contentions to excise any listing of file names and function calls by replacing them with Bates and line numbers ) is relatively low, the Court finds the danger is small enough and less than Fintiv's burden.

Therefore, the Court declines to order Fintiv to re-serve its Final Infringement Contentions using Bates and line numbers instead of file names and function calls.

The Court, however, shares Apple's concern of protecting its source code from improper disclosure. ECF No. 98 at 3. To the extent that Apple feels any particular file name or function call has an independent basis for being sensitive enough material to warrant further protection, the Court will allow Apple to request encoding particular terms on a case-by-case basis.

### III. Conclusion

Based on the foregoing, Defendant Apple's request for Fintiv to re-serve its Final Infringement Contentions is **DENIED** (ECF No. 98).

**SIGNED** this 24th day of June 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE