## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>Plaintiff,<br><br>v.<br><br>**Xilinx, Inc.,**<br><br>Defendant. | C.A. No. 20-1228-CFC-JLH<br>C.A. No. 20-1229-CFC-JLH<br>C.A. No. 20-1231-CFC-JLH<br>C.A. No. 20-1232-CFC-JLH<br>C.A. No. 20-1233-CFC-JLH |

## SCHEDULING ORDER [PATENT]

This __23rd__ day of ___September___, 2021, the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED, subject to the provisions set forth herein or otherwise ordered by the Court, these cases are consolidated for pre-trial purposes and all papers shall be filed in C.A. No. 20-1228, and that:

1.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) on or before

August 11, 2021. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI'') ("Default Standard"), which is posted at https://www.ded.uscourts.gov/default-standard-discovery. The parties shall negotiate a stipulation and proposed order regarding discovery, including ESI. If the parties are unable to agree on the proper scope of such a stipulation and proposed order by August 25, 2021, then the parties shall submit the dispute(s) to the Court in accordance with Section 8(g). In the event the parties do not enter an ESI Order or submit competing ESI proposals to the Court, the Default Standard will govern.

2.     <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before November 17, 2021.

3.     <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before September 17, 2021. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.     Papers and Proceedings Under Seal.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for

the redactions and why disclosures of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.     Courtesy Copies.  The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.     ADR Process.  Having discussed the ADR process during the scheduling conference, the Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

7.     Disclosures.  Absent agreement among the parties, and approval of the Court:

(a)     By September 1, 2021, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(b)     By September 29, 2021, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

(c)    By October 27, 2021, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d)    By December 1, 2021, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e)    By 30 days after the Court's Claim Construction Order, Plaintiff shall provide final infringement contentions.

(f)    By 60 days after the Court's Claim Construction Order, Defendant shall provide final invalidity contentions.

8.    <u>Discovery</u>.  Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

(a)    <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before 70 days after Claim Construction Order.

(b)    <u>Document Production</u>.  Document production shall be substantially complete by June 29, 2022.

(c)   <u>Requests for Admission</u>.  A combined maximum of 50 requests for admission are permitted for each side for all five cases. Each Party may serve unlimited requests for admission related to the authentication of documents.

(d)   <u>Interrogatories</u>.

i   A combined maximum of 30 interrogatories, including contention interrogatories, are permitted for each side for all five cases.

ii   The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)   <u>Depositions</u>.

i   <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 85 hours, exclusive of non-party witnesses, of taking testimony by deposition upon oral examination.  Employees of a Party are party witnesses.

ii   <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at the principal place of business or personal residence of the party or individual being deposed.

Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court.

        (f)    <u>Disclosure of Expert Testimony</u>.

        i    <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before the earlier of 21 days after Xilinx final invalidity contentions or October 7, 2022. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before 21 days after the initial Federal Rule 26(a)(2) disclosure of expert testimony.  Reply expert reports from the party with the initial burden of proof are due on or before 14 days after the supplemental disclosure to contradict or rebut evidence. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before 21 days after reply expert reports. An expert may be deposed for up to 7 hours per report for the first patent. If the expert opines on different patents in addition to the first patent, the expert will be limited to an additional 3.5 hours for each additional topic or patent. For example, if a single technical expert submits reports on both infringement and invalidity for one patent,

that expert may be deposed for up to 14 hours total. If that same expert submits an expert report on one additional patent for two topics, that expert may be deposed for an additional 3.5 hours per topic (infringement or invalidity) per patent (i.e., a total of 21 hours for two patents covering both infringement and invalidity). To avoid any ambiguity, the following table demonstrates the total allotted hours where an expert opines on one topic (e.g., infringement or invalidity) for one to five patents, and where an expert opines on two topics (e.g., infringement and invalidity) for one to five patents.  The parties agree to discuss reallocation of these hours in good faith following the submission of the expert reports.

|           | 1 Topic    | 2 Topics |
|-----------|------------|----------|
| 1 Patent  | 7 hours    | 14 hours |
| 2 Patents | 10.5 hours | 21 hours |
| 3 Patents | 14 hours   | 28 hours |
| 4 Patents | 17.5 hours | 35 hours |
| 5 Patents | 21 hours   | 42 hours |

ii      <u>Expert Report Supplementation.</u>  The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii      <u>Objections to Expert Testimony</u>.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,*

509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

(g) <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i       Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii      Should counsel find, after good faith efforts – including verbal communication among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (i.e., the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Magistrate Judge Hall's section of the Court's website, in the "Forms" tab.

iii     The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This

submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

        iv     Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

        v     Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

        vi     Use of Discovery at Separate Trials.  In the event that there are separate trials in these actions, all discovery responses and documents may be used by the parties in each trial.

