**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>XILINX, INC.,<br><br>　　　　　　　　　Defendant. | C.A. No. 20-1228-CFC-JLH (consolidated) |

**PLAINTIFF'S LETTER TO THE HONORABLE JENNIFER L. HALL
REGARDING SCHEDULING ORDER DISCOVERY DISPUTE**

Dated: October 25, 2021

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com
*Attorneys for Plaintiff*

Dear Judge Hall:

Pursuant to Your Honor's Oral Order (D.I. 82 in C.A. No. 20-1228), Plaintiff WSOU Investments, LLC provides its position on the disputed issue that it submitted to the Court on October 18, 2021(D.I. 79).[1]

WSOU's issue concerns Xilinx's refusal to accommodate a reasonable request made on October 5, 2021 to extend WSOU's deadline to produce its initial claim charts by nine days, while concurrently affording Xilinx an equivalent extension of nine days for Xilinx's deadline to produce its initial invalidity contentions. The deadlines set by the Court's Scheduling Order (D.I. 63) are October 27, 2021 and December 1, 2021 respectively. Xilinx refused, asserting: "Our schedules and commitments in other matters are such that we cannot agreed [sic] to the proposed extension." Xilinx also refused a follow up proposal of five day extensions for both Parties, citing the same vague rationale.

The next day, WSOU disclosed its experts and technical consultants, providing corresponding C.V.s and signed undertakings, pursuant to the Parties Stipulated Protective Order (D.I. 64). In conjunction with its refusal to grant WSOU its request for a reasonable extension the day before, Xilinx initially falsely asserted that one of WSOU's disclosed technical consultants was not properly disclosed, and the following week asserted an objection to the consultant reviewing its source code: "Providing Dr. Linder with access to Xilinx's confidential information would competitively disadvantage and unfairly prejudice Xilinx." Xilinx refused a request to elaborate on its objection in writing and after the Parties had met and conferred on October 14, delayed its response to WSOU's request to submit a joint motion on the disputes to the Court, such that the motion was not filed until October 18. The Court issued its Order on October 22 requiring the Parties to submit letters concerning their respective issues by October 25.

Xilinx should not be permitted to simultaneously refuse to grant WSOU's reasonable request to extend the deadline for it to produce its initial claim charts and, refuse to grant one of WSOU's technical experts -- who is integral to its submission of its initial claim charts -- access to review Xilinx's relevant source code.

We respectfully request that the Court grant WSOU's reasonable request for an extension of the October 27, 2021 deadline for WSOU to produce its initial claim charts concerning its infringement contentions. WSOU requests that the Court take into consideration the time needed to resolve the dispute over the technical consultant to review Xilinx's relevant source code in granting this request for extension to WSOU.

Respectfully submitted,

---

[1] Per the Court's Oral Order, WSOU will address Xilinx's issue (D.I. 79) by October 27 in response to any submission by Xilinx concerning its objection to WSOU's technical consultant's -- Lloyd F. Linder's -- review of Xilinx's source code in order to assist WSOU in producing its initial claim charts.

                    */s/ James M. Lennon*
                    James M. Lennon (No. 4570)

                    *Attorneys for Plaintiff WSOU Investments, LLC*

cc: Clerk of the Court (via CM/ECF, w/encl.)
    All Counsel of Record (via CM/ECF, w/encl.)

2