## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WSOU INVESTMENTS, LLC d/b/a BRAZOS
LICENSING AND DEVELOPMENT,

                    Plaintiff,

        v.

XILINX, INC.,

                    Defendant.

C.A. No. 20-1228-CFC-JLH
(Consolidated)

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM ANNE SHEA GAZA
OPPOSING WSOU'S REQUEST TO MODIFY THE SCHEDULING ORDER
TO EXTEND THE DEADLINE FOR INITIAL CLAIM CHARTS PURSUANT TO
<u>PARAGRAPH 7(C) OF THE SCHEDULING ORDER (D.I. 63)</u>**

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

*Attorneys for Defendant
Xilinx, Inc.*

*Of Counsel:*

Hilda C. Galvan
Christopher A. Buxton
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
(214) 969-4556
hcgalvan@jonesday.com
cbuxton@jonesday.com

David B. Cochran
JONES DAY
North Point 901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7029
dcochran@jonesday.com

Thomas W. Ritchie
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
(312) 269-4003
twritchie@jonesday.com

Jonathan McNeal Smith
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
(213) 243-2559
jonathansmith@jonesday.com

Dear Magistrate Judge Hall:

WSOU seeks to modify the Scheduling Order to extend the deadline for its initial claim charts pursuant to Paragraph 7(c).  WSOU has failed to show good cause for such a modification, and its attempt to blame Xilinx is misplaced.

The Federal Rules of Civil Procedure provide that, once issued, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "'Rule 16(b)(4) focuses on the moving party's burden to show due diligence.'"  *Evonik Degussa GMBH v. Materia Inc.*, C.A. 1:09-636-NLH-JS, 2011 WL 13152274, at *3 (D. Del. Dec. 13, 2011) (quoting *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)).  WSOU cannot show good cause.

*First*, WSOU has not been diligent—and its letter does not even attempt to show otherwise.  WSOU filed this suit more than a year ago and then agreed to the October 27 deadline on September 16—when the parties submitted their joint proposed scheduling order.  (D.I. 61.)  As early as September 23, when the Court entered the Protective Order, WSOU could have disclosed its experts and made a request to review source code that was scheduled to be produced as part of Xilinx's core technical documents on September 29.  (D.I. 64.)  Instead, WSOU delayed for two weeks before disclosing its technical experts and nearly three weeks before requesting access to review source code.  (*See* D.I. 85 Ex. A (October 7 disclosing Lloyd Linder on October 7); *id.* Ex. D (October 12 email requesting access for Lloyd Linder and Nathan Palacios to review source code).)  WSOU knew that, by waiting until October 12 to make that request, the earliest its experts could access source code and design schematics would be October 19—a mere 8 days before the October 27 deadline.  (*See* D.I. 64 ¶ 12(b) (specifying 5 business days' notice for access to source code).)  Had WSOU diligently acted on September 23, its experts could have begun their review of Xilinx's source code and design documents on September 30—nearly a full month before the claim charts were due.  WSOU's delay cost its experts 19 full days of access to Xilinx's materials.  Such delay establishes that WSOU has not been diligent.

*Second*, WSOU's requested extension of an unspecified time period is not reasonable.  In the past, Xilinx has agreed to WSOU's requests for extensions when doing so did not negatively impact this case or a slew of downstream deadlines.  For example, on October 4, Xilinx granted WSOU a 7-day extension to serve its Paragraph 3 disclosures.  This time, however, WSOU's request was not reasonable because it would necessitate reworking the claim construction schedule in this case, which was designed to provide sufficient time for the parties to digest each other's contentions and claim construction disclosures, while also navigating multiple holidays.  Extending the deadline for WSOU's initial claim charts would require pushing the schedule back, perhaps by a month or more.  Upending the case schedule as a result of WSOU's delay is not reasonable.

