IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>XILINX, INC.,<br><br>Defendant. | C.A. No. 20-1228-CFC-JLH<br>(Consolidated) |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM ANNE SHEA GAZA REGARDING XILINX'S REQUEST FOR AN ORDER COMPELLING COMPLETE INFRINGEMENT CONTENTIONS AND FURTHER INTERROGATORY RESPONSES**

*Of Counsel:*

Hilda C. Galvan
Keith B. Davis
Christopher A. Buxton
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
(214) 969-4556
hcgalvan@jonesday.com
kbdavis@jonesday.com
cbuxton@jonesday.com

David B. Cochran
JONES DAY
North Point 901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7029
dcochran@jonesday.com

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendant
Xilinx, Inc.*

Thomas W. Ritchie
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
(312) 269-4003
twritchie@jonesday.com

Jonathan McNeal Smith
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
(213) 243-2559
jonathansmith@jonesday.com

Dear Magistrate Judge Hall:

Xilinx respectfully requests an Order compelling WSOU to supplement its deficient discovery responses regarding invalidity and infringement, as further detailed below.

### WSOU's Deficient Responses to Interrogatory Nos. 3 and 12 Regarding Invalidity

Xilinx's Interrogatory Nos. 3 and 12 seek WSOU's contentions concerning the validity of the asserted patents and the prior art. Smith Decl. Ex. A. Although this information is relevant to Xilinx's invalidity defenses and counterclaims, and discoverable under Rule 26(b), WSOU has refused to provide any substantive response, instead objecting that "Xilinx bears the burden of proving invalidity," and that each "interrogatory is premature," and indicating that "[i]f Xilinx satisfies its burden by making a prima facie case of invalidity through its expert report, WSOU will rebut Xilinx's position through its expert report." *Id.* Ex. B at 12-13, 30-32.

WSOU's assertion that these interrogatories are "premature" lacks merit. "[N]owhere in the Federal Rules of Civil Procedure is it required that a party who carries the ultimate burden on an issue at trial must establish a prima facie case before it is entitled to discover information the other party may use to rebut the prima facie case." *McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 692 (N.D. Ga. 2007). Additionally, the Court expressly "encourages the parties to serve and respond to contention interrogatories early in the case." D.I. 63, ¶8(d)(ii). And "parties are required to disclose such facts [during fact discovery] before the facts are massaged and manipulated by their expert witnesses." *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Pat. Litig.*, C.A. No. 08-889-SLR, 2013 WL 12291705, at *1 (D. Del. Oct. 22, 2013). Further, WSOU itself served an interrogatory on Xilinx's contentions regarding non-infringement, and Xilinx responded to that interrogatory notwithstanding the deficiencies in WSOU's infringement contentions, as discussed below.

In any event, on December 2, 2021, Xilinx served detailed invalidity contentions that established a prima facie case of invalidity for each asserted patent. This is particularly true for the '838 Patent, where WSOU's failure to provide a response is most acute. WSOU's infringement theory reads the '838 Patent on the Mixed Mode Clock Manager (MMCM) design of the accused products. *E.g.*, Smith Decl., Ex. D. Because the same MMCM design existed in Xilinx devices that were sold and in-use before the '838 Patent's December 16, 2013 priority date, WSOU's infringement theory results in an absolute invalidity defense for Xilinx. *See Id.* Ex. D at 1-2; Ex. H. As shown by the comparison below, the MMCM design of the prior art Xilinx devices is identical to the design that WSOU has accused of infringement.

 

*Id.*, Ex. H at 5 (prior art UltraScale MMCM from Xilinx's Invalidity Contentions).

*Id.*, Ex. D at 6 (allegedly infringing MMCM design) from WSOU's Infringement Contentions).

1

The prior art Xilinx devices containing the accused MMCM design include not only Xilinx's UltraScale devices that are accused of infringement (Ex. H), but also its Virtex-5 and -6 devices, which have been prior art since at least December 2007 and June 2010. *See id.* at Exs. I-J. To address this issue, Xilinx provided invalidity contentions for the '838 Patent for these devices that mirror WSOU's own infringement contentions. *Compare id.* Exs. H-J *with* Ex. D. As is well understood, "[t]hat which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889).

By refusing to respond to Interrogatory Nos. 3 and 12, WSOU has avoided addressing the fatal flaws in its '838 Patent allegations—flaws that Xilinx first raised with WSOU in a November 11, 2021 letter, and has re-raised many times thereafter. Smith Decl., Ex. K at 9-10. As a result, the Court and Xilinx are forced to expend unnecessary resources on a patent that should obviously be withdrawn from this case. By way of example, in claim construction, four of the 13 disputed claim terms are in the '838 Patent.

Regardless, a substantive response is long overdue to Xilinx's interrogatories explaining how the '838 Patent can possibly be valid (and also providing WSOU's validity contentions for the other four WSOU asserted patents). If WSOU has a basis to assert that the '838 Patent is not invalid, then it should state that basis in its discovery responses. Xilinx is similarly owed a substantive response for the other asserted patents, invalidity theories, and prior art articulated in its invalidity contentions.

Xilinx therefore respectfully requests an order compelling WSOU to respond substantively to Interrogatory Nos. 3 and 12.

## **WSOU's Deficient Infringement Contentions that Fail to Comply with ¶ 7(c) of the Discovery Order, and Failure to Respond to Interrogatory No. 1**

Xilinx's Interrogatory No. 1 seeks WSOU's infringement contentions concerning each accused product. Smith Decl. Ex. A at 8. WSOU's response merely incorporates its claim charts served pursuant to ¶ 7(c) of the Scheduling Order (D.I. 63). *Id.* Ex. B at 8-10. But WSOU's claim charts fail to comply with ¶ 7(c), and its interrogatory response is similarly deficient.

The Scheduling Order's ¶ 7(c) required WSOU to "produce an initial claim chart relating each accused product to the asserted claims." D.I. 63. While ¶ 7(c) does not require WSOU to literally produce one claim chart per accused product, WSOU must nonetheless produce claim charts sufficient to "relat[e] each accused product to the asserted claims." In other words, WSOU must provide notice of how each accused product allegedly meets the claims. WSOU has not done so. Instead, WSOU has produced only one claim chart for each asserted patent. In each chart, WSOU accused a large number of Xilinx products—but **charted only one of those accused products** despite having access to technical documents, including schematics or source code, for each of the long list of accused products. *See* Smith Decl. Exs. C-G. In an attempt to excuse its charting only one product, WSOU included a boilerplate assertion that the "following infringement analysis . . . is exemplary and applicable to other accused instrumentalities." *See, e.g., id.* Ex. C at 1. But WSOU never explains how the **sole accused product charted** for each patent is allegedly representative of all other accused but uncharted products. *Id.* This is critical because significant differences exist between the accused products; indeed, many of them do not even have the circuits or components that WSOU charted for the sole accused product. Thus, WSOU's charts do not "relat[e] each known accused product to the asserted claims" as ¶ 7(c) requires. *See also Personal Audio, LLC v. Google LLC*, C.A. No. 17-1751-CFC-CJB, Mem.

2

Order (D. Del. Nov. 15, 2018) ("[t]he law does not include an exception for a patentee that chooses to accuse a large amount of products of infringement.").

      WSOU's claim charts also are deficient because they fail to provide adequate notice of how the cited evidence supports its infringement contentions. Specifically, at the beginning of each limitation, WSOU presents long string citations to a laundry list of documents without explaining how each citation is related to infringement, and frequently without any pin cites. For example, WSOU includes the following string citation in support of its contention that the accused products meet the preamble of claim 7 of the '653 Patent:

> To the extent the preamble is limiting, the accused instrumentalities enable the practice of a method of evaluating a binary input signal of a transmission link and of recognizing the edges of an eye diagram of the input signal. *See, e.g.*, XILINX_WSOU-0001667-XILINX_WSOU-0001758; XILINX_WSOU-0009168-XILINX_WSOU-0009212; XILINX_WSOU-0009213-XILINX_WSOU-0009216; XILINX_WSOU-0010634-XILINX_WSOU-0010662 at 10643-10647; XILINX_WSOU-0017308-XILINX_WSOU-0017331 at 17308-17313, 17320, 17323-17330; XILINX_WSOU-0018200-XILINX_WSOU-0018216; XILINX_WSOU-0018217-XILINX_WSOU-0018238; XILINX_WSOU-0018239-XILINX_WSOU-0018312 at 18281-18300; XILINX_WSOU-0018341-XILINX_WSOU-0018353; XILINX_WSOU-0018354-XILINX_WSOU-0018376; XILINX_WSOU-0018377-XILINX_WSOU-0018400; XILINX_WSOU-0018401-XILINX_WSOU-0018420; XILINX_WSOU-0018748-XILINX_WSOU-0018992; XILINX_WSOU-0019023-XILINX_WSOU-0019030; XILINX_WSOU-0020032-XILINX_WSOU-0020040; XILINX_WSOU-0023124-XILINX_WSOU-0023140; XILINX_WSOU-0023141-XILINX_WSOU-0023156; XILINX_WSOU-0024281-XILINX_WSOU-0024312; XILINX_WSOU-0024281-XILINX_WSOU-0024312; XILINX_WSOU-0024313-XILINX_WSOU-0024361; XILINX_WSOU-0024408-XILINX_WSOU-0024434; XILINX_WSOU-0025129-XILINX_WSOU-0025164; XILINX_WSOU-0025830-XILINX_WSOU-0025849; XILINX_WSOU-0025850-XILINX_WSOU-0026129; XILINX_WSOU-0028608-XILINX_WSOU-0028698; XILINX_WSOU-0030474 - XILINX_WSOU-0030489.

Smith Decl. Ex. C at 2. This lengthy citation does not provide any notice at all about WSOU's infringement theory. Indeed, all but four of these citations ***are to entire documents***, spanning dozens if not hundreds of pages. As an example, WSOU cites an entire product guide at XILINX_WSOU-0018748-XILINX_WSOU-0018992—which spans 244 pages—without any explanation of which parts are relevant to its infringement allegation. *Id.* Compounding this uncertainty further, WSOU substantially repeats by rote this same string citation for every other claim limitation. *Id.* at 11, 17, 21. WSOU's other claim charts include similar lengthy, vague string citations. *See id.* at Exs. D-G. Because these citations fail to comply with ¶ 7(c) and do not provide adequate notice of WSOU's infringement contentions, they should be stricken, limiting WSOU to those infringement theories specifically disclosed in its charts.

      WSOU's claim charts for the '950 and '971 Patents also are deficient because they effectively assert indirect infringement, which the court already has dismissed from this case. In each chart, WSOU contends that the accused products ***enable*** performance of certain claim limitations. But WSOU never explains how the accused products themselves satisfy each limitation—and, hence, why Xilinx directly (as opposed to indirectly) infringes. *E.g., id.* Ex. F at 6; Ex. G at 8. Further, these two claim charts improperly identify third-party (non-Xilinx) components as satisfying claim limitations. WSOU's indirect infringement claims were dismissed over 8 months ago; WSOU cannot resurrect them in its claim charts. The charts are therefore deficient, and must be supplemented to identify where each limitation is found in each Xilinx accused product alone—not in third-party uses of them and non-Xilinx components. Or, WSOU must withdraw its assertion of the '950 and '971 Patents.

      Xilinx requests an order compelling WSOU to supplement its claim charts and response to Interrogatory No. 1 to address these deficiencies.

Dated: February 28, 2022

OF COUNSEL:

Hilda C. Galvan
Keith B. Davis
Christopher A. Buxton
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
(214) 969-4556
hcgalvan@jonesday.com
kbdavis@jonesday.com
cbuxton@jonesday.com

David B. Cochran
JONES DAY
North Point 901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-7029
dcochran@jonesday.com

Thomas W. Ritchie
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
(312) 269-4003
twritchie@jonesday.com

Jonathan McNeal Smith
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
(213) 243-2559
jonathansmith@jonesday.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Xilinx, Inc.*

29136689

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 28, 2022, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY E-MAIL**

James M. Lennon
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
jlennon@devlinlawfirm.com

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John W. Downing
Heather S. Kim
ThucMinh Nguyen
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
tnguyen@kasowitz.com

Isaac Rabicoff
RABICOFF LAW FIRM LLC
5680 King Centre Drive, Suite 645
Alexandria, VA 22315
isaac@rabilaw.com

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street N.E., Suite 2445
Atlanta, GA 30309
pwilliams@kasowitz.com

Shelley Ivan
Hershy Stern
Joshua A. Whitehill
Howard L. Bressler
Bradley P. Lerman
Noah P. Dorman
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
sivan@kasowitz.com
hstern@kasowitz.com
jwhitehill@kasowitz.com
hbressler@kasowitz.com
blerman@kasowitz.com
ndorman@kasowitz.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Xilinx, Inc.*