# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Xilinx, Inc.,**<br><br>    Defendant. | C.A. No. 1:20-cv-01228-CFC-JLH (Consolidated)<br><br>JURY TRIAL DEMANDED<br><br>**EXHIBITS M & N FILED SEPARATELY UNDER SEAL** |

## PLAINTIFF'S RESPONSIVE LETTER TO THE HONORABLE JENNIFER L. HALL REGARDING DISCOVERY DISPUTES

Dated: March 3, 2022

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
Peter Akawie Mazur (No. 6732)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com
pmazur@devlinlawfirm.com

*Attorneys for Plaintiff*

Dear Judge Hall:

Pursuant to Your Honor's Oral Order (D.I. 119), Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") provides its responsive positions on the discovery issues for which Defendant Xilinx, Inc. ("Xilinx") seeks relief in its Letter (D.I. 123).

### A. Xilinx's Demand for Brazos to Provide Validity Contentions Is Not Proportional to the Needs of the Case

The Court should reject Xilinx's motion to compel Brazos to respond to Xilinx's Interrogatory Nos. 3 and 12, which seek Brazos's validity contentions in response to Xilinx's invalidity contentions. Although Brazos has asserted just eight patent claims in this consolidated action, Xilinx's invalidity contentions are incredibly voluminous. Indeed, Xilinx's contentions span over 800 pages, contain 52 claim charts, identify over 200 alleged prior art references, nearly 50 anticipation positions, and almost 100 obviousness combinations. *See* Ex. M.[1] Xilinx's demand that Brazos respond to such voluminous invalidity contentions now, rather than in responsive expert reports, is not proportional to the needs of the case. *See Gillette Co. v. Dollar Shave Club, Inc.*, No. 15-1158-LPS-CJB, 2018 WL 3528720, at *2 (D. Del. July 23, 2018) (denying defendant's request to compel plaintiff to respond to an interrogatory seeking plaintiff's validity contentions, where defendants' contentions were 3,100 pages, included 55 claim charts, more than 40 prior art references, and hundreds of obviousness combinations); *see also* No. 15-1158-LPS-CJB (D. Del.), D.I. 552 at 3 (providing details about defendant's invalidity contentions and plaintiff's lack-of-proportionality objection). Indeed, Xilinx's Letter focuses on the relevance of validity contentions but fails to satisfy the proportionality requirement for seeking discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and proportional to the needs of the case*, . . ." (emphasis added)).

While it is true that Brazos served an interrogatory—Interrogatory No. 6—seeking Xilinx's non-infringement contentions and Xilinx responded to that interrogatory, the situation here is quite different. *See* Ex. N at 23-30.[2] First, unlike Xilinx's voluminous invalidity contentions, Brazos's infringement contentions (D.I. 124 Exs. C-G) total about 100 pages and contain five claim charts (*i.e.*, one chart per asserted patent). Indeed, Xilinx responded to Interrogatory No. 6 in just 8 double-spaced pages. Ex. N at 23-30. It would not be possible for Brazos to respond to 52 claim charts, over 200 alleged prior art references, nearly 50 anticipation positions, and nearly 100 obviousness combinations in anywhere close to 8 double-spaced pages; rather, it would take hundreds of pages and an unduly excessive number of hours to prepare.

---

[1] The exhibits hereto begin with Ex. M, with Exs. A-L having been submitted with Brazos's February 28, 2022 discovery dispute letter (D.I. 122).

[2] Ex. N is a corrected version of Xilinx's February 25, 2022 supplemental interrogatory responses. The version previously submitted as Ex. K to Brazos's February 28, 2022 letter (D.I. 122) contained formatting errors that Xilinx corrected only after Brazos filed its February 28, 2022 letter.

Second, validity contentions and non-infringement contentions are based on different types of information. When Brazos requested Xilinx's non-infringement contentions, the requested information concerned Xilinx's own products—information that is indisputably within Xilinx's possession, custody, or control. The key issue for validity, however, is the knowledge and understanding of the hypothetical person of ordinary skill in the art—information that is not specific to Brazos.

With regard to Xilinx's assertions about the '838 patent, Brazos is entitled to take discovery to assess the veracity and import of Xilinx's assertions.

### B. The Court Should Deny Xilinx's Requests Regarding Brazos's Infringement Claim Charts

There is no justifiable reason to order Brazos to supplement its infringement contentions. Brazos's infringement claim charts (D.I. 124 Exs. C-G) were based on publicly available information and Xilinx's initial technical productions. As explained in Brazos's February 28, 2022 submission (D.I. 122), Brazos is actively seeking additional document and source code discovery from Xilinx, and will be deposing Xilinx witnesses over the coming months. Brazos fully intends to amend and/or supplement its infringement claim charts as discovery progresses. Additionally, under the Scheduling Order, Brazos will be required "to produce final infringement contentions and any supplementation of accused products" later on in the discovery period. D.I. 63 at 23.

Contrary to Xilinx's assertion, Brazos's current infringement claim charts (D.I. 124 Exs. C-G) are not deficient. D.I. 123 at 2-3. Xilinx first argues that the claim charts are deficient because Brazos is accusing a large number of Xilinx products, but each chart charted only one of the accused products without "relating each accused product to the asserted claims." *Id.* at 2. That is inaccurate. Brazos's claim charts explain that the various accused functionalities are found in a variety of the accused products and charted functionalities and features that, to the best of Brazos's knowledge and understanding, are common to numerous accused products. *See, e.g.*, D.I. 124 Ex. C at 2-11. For example, for the '971 patent, Xilinx explained that numerous accused products are field-programmable gate array (FPGA) products that implement in a certain network architecture, and provided specific information about Virtex UltraScale+ FPGA as an exemplary embodiment of the accused products. *See, e.g.*, D.I. 124 Ex. G at 2-8.

Xilinx also asserts that "significant differences exist between the accused products [in that] many of them do not even have the circuits or components that Brazos charted for the sole accused product." D.I. 123 at 2. But with one narrow exception,[3] Xilinx has neither identified nor attempted to explain what allegedly "significant differences" exist that render the charted products non-representative of the other accused products. *See, e.g.*, Ex. N at 23-30. In any event, Brazos is entitled to take discovery of Xilinx—including through depositions and additional document discovery (*see* D.I. 122)—to ascertain the technical features and functionalities of the accused products, including their similarities and differences. As discussed

---

[3] The sole exception: In connection with the '971 patent, Xilinx has alleged that its Spartan-7 series products do not include a transceiver. D.I. 124 Ex. K at 5.

above, Brazos intends to amend and/or supplement its infringement claim charts as discovery progresses. Xilinx concedes in its letter that Brazos is not required to separately chart each accused product, but Xilinx is unclear about which accused products it believes require separate charting. D.I. 123 at 2. If Xilinx believes that certain accused products need to be separately charted and identifies those products, Brazos is willing to consider amending and/or supplementing its claim charts to the extent Xilinx's request is reasonable.[4]

Xilinx further contends that Brazos's "claim charts are deficient because they fail to provide adequate notice of how the cited evidence supports its infringement contentions" based on certain string citations therein. D.I. 123 at 3. Many of the citations in the string citations are relatively short, and it should be apparent to Xilinx what Brazos has cited. In any event, while Brazos disagrees with Xilinx's contention, Brazos will endeavor to provide additional pincites, wherever possible, when it next amends and/or supplements its infringement claim charts.

Finally, Xilinx asserts that some of Brazos's claim charts "effectively assert indirect infringement" because they state that the accused products "enable performance of certain claim limitations" and allegedly "identify third-party (non-Xilinx) components as satisfying claim limitations." D.I. 123 at 3. With regard to the "enable" language, Xilinx appears to be taking issue with word choice that was not intended to exclude direct infringement. Brazos can provide alternative language when it next amends its claim charts based on further discovery. Additionally, Brazos is entitled to take discovery, including depositions, to ascertain the veracity of Xilinx's assertion that the identified materials are indeed wholly "third-party (non-Xilinx) components," as well as to determine to what extent the accused products nevertheless have those or similar components. Based on such discovery, Brazos will timely amend and/or supplement its claim charts to the extent necessary.

                                                 Respectfully submitted,

                                                 James M. Lennon (No. 4570)
                                                 *Attorneys for Plaintiff WSOU Investments, LLC*
                                                 *d/b/a Brazos Licensing and Development*

Enclosures
cc:     Clerk of the Court (via CM/ECF, w/encls.)
        All Counsel of Record (via CM/ECF, encls via email)

---

[4] Unlike in *Personal Audio v. Google*, cited by Xilinx (D.I. 123 at 2-3), Brazos has not accused over 2,000 products.