# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>Plaintiff,<br><br>v.<br><br>**Xilinx, Inc.,**<br><br>Defendant. | C.A. No. 1:20-cv-01228-CFC-JLH (Consolidated)<br><br>JURY TRIAL DEMANDED<br><br>█████████<br><br>**REDACTED - PUBLIC VERSION** |

## PLAINTIFF'S LETTER TO THE HONORABLE JENNIFER L. HALL
## REGARDING DISCOVERY DISPUTES

Dated: February 28, 2022

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
Peter Akawie Mazur (No. 6732)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com
pmazur@devlinlawfirm.com

*Attorneys for Plaintiff*

Dear Judge Hall:

Pursuant to Your Honor's Oral Order (D.I. 119), Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") provides its positions on the discovery issues for which it seeks relief.

Brazos served its document requests (Ex. A) on Defendant Xilinx, Inc. ("Xilinx") on September 15, 2021—nearly six months ago. Aside from Xilinx's purported core technical document production pursuant to the Scheduling Order (D.I. 63 at 4) on September 29, and a single Excel spreadsheet on October 20, Xilinx went several months without producing anything responsive to Brazos's requests and refused to commit to doing so. Over the past five months, the parties have exchanged multiple letters and met and conferred regarding Xilinx's deficient discovery responses and productions (Exs. B-H). Although Xilinx updated its production on January 19, 2022, Xilinx refuses to commit to complying with the full scope of Brazos's requests and is still being purposefully unclear about (1) what Xilinx has actually produced, how it went about identifying those documents for production, and what it is withholding, (2) what Xilinx is willing or unwilling to search for and produce, and (3) when Xilinx plans to complete its production. For the reasons below, the Court should compel Xilinx to produce the full scope of documents and information that Brazos seeks.

## Background

On September 1, 2021, Brazos identified the Xilinx products that Brazos is currently accusing of infringing the five patents-in-suit (Ex. I). Pursuant to the Scheduling Order (D.I. 63 at 4), on October 27, 2021, Brazos served its initial infringement claim charts. Pursuant to the Court's October 28, 2021 Oral Order (D.I. 93), on November 8, 2021, Brazos served amended claim charts (Ex. J).

In the interim, on September 15, 2021, Brazos served its document requests (Ex. A), to which Xilinx responded on October 19, 2021 (Ex. B). Over the ensuing weeks, the parties exchanged letters about Xilinx's deficient discovery responses and production (Exs. C, D), and then met and conferred on November 18. During the call, Brazos's counsel explained the scope and relevance of the documents and information Brazos seeks, but Xilinx disagreed. In further correspondence, Brazos narrowed several of its document requests (Ex. E), but Xilinx still refused to comply with Brazos's requests (Ex. F). After additional correspondence (Exs. G, H), the parties met and conferred again on January 7, but could not reach agreement about the scope of discovery or Xilinx's document collection procedures. D.I. 118.

## Brazos's Positions

### A.  Xilinx Improperly Refuses to Provide Discovery on the Full Scope of Accused Products, Accused Functionalities, or Related Products

Through its document requests, Brazos seeks, *inter alia*, technical documents regarding the Accused Products, Accused Functionalities and Related Products. (*See* Ex. A at Req. Nos. 2-5, 22, 35; Ex. F at 2; Ex. H at 2.) Initially, Xilinx alleged that Brazos's infringement contentions were deficient and therefore refused to agree to produce documents regarding the "Accused

Products" that Xilinx deemed to be insufficiently charted in Brazos's infringement contentions, or regarding any "Related Products." (Ex. D at 1-4.) Since then, on the parties' January 7, 2022 meet-and-confer teleconference, Xilinx represented that it would produce technical documents only "sufficient to show" the functionality of the Accused Products regardless of any alleged "insufficiency" of Brazos's infringement contentions, and continued to refuse to produce documents regarding the Accused Functionalities or Related Products.

Brazos is entitled to discovery on the full scope of what it requested, including the full scope of Accused Products, as well as Accused Functionalities and Related Products. Xilinx should not be permitted to cherry-pick which technical materials it considers to be "sufficient to show" how the Accused Products work—a key issue for infringement. Moreover, information concerning Accused Functionalities, even if not in the specifically identified Accused Products, or concerning Xilinx's Related Products is relevant to the issue of infringement and proportional to the needs of this case. "Indeed, the inherent purpose of discovery would be stymied by limiting all discovery requests to the infringement known by the patent holder during the early stages of litigation." *Tessera Inc. v. Sony Elecs., Inc.*, No. 10-0838-RMB-KMW, 2012 WL 13035109, at *3 (D. Del. Aug. 8, 2012) (granting plaintiff's motion to compel discovery of related products, because "limiting discovery to the products accused in [plaintiff's] PICs is contrary to 'the broad and liberal' policy of discovery promoted by the Federal Rules of Civil Procedure.").[1]

### B. Xilinx's Deficient Source Code, Schematics, and Technical Productions

Xilinx does not appear to have produced all of its source code, schematics, or other technical materials for Accused Products and Functionalities. For example, Brazos has not located any source code or schematics for Xilinx's Spartan line of products or ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Xilinx has not produced schematics for its decision circuits. Further, a large number of schematic contents of cells have not been produced by Xilinx. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. In addition, although the Court's Scheduling Order required Xilinx to produce its core technical documents for **each** accused product by September 29, 2021 (D.I. 63 at 4), Xilinx did not produce any technical documents for certain Accused Products, such as Xilinx's Spartan line, until January 19, 2022, and Brazos cannot be sure whether Xilinx's production is complete, particularly without any representations in that regard from Xilinx.[2]

Further, as discussed above, Brazos has propounded requests that seek technical information about the Accused Products and Functionalities, but Xilinx improperly limits its

---

[1] In addition, although Xilinx supplemented its responses to some of Brazos's interrogatories at the end of the day this past Friday, Xilinx's responses are still improperly limited to the Accused Products and do not identify or provide any information about Related Products. (Ex. K at 8-22 (Interrogatory Nos. 1-5).) The Court should compel Xilinx to further supplement its responses.

[2] This past Friday, Xilinx advised Brazos's counsel that certain schematics files were erroneously not included on the source code review computer, and that the Spartan source code is available for review. (Ex. L.) Brazos has not yet had a chance to examine the veracity of Xilinx's claims.

production to "documents sufficient to show how the Accused Products work." (Ex. B at Req Nos. 3-5, 22, 35.) Xilinx should not be permitted to cherry-pick which technical documents it produces, which would unfairly hamstring Brazos's ability to develop its infringement case. The Court should compel Xilinx to search for and produce the full scope of technical materials that Brazos seeks, including by using reasonable search terms applied to relevant custodial and centrally-located folders that Xilinx's expects may include responsive technical documents.

### C. Xilinx's Deficient Financial, Business, and Other Non-Technical Productions

WSOU has requested that Xilinx produce a variety of non-technical documents and information, including, for example, financial materials (Ex. A at Req. Nos. 7-10, 21, 32, 33); business plans and marketing materials (*id*. at Req. Nos. 11, 16, 17, 28); consumer or industry demand materials (*id*. at Req. Nos. 18-20); licensing, settlement, royalty and joint venture agreement materials (*id*. at Req. Nos. 12-15, 29); organizational charts and related materials (*id*. at Req. Nos. 23-26); and competitive intelligence and related materials (*id*. at Req. No. 27). *See* Ex. H at 2-3. These requested materials are primarily relevant to the issue of damages, but are also likely to lead to information relevant to Brazos's infringement case. Xilinx, however, refuses to commit to producing the full scope of these narrowly requested materials. Indeed, Xilinx has stated that it will not conduct a reasonable search for such responsive documents through the use of search terms. The Court should compel Xilinx to do so.

### D. Xilinx's Improperly Refuses to Disclose Its Search Terms or Document Repositories

In light of Xilinx's refusals and delays in producing documents, Brazos has reasonably asked Xilinx to disclose the search terms it will use (or has used) and identify the document repositories it will search (or has searched), but Xilinx refuses to comply. Ex. H at 1. The requested information is neither privileged nor otherwise immune from discovery, and should be produced upon Brazos's request. Indeed, this District's Default Standard for Discovery calls for the disclosure of this type of information as a matter of course, and nothing in the parties' stipulated ESI Order (D.I. 55) precludes it.

### E. Xilinx Should Provide a Date Certain for Substantial Completion

Brazos has requested that Xilinx provide a date certain by which it will complete its document productions. Ex. H at 1. Xilinx refuses to provide such information. The delay of this production will impede Brazos's ability to take timely discovery of Xilinx and its accused products. Brazos served its document requests nearly six months ago, and needs to begin taking fact depositions in short order. To effectively and efficiently use its 85-hour allotment for depositions (D.I. 63 at 6), however, Brazos needs to first have Xilinx's documents in hand. Although the Scheduling Order sets a June 29, 2022 substantial completion deadline (D.I. 63 at 5), there is no practical reason for Xilinx to delay its completion of production until the summer. Rather, Xilinx should provide a date this spring by which it will complete its document and source code productions, so that Brazos can move forward with depositions thereafter. Such a procedure would allow the parties to timely resolve any remaining document discovery disputes and avoid having to squeeze in all the depositions at the end of the discovery period.

3

Respectfully submitted,

*/s/ James M. Lennon*

James M. Lennon (No. 4570)
*Attorneys for Plaintiff WSOU Investments, LLC*

Enclosures
cc:  Clerk of the Court (via CM/ECF, w/encls.)
     All Counsel of Record (via CM/ECF & email, w/encls.)

4