        9.     <u>Motions to Amend / Motions to Strike</u>.

        (a)     Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure setforth in Paragraph 8(g), above.

(b)     Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.  Any motion to strike shall attach the document sought to be stricken.

10.     <u>Technology Tutorials</u>.  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before April 13, 2022. Any party may object to tutorials as long as the objection is in writing and within fourteen (14) days of the tutorial's filing.

11.     <u>Claim Construction Issue Identification</u>.  On December 15, 2021, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. This document will not be filed with the Court. Subsequent to exchanging that list, on January 6, 2022, the parties will exchange proposed claim constructions and confirm use/non-use of extrinsic evidence, including expert declarations, with claim construction briefing.  The parties will then meet and confer to prepare a Joint Claim Construction Chart that will be filed on or before January 20, 2022. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall

be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.   <u>Claim Construction Briefing</u>.  The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on February 3, 2022. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on February 24, 2022. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on March 10, 2022. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on March 24, 2022. No later than April 5, 2022, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. The parties will propose revisions to the Court for the briefing limits (i.e., page limit numbers and maximum number of claim terms to be briefed) within 7 days after Initial Invalidity Contentions are produced.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed Upon Constructions

II.   Disputed Constructions

      [TERM 1]

            1.   Plaintiff's Opening Position

            2.   Defendant's Answering Position

            3.   Plaintiff's Reply Position

            4.   Defendant's Sur-Reply Position

[TERM 2]

    1.    Plaintiff's Opening Position

    2.    Defendant's Answering Position

    3.    Plaintiff's Reply Position

    4.    Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

13.    <u>Hearing on Claim Construction</u>.  Beginning at 1:00 p.m. on May 25, 2022, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing.

14.     <u>Supplementation</u>.  Absent agreement among the parties, and approval of the Court, no later than 70 days after Claim Construction Order, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

15.     <u>Interim Status Report</u>.  On October 3, 2022, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.     <u>Case Dispositive Motions</u>.

(a)     <u>No Early Motions Without Leave</u>.  All case dispositive motions under Rule 56, as well as any opening briefs and affidavits supporting such motions shall be served and filed on or before December 14, 2022. No case dispositive motion under Rule 56 may be filed more than ten days before this date without leave of the Court.

(b)     <u>Motions to be Filed Separately</u>.  A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(c)     <u>Word Limits Combined with *Daubert* Motion Word Limits</u>. Each party is permitted to file as many Rule 56 case dispositive motions as desired; provided, however, that for such Rule 56 motions each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000

words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a Rule 56 case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all Rule 56 case dispositive and *Daubert* motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

(d)     Concise Statement of Facts Requirement.   Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[1]   A party must submit a separate concise statement of facts for each summary judgment motion. Any party who opposes the motion shall file and serve with its opposing papers a separate document containing

---

[1] The party must detail each material *fact* in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

      (e)   <u>Focus of the Concise Statement.</u> When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context. If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript. If an entire miniscript is submitted, the index of

terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit.

(f)      Word Limits for Concise Statement. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface. Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(g)      Affidavits and Declarations. Affidavits or declarations setting forth facts and/ or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(h)      Scope of Judicial Review. When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

17.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18.    <u>Trial Sequencing</u>. By January 25, 2023, the Parties shall meet and confer to attempt to reach agreement on how the case should be tried, including whether the case should be consolidated for trial or split into one or more additional trials.  On February 8, 2023, the Parties may submit three-page letters regarding how the case should be tried. On or after February 15, 2023, as scheduled by the Court, the Court shall hold a trial sequencing conference to discuss the issues raised in the parties' submissions and any other issues pertaining to the sequencing of trial.

19.    <u>Pretrial Conference.</u> On May 18, 2023, the Court will hold a Rule 16I final pretrial conference. The conference will be held in court with counsel beginning at 3:00 p.m. For each trial, the parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. 21 days before the Pretrial Conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of each proposed joint final pretrial order.

20.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the applicable proposed pretrial order for each trial. Each party shall be limited to three *in limine* requests per

trial, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21.  <u>Compendium of Cases.</u> A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (*e.g.*, the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court.

22.  <u>Jury Instructions, *Voir Dire*, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should

file for each trial (i) proposed *voir dire*, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. 21 days before the final Pretrial Conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

23.   <u>Trial</u>.  This matter is scheduled for a 5-day jury trial beginning at 8:30 a.m. on June 5, 2023, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES MAGISTRATE JUDGE

| EVENT | DEADLINE |
|---|---|
| FRCP 26(a)(1) Initial Disclosures due | August 11, 2021 |
| Paragraph 3 disclosures due | October 4, 2021 |
| Proposed Protective Order due | August 25, 2021 |
| Deadline to Submit Any Dispute Re: Stipulation & Proposed Order Regarding Discovery | August 25, 2021 |
| Updated Proposed Protective Order Per Court Order of Sept. 3, 2021 due | September 17, 2021 |
| Deadline to Submit Any Dispute Re: Proposed Protective Order | September 17, 2021 |
| FRCP 7 & 15 pleadings, and FRCP 18 & 19 joinder motions due | November 17, 2021 |
| WSOU to identify all accused products, produce file histories, and identify its damages model | September 1, 2021 |
| Xilinx to produce core technical documents for each accused product | September 29, 2021 |
| WSOU to produce initial claim charts | October 27, 2021 |
| Xilinx to produce initial invalidity contentions | December 1, 2021 |
| Parties exchange claim terms/phrases proposed for construction | December 15, 2021 |

| EVENT | DEADLINE |
|---|---|
| Parties exchange proposed claim constructions and confirm use/non-use of extrinsic evidence, including expert declarations, with claim construction briefing | January 6, 2022 |
| Joint Claim Construction Chart due | January 20, 2022 |
| WSOU Opening Claim Construction Brief served | February 3, 2022 |
| Xilinx Response Claim Construction Brief served | February 24, 2022 |
| WSOU Reply Claim Construction Brief served | March 10, 2022 |
| Xilinx Sur-Reply Claim Construction Brief served | March 24, 2022 |
| Joint Claim Construction Brief filed | April 5, 2022 |
| Technology tutorials due | April 13, 2022 |
| Deadline to request leave to present witness testimony at claim construction hearing and amount of time for witness testimony | April 13, 2022 |
| Claim construction hearing | May 25, 2022 at 1:00 p.m. |
| Document production to be substantially complete | June 29, 2022 |
| Claim Construction Order | Approximately 60 days after Claim Construction Hearing |

| EVENT | DEADLINE |
|---|---|
| WSOU to produce final infringement contentions and any supplementation of accused products | 30 days after Claim Construction Order |
| Xilinx to produce final invalidity contentions and any supplementation of invalidity references | 60 days after Claim Construction Order |
| All remaining supplementations due & Discovery Cut Off | 70 days after Claim Construction Order |
| Interim Joint Status Report due | October 3, 2022 |
| Initial expert reports on issues for which a party bears the burden due | Earlier of 21 days after Xilinx final invalidity contentions or October 7, 2022 |
| Rebuttal/responsive expert reports due | 14 days after initial expert reports |
| Reply expert reports due | 14 days after rebuttal/responsive expert reports |
| Expert discovery deadline & close of all discovery | 21 days after reply expert reports |
| Dispositive and *Daubert* motions due | December 14, 2022 |
| Responses to dispositive/*Daubert* motions due | January 4, 2023 |
| Replies to dispositive/*Daubert* motions due | January 18, 2023 |

| EVENT | DEADLINE |
|---|---|
| Parties to meet and confer to attempt to reach agreement on how the case should be tried, including whether the case should be consolidated for trial or split into one or more additional trials | January 25, 2023 |
| Parties may submit three-page letters regarding how the case should be tried | February 8, 2023 |
| Trial Sequencing Conference | On or after February 15, 2023 as scheduled by the Court |
| Joint Proposed Pretrial Order, pretrial motions, and motions *in limine* due | 21 days before Pretrial Conference |
| Jury Instructions, *Voir Dire*, and special verdict forms due | 21 days before Pretrial Conference |
| Pretrial conference for Trial | May 18, 2023 at 3:00 p.m. |
| Trial | June 5, 2023 at 8:30 a.m. |