*Third*, the entire basis for WSOU's request is demonstrably false.  WSOU made its request for an extension *before* Xilinx's objection to Lloyd Linder.  As WSOU conceded in its letter, it asked for the extension on October 5—two days before even disclosing Linder on October 7.  So it is indisputable that WSOU's request is not solely the result of Xilinx's objection to Linder.  Further, as the facts demonstrate, WSOU, not Xilinx, delayed in resolving the objection to Linder.  On October 8, the day after Linder was disclosed, Xilinx notified WSOU of deficiencies in that disclosure and informed WSOU that Xilinx would not consider

1

Linder properly disclosed until they were resolved.  (D.I. 85 Ex. C.)  WSOU never responded.
Instead, on October 12, WSOU notified Xilinx that Linder would be reviewing source code the
following week.  (*Id.* Ex. D.)  At that point, it became clear that WSOU did not intend to address
the deficiencies in Linder's disclosure.  Three hours after WSOU's notice, Xilinx sent an email
objecting to Linder based on the information originally provided, and requested a meet and
confer on October 13 or 14.  (*Id.*)  WSOU chose to wait until October 14 for the meet and confer.
(Smith Opp'n Decl. Ex. 1.)[1]   The day after the meet and confer, WSOU provided a draft joint
motion that first identified WSOU's requested extension of the deadline for initial claim charts
pursuant to Paragraph 7(c) of the Scheduling Order as a disputed issue for this Court to resolve.
(*Id.* Ex. 2.)  WSOU neither requested nor even suggested that an extension would be necessary
during the October 14 meet and confer call.  (*Id.* ¶ 4.)  Nevertheless, two hours after receiving
the draft motion, Xilinx returned a revised draft adding its own objection to disclosing protected
material to Linder as a disputed issue.  (*Id.* Ex. 3.)  WSOU responded on October 18, and the
joint motion was filed later that day.  (*Id.* Ex. 4.)  From this timeline, it is evident that Xilinx did
not delay during any of the parties' interactions concerning Linder.

> *Finally*, WSOU does not explain why its inability to meet the October 27 deadline is
dependent on Linder accessing Xilinx's HIGHLY SENSITIVE MATERIAL.  As explained in
Xilinx's letter, WSOU disclosed four other technical experts.  (D.I. 84 at 5.)  Xilinx did not
object to any of those experts, and one has been reviewing Xilinx's source code since October
19.  (*See* Smith Opp'n Decl. Ex. 5.)  WSOU also does not explain why its other technical experts
are unable to assist with the initial claim charts, and instead asserts without any explanation that
Linder "is integral to its submission of its initial claim charts."  (D.I. 83 at 2.)  This conclusory
assertion does not justify the requested extension.

> Because WSOU's own delay is the root cause of its inability to timely serve initial claim
charts pursuant to Paragraph 7(c) of the Scheduling Order, and because WSOU's requested
extension would upend a string of other deadlines in the case schedule, Xilinx respectfully
submits that WSOU's request should be denied.

Dated:  October 27, 2021

OF COUNSEL:

Hilda C. Galvan
Christopher A. Buxton
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
(214) 969-4556

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801

---

[1] Citations to "Smith Opp'n Decl." refer to the Declaration of Jonathan McNeal Smith In
Opposition to WSOU's Request To Modify The Scheduling Order To Extend The Deadline for
Initial Claim Charts Pursuant to Paragraph 7(c) Of The Scheduling Order (D.I. 63), filed
contemporaneously.

3

hcgalvan@jonesday.com
cbuxton@jonesday.com

David B. Cochran
JONES DAY
North Point 901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7029
dcochran@jonesday.com

Thomas W. Ritchie
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
(312) 269-4003
twritchie@jonesday.com


Jonathan McNeal Smith
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
(213) 243-2559
jonathansmith@jonesday.com

(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

*Attorneys for Xilinx, Inc.*

3

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 27, 2021, a copy of the

foregoing document was served on the persons listed below in the manner

indicated:

**BY E-MAIL**

James M. Lennon
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
jlennon@devlinlawfirm.com

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John W. Downing
Heather S. Kim
Jack Shaw
ThucMinh Nguyen
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
jshaw@kasowitz.com
tnguyen@kasowitz.com

Isaac Rabicoff
RABICOFF LAW FIRM LLC
5680 King Centre Drive, Suite 645
Alexandria, VA 22315
isaac@rabilaw.com

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street N.E., Suite 2445
Atlanta, GA 30309
pwilliams@kasowitz.com

Shelley Ivan
Hershy Stern
Joshua A. Whitehill
Howard L. Bressler
Bradley P. Lerman
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
sivan@kasowitz.com
hstern@kasowitz.com
jwhitehill@kasowitz.com
hbressler@kasowitz.com
blerman@kasowitz.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

*Attorneys for Xilinx, Inc.*