# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | ) ) ) | |
| | ) | C.A. No. 20-cv-1228-CFC-JLH |
| Plaintiff, | ) | (Consolidated) |
| | ) | |
| v. | ) | |
| | ) | |
| XILINX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT XILINX, INC.'S RESPONSES TO PLAINTIFF
WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-37)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Xilinx, Inc. ("Xilinx")

objects and responds to Plaintiff WSOU Investments, LLC d/b/a/ Brazos Licensing and

Development's ("WSOU") First Set of Requests for Production (Nos. 1-37).  In providing

information in response to these requests, Xilinx does not concede the relevancy, materiality, or

admissibility of any such information and reserves all objections.  Xilinx further states that its

investigation continues, and it reserves the right to amend and supplement these responses as

additional information is identified.

**PRELIMINARY STATEMENT**

1.     Discovery is in its early stages.  Xilinx has not yet completed discovery relating to

this case, and its investigation of the facts is ongoing.  Xilinx's responses to these Requests for

production are based upon information presently known and available to Xilinx.   Certain

documents and information relevant to these Requests are solely within WSOU's possession,

custody, and control. Xilinx's responses to these Requests, therefore, are made without prejudice

to Xilinx's right to supplement its responses to these and other requests, its identification and

production of documents, and any other evidence of any kind in this case, pursuant to Rule 26(e)

- 1 -

of the Federal Rules of Civil Procedure.  Xilinx expressly reserves the right to rely, at any time including trial, upon subsequently discovered documents, things, or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

2.      Xilinx responds to these Requests as it interprets and understands each request as set forth.  If WSOU subsequently asserts an interpretation of any request that differs from Xilinx's understanding of that request, Xilinx reserves its right to supplement the objections and responses.

3.      Any statement that Xilinx will produce documents in response to a given request shall not be construed as an admission with respect to any issue in this action or discovery with respect thereto.  Furthermore, any statement that Xilinx will produce documents in response to a given request does not constitute an admission that the entire literal scope of the request is appropriate, or that Xilinx has agreed to produce documents that fall within any inappropriate scope of the request.  If Xilinx's response to any request is that it will produce "responsive" documents, that means it will produce documents it locates after a reasonable search that are responsive only to that portion of the request to which Xilinx has not lodged an objection.

4.      Xilinx will produce non-privileged documents in response to these requests, to the extent such documents exist, following a reasonable search and subject to the objections set forth herein beginning in a timely manner and continuing on a rolling basis, and anticipates production to be substantially complete on or before June 29, 2022 pursuant to the Scheduling Order (D.I. 63).

## **GENERAL OBJECTIONS**

1.      Xilinx objects to each definition, instruction, or Request to the extent that they are inconsistent with or seek to impose a duty beyond that imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, and/or the Orders or instructions of this Court.

2.      Xilinx objects to each definition, instruction, or Request to the extent that they seek electronically stored information that is not reasonably accessible because of the undue

burden or cost associated with retrieving and producing such information, or to the extent they are otherwise inconsistent with or contrary to the Local Rules for the District of Delaware and/or the Parties' Stipulation and Order Regarding Discovery, Including Discovery of Electronically Stored Information (ESI).

3.      Xilinx objects to each definition, instruction, or Request to the extent that they seek information or documents protected by the attorney-client privilege, work-product immunity, the common-interest privilege (also known as the joint-defense privilege), the privilege afforded non-testifying experts by Federal Rule of Civil Procedure 26(b), Federal Rule of Evidence 501, and/or any other applicable common law or statutory privileges, immunities or doctrines.  Such documentation or information shall not be provided intentionally in response to the Requests.  Should any response by Xilinx include such privileged or protected information, such disclosure shall not constitute a waiver of any applicable privilege or immunity or of any other ground for objecting to discovery with respect to such response, or of Xilinx's right to object during this litigation or otherwise to the use of such response.  Insofar as any document is withheld on these grounds, Xilinx will list them on an appropriate privilege log that will be provided to WSOU at an appropriate time.

4.      Xilinx objects to WSOU's definition of the terms "Accused Products" and "Accused Product" (Definition No. 7) because they are overbroad, unduly burdensome, and seek information that is not relevant to any claim or defense in this case to the extent they purport to encompass products for which WSOU has not provided a claim chart or infringement contentions purporting to compare one or more claims of the Patents-in-Suit to one or more features of a Xilinx product.  The burden and expense of complying with the scope of requests seeking documents or information concerning "Accused Products" as defined by WSOU far

outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  For the purpose of responding to these Requests, Xilinx understands the terms "Accused Products" and "Accused Product" to mean only the Xilinx products that are the subject of the claim charts attached to WSOU's complaint in each Action.  Xilinx reserves the right to amend and supplement these responses to the extent WSOU provides infringement claim charts relating the asserted claims to other Xilinx products.

5.     Xilinx objects that that the term "Related Products" is undefined and renders each request seeking documents or information concerning "Related Products" vague and ambiguous. Xilinx also objects that requests seeking documents or information concerning "Related Products" are overly broad, unduly burdensome, and seek information that is not relevant to any claim or defense in this case.  The burden and expense of complying with the scope of requests seeking documents or information concerning "Related Products" far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.

6.     Xilinx objects to WSOU's definition of the term "Accused Functionalities" (Definition No. 8) as overbroad, unduly burdensome, not proportionate to the needs of the case, and not relevant to any claim or defense to the extent it does not accurately portray the claims of the Patents-in-Suit.  For the purpose of responding to these Requests, Xilinx understands the term "Accused Functionalities" to mean the components of the Xilinx products that WSOU contends are covered by the asserted claims of the Patents-in-Suit.

7.     Xilinx objects to WSOU's definitions of the term "Communication" (Definition Nos. 10 and 11) as overbroad and unduly burdensome to the extent they conflict with the Parties' Stipulation and Order Regarding Discovery, Including Discovery of Electronically Stored Information (ESI) and seeks materials the Parties have agreed not to provide.  For the purpose of

responding to these Requests, Xilinx understands the term "Communication" not to include "electronic mail message[s]" or materials not preserved and not required to be preserved per the Parties' Stipulation and Order Regarding Discovery, Including Discovery of Electronically Stored Information (ESI).

8.      Xilinx objects to WSOU's definition of the terms "Concern," "Concerning," "Relate," "Related" and "Relating" (Definition No. 12) as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of the case.  For the purpose of responding to these Requests, Xilinx understands each of "Concern," "Concerning," "Relate," "Related" and "Relating" as having its plain and ordinary meaning when responding to these Requests.

9.      Xilinx objects to WSOU's definition of the term "Describe" (Definition No. 14) as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of the case.  For the purpose of responding to these Requests, Xilinx understands the term "Describe" as having its plain and ordinary meaning when responding to these Requests.

10.      Xilinx objects to WSOU's definition of the terms "Document" and "Documents" (Definition No. 15) as overbroad and unduly burdensome to the extent it conflicts with the Parties' Stipulated Protective Order and Stipulation and Order Regarding Discovery, Including Discovery of Electronically Stored Information (ESI) and seeks materials the Parties have agreed not to provide.  For the purpose of responding to these Requests, Xilinx understands the terms "Document" and "Documents" not to include "electronic mail message[s]" or materials not preserved and not required to be preserved per the Parties' Stipulation and Order Regarding Discovery, Including Discovery of Electronically Stored Information (ESI).  To the extent the

- 5 -

terms "Document" and "Documents" purport to include "source code," Xilinx will make source code available only under the limitations provided for by the Parties' Stipulated Protective Order.

11.     Xilinx objects to WSOU's definition of the term "Identify" (Definition No. 17) as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it conflicts with the Parties' Stipulated Protective Order and Stipulation and Order Regarding Discovery, Including Discovery of Electronically Stored Information (ESI) and the Parties' agreement as to the provision of privilege logs.  Insofar as any document is withheld as privileged, Xilinx will list them on an appropriate privilege log that will be provided to WSOU at an appropriate time per the requirements of the Parties' Stipulated Protective Order and Stipulation and Order Regarding Discovery, Including Discovery of Electronically Stored Information (ESI).

12.     Xilinx objects to WSOU's definition of the term "Infringe" (Definition No. 18) as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense to the extent it purports to include any form of infringement under 35 U.S.C. § 271 that is not at issue in these Actions.  Following the Court's order dismissing WSOU's claims of indirect infringement, Xilinx understands the term "Infringe" to mean only direct infringement for the purpose of responding to these Requests.

13.     Xilinx objects to WSOU's definition of the terms "Product" and "products" (Definition No. 22) as overbroad and unduly burdensome to the extent it purports to encompass products for which WSOU has not provided a claim chart or infringement contentions purporting to compare one or more claims of the Patents-in-Suit to one or more features of a Xilinx product. For the purpose of responding to these Requests, Xilinx understands the terms "Product" and "products" to mean only the Xilinx products that are the subject of the claim charts attached to

WSOU's complaint in each Action.  Xilinx reserves the right to amend and supplement these responses to the extent WSOU provides infringement claim charts relating the asserted claims to other Xilinx products.

14.     Xilinx objects to WSOU's definition of the terms "Related Patents" and "Related Patent Applications" (Definition No. 23) as overbroad and unduly burdensome to the extent it purports to include patents or patent applications that WSOU has not expressly identified as related to any of the Patents-in-Suit.  For the purpose of responding to these Requests, Xilinx understands the terms "Related Patents" and "Related Patent Applications" to mean only the patents and patent applications expressly identified in WSOU's Identification of Accused Products and Patents-in-Suit, served September 1, 2021.

15.     Xilinx objects to WSOU's definition of the terms "WSOU" and "Plaintiff" (Definition No. 24) as overbroad and unduly burdensome to the extent it purports to place a duty on Xilinx to investigate and or determine WSOU's "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates."  For the purpose of responding to these Requests, Xilinx understands the terms "WSOU" and/or "Plaintiff" to mean WSOU Investments, LLC d/b/a Brazos Licensing and Development.

16.     Xilinx objects to WSOU's definition of the terms "Xilinx," "Defendant," "You" and "Your" (Definition No. 23) as overbroad and unduly burdensome to the extent that any of these terms purport to include parents, subsidiaries, affiliates and/or any other entities that are not named as defendants in this case.  For the purpose of responding to these Requests, Xilinx understands the terms "Xilinx," "Defendant," "You" and "Your" to mean Xilinx, Inc.

17.     Xilinx objects to each definition, instruction, or Request as overly broad and unduly burdensome to the extent that they seek information and/or documents that are unlimited

- 7 -

in time or include a time frame beyond that which is relevant to this litigation.  Subject to and without waiving any of its objections, to the extent any responsive, non-privileged information exists, Xilinx will provide information in existence within six years prior to the date of filing of the Complaint by WSOU.

18.     Xilinx objects to each definition, instruction, or Request to the extent they seek "all" information and/or documentation that refers or relates to a particular subject if it was intended by WSOU to impose any requirement upon Xilinx to seek information from all of its employees, entities, affiliates, customers, and/or suppliers in a manner that is inconsistent with the provisions of Rule 26(b)(2) of the Federal Rules of Civil Procedure and/or the Parties' Stipulation and Order Regarding Discovery, Including Discovery of Electronically Stored Information (ESI) ("ESI Order").  In searching for documents, Xilinx expects to make inquiry of persons who are reasonably likely to have such documents and of other persons identified by these persons.  In response to these Requests, and assuming no other objections or privileges apply, Xilinx will provide responses after a reasonable inquiry.

19.     Xilinx objects to each definition, instruction, or Request to the extent that they seek information that is not in Xilinx's possession, custody, or control, or to the extent Xilinx requires additional information before responding to a given request.  Xilinx reserves the right to amend and supplement these responses as discovery proceeds.

20.     Xilinx's responses to these Requests are made without in any way waiving (a) the right to object on the grounds of competency, relevancy, materiality, privilege or admissibility as evidence for any purpose in any subsequent proceeding in, or the hearing of, this action or any other action; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of these Requests.  Xilinx reserves all rights to contest and/or object

to admissibility at trial of Xilinx's responses to these Requests and any information, document or thing provided by Xilinx.

21.     A response by Xilinx to any Request that has been objected to in whole or in part is not a waiver of the objection.  By asserting various objections, Xilinx does not waive other objections that may become applicable.

22.     Xilinx's responses are based on its present knowledge, information and belief, as well as its present understanding of each Request.  Xilinx is continuing its investigation to obtain information and/or documents responsive to these Requests.  The following responses are provided without prejudice to Xilinx's right to present information subsequently discovered or determined to be responsive and to amend or otherwise supplement these responses consistent with the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware, the Scheduling Order, and/or the Parties' Stipulation and Order Regarding Discovery, Including Discovery of Electronically Stored Information (ESI).

23.     Any response provided herein that states that documents and/or things will be produced is to be construed as relating only to responsive documents and things that are not otherwise subject to the general objections or any specific objection.  Moreover, such statement is not a representation that any such documents and things exist, but rather that any such documents and things that may be located upon a reasonable search will be produced or made available for inspection.

24.     All of the foregoing General Objections are incorporated by reference below into each separate response.  Subject to and without waiving these General Objections, Xilinx responds and specifically objects to WSOU's Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents identified or considered by You in Your responses to any of WSOU's concurrently-propounded Interrogatories in the Actions.

## RESPONSE:

Xilinx incorporates by reference its General Objections above.  In addition to the General Objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overly broad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it seeks "all documents."  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of this case. Xilinx objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "considered by You in Your responses," which is undefined and subject to multiple interpretations.  Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce documents specifically identified in its responses to WSOU's First Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33(d).

**REQUEST FOR PRODUCTION NO. 2:**

All documents reasonably related to the date when each Accused Product, Related

Product, and product identified in Your response to Interrogatory No. 1 was developed, and the

date each was sold, offered for sale, or otherwise made available to customers and/or consumers

by You.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections

to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx

specifically objects to this Request to the extent it seeks information protected by the attorney-

client privilege, attorney work product immunity, the common interest privilege, or any other

applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because

it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or

defense in this case to the extent it is unlimited with respect to time or geography, to the extent it

seeks "all documents," to the extent it seeks production of information "reasonably related to the

date," and to the extent the terms "Accused Products," "Related Products," or "product" purport

to include anything other than the Xilinx products that are the subject of the claim charts attached

to WSOU's complaint filed in each Action.  The burden and expense of complying with the

scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and

therefore is not proportional to the needs of the case.  Xilinx also objects to this Request on the

grounds that it is vague and ambiguous, including without limitation, in its use of the phrase

"reasonably related to the date," and the term "Related Products," which are undefined and

subject to multiple interpretations.  Xilinx also objects to the terms "related to" and "identified"

and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed

above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce non-privileged documents sufficient to show information responsive to this Request that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that provide a technical description of the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1, including but not limited to software architecture design documents, general architecture documents, reference material, high-level/low-level requirement design documents, test plans and schedules, user flows, software requirements specifications, and manuals.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action, and to the extent the term

- 12 -

"Accused Functionalities" purports to mean anything other than the components of the Xilinx products that WSOU contends practice the asserted claims of the Patents-in-Suit.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "provide a technical description," and the term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx will produce non-privileged documents sufficient to show how the Accused Products work that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, including Hardware Specifications and source code, sufficient to fully describe the functionality, operation, design, architecture, topology, and deployment of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-

client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent it seeks production of information "sufficient to fully describe the functionality, operation, design, architecture, topology, and deployment," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx objects to this request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "fully describe," and the term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx also objects to the terms "describe" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 14 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce non-privileged documents sufficient to show how the Accused Products work that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.   With respect to source code and/or schematics that fall within such non-privileged documents, the source code and/or schematics will be made available pursuant to the terms of the Protective Order.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to the technology, products, and services incorporated into the Accused Products, Related Products, and products identified in response to Interrogatory No. 1 with respect to the Accused Functionalities.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks production of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent it seeks production of information relating to "the technology, products, and services incorporated into" any products, to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action, to the extent the term "Accused Functionalities" purports to mean anything other than the components of the Xilinx products that WSOU contends practice the asserted claims of the Patents-in-Suit.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx objects to this request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "the technology, products, and services incorporated into," and the term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx also objects to the terms "related to" and

"identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has produced non-privileged documents sufficient to show how products identified by WSOU on September 1, 2021 work that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist. Such non-privileged documents include source code and/or schematics that have been made available pursuant to the terms of the Protective Order.

**REQUEST FOR PRODUCTION NO. 6:**

All documents reasonably related to when and how You first became aware of each of the Patents-in-Suit.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above.  In addition to the General Objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad and unduly burdensome to the extent it seeks "all documents," and to the extent it seeks production of "documents reasonably related to" a particular date or time.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "reasonably related to when and

how You first became aware," which is undefined and subject to multiple interpretations.  Xilinx also objects to the term "related to" and specifically incorporates its objections to WSOU's Definition No. 12 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx incorporates herein its response to Interrogatory No. 7.  The documents referenced therein are publicly available in the court's docket for each Action.

**REQUEST FOR PRODUCTION NO. 7:**

All documents sufficient to show by month, quarter, and/or year the actual and projected sales volume, transaction revenue, the actual and projected net and gross revenue, the actual and projected costs (itemized in sufficient detail to include direct labor costs, direct material costs, manufacturing overhead costs, other costs of goods sold, licensing costs, and other operating costs), the actual and projected number of users, the actual and projected licensing revenue, and the actual and projected gross and operating profitability for the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or

defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx objects to this request on the grounds that it is vague and ambiguous, including without limitation, in its use of the term "Related Products," and the phrase "the actual and projected sales volume, transaction revenue, the actual and projected net and gross revenue, the actual and projected costs (itemized in sufficient detail to include direct labor costs, direct material costs, manufacturing overhead costs, other costs of goods sold, licensing costs, and other operating costs), the actual and projected number of users, the actual and projected licensing revenue, and the actual and projected gross and operating profitability," which are undefined and subject to multiple interpretations.  Xilinx objects to this request to the extent it seeks information not maintained in the ordinary course of Xilinx's business.  Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx will produce non-privileged documents sufficient to show information responsive to this Request that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 8:**

All documents related to the costs of developing and maintaining the technology used in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent it seeks production of information relating to "technology used," without regard to whether that "technology" is accused of infringement, to the extent it seeks production of information concerning "costs of developing and maintaining the technology," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "costs of developing and maintaining the technology used in," and the term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx also objects to the terms

"related to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to any attribution of revenue whether directly or indirectly, whatever the revenue's direct source, to the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent it seeks production of information relating to "any attribution of revenue whether directly or indirectly, whatever the revenue's direct source, to the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase

"any attribution of revenue either directly or indirectly, whatever the revenue's direct source," and the term "Related Products," which are undefined and subject to multiple interpretations. Xilinx also objects to the terms "related to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce non-privileged documents sufficient to show information responsive to this Request that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that You contend support any damages theory You contend is applicable.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above.  In addition to the General Objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request as overbroad and unduly burdensome to the extent it seeks "all documents," and to the extent it seeks production of information relating to "any damages theory You contend is applicable."  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx will produce non-privileged documents on which its damages expert will rely with respect to the issue of damages as required by the Court's Scheduling Order, the Local Rules of the District of Delaware, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 11:**

All documents reflecting Your internal business and marketing plans, budgets, strategic marketing or planning reports, internal planning memoranda, internal presentations, meeting notes, feasibility studies, cost/benefit analyses, customer surveys, or minutes to board meetings for any product or application line, division, or company that includes or relates to the Accused Products, Related Products, or products identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent it seeks production of information relating to "any product or application line, division, or company that includes or relates to the Accused Products, Related Products, or products identified in Your response to Interrogatory No. 1," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to

WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "application line," the phrase "internal business and marketing plans, budgets, strategic marketing or planning reports, internal planning memoranda, internal presentations, meeting notes, feasibility studies, cost/benefit analyses, customer surveys, or minutes to board meetings for any product or application line, division, or company," and term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx objects to this request to the extent it seeks documents that are not within Xilinx's possession, custody, or control.  Xilinx objects to this Request to the extent it seeks information not maintained in the ordinary course of Xilinx's business.  Xilinx also objects to the terms "relates to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce documents sufficient to show its marketing for the Xilinx products identified by WSOU, on September 1, 2021, as Accused Products.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting license agreements, royalty agreements, covenants-not-to-sue, settlement agreements, enterprise agreements, purchase agreements, product or software development agreements, joint ventures, or co-development agreements that You entered into (as licensor or licensee) involving any patent or technology related in any way or covering any

aspect of the Accused Products, Related Products, and products identified in response to Interrogatory No. 1, or for any similar or related technology.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent it seeks production of information relating to "any patent or technology related in any way or covering any aspect of the Accused Products, Related Products, and products identified in response to Interrogatory No. 1, or for any similar or related technology," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "involving any patent or technology related in any way or covering any aspect of the Accused Products," and the term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx objects to this Request to the extent it seeks disclosure of information subject to confidentiality obligations that Xilinx may owe to a third party.  Xilinx also objects to

the terms "related" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx does not have any patent license agreements relating to the inventions claimed in the patents asserted in these Actions.

**REQUEST FOR PRODUCTION NO. 13:**

All documents related to rates and amounts paid under any of the agreements identified in response to these requests for production, including, but not limited to Request for Production No. 12 above.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Request for Production No. 12. In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure. Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography and to the extent it seeks "all documents," and to the extent it seeks production of information relating to "any of the agreements" sought in Request for Production No. 12. The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its

use of the phrase "rates and amounts," which is undefined and subject to multiple interpretations. Xilinx also objects to the terms "related to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx does not have responsive documents.

## REQUEST FOR PRODUCTION NO. 14:

All documents relating to Your licensing policy or policies, including but not limited to copies of the policies themselves.

## RESPONSE:

Xilinx incorporates by reference its General Objections above.  In addition to the General Objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request as overbroad and unduly burdensome to the extent it is unlimited with respect to time or geography and to the extent it seeks "all documents," and to the extent it seeks production of information relating to "licensing policy or policies."  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to the term "relating to" and specifically incorporates its objections to WSOU's Definition No. 12 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx does not have responsive documents.

## REQUEST FOR PRODUCTION NO. 15:

All documents and communications reasonably related to the reasons for Your

decision to sell, license, offer, or provide the Accused Functionalities as implemented in the

Accused Products, Related Products, and products identified in Your response to

Interrogatory No. 1.

## RESPONSE:

Xilinx incorporates by reference its General Objections above and its specific objections

to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx

specifically objects to this Request to the extent it seeks information protected by the attorney-

client privilege, attorney work product immunity, the common interest privilege, or any other

applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because

it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or

defense in this case to the extent it is unlimited with respect to time or geography, to the extent it

seeks "all documents and communications," to the extent it seeks production of information

relating to "the reasons for Your decision to sell, license, offer, or provide the Accused

Functionalities as implemented in the Accused Products, Related Products, and products

identified in Your response to Interrogatory No. 1," to the extent the terms "Accused Products,"

"Related Products," or "products" purport to include anything other than the Xilinx products that

are the subject of the claim charts attached to WSOU's complaint filed in each Action, and to the

extent the term "Accused Functionalities" purports to mean anything other than the components

of the Xilinx products that WSOU contends practice the asserted claims of the Patents-in-Suit.

The burden and expense of complying with the scope of the Request as drafted far outweighs any

likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx objects to this request to the extent it seeks documents that are a matter of public record, are equally available to WSOU, and the burden is the same to either party to retrieve.  Xilinx also objects to the terms  "communications," "related to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 10–12 and 16 discussed above.

**<u>REQUEST FOR PRODUCTION NO. 16:</u>**

All documents related to marketing, promoting, and/or advertising the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**<u>RESPONSE:</u>**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action, and to the extent the term "Accused Functionalities" purports to mean anything other than the components of the Xilinx products that WSOU contends practice the asserted claims of the Patents-in-Suit.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely

benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.

Xilinx also objects that the term "Related Products" is undefined and renders this Request vague

and ambiguous.  Xilinx objects to this request to the extent it seeks documents that are a matter

of public record, are equally available to WSOU, and the burden is the same to either party to

retrieve.  Xilinx also objects to the terms "related to" and "identified" and specifically

incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx

responds to the non-objectionable scope of this Request as follows:

Xilinx had and/or will produce non-privileged documents sufficient to show information

responsive to this Request that are within its possession, custody, or control and located pursuant

to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 17:**

All documents reflecting any awards, recognition, or articles relating to the Accused

Functionalities as implemented in the Accused Products, Related Products, and products

identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections

to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx

specifically objects to this Request to the extent it seeks information protected by the attorney-

client privilege, attorney work product immunity, the common interest privilege, or any other

applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because

it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or

defense in this case to the extent it is unlimited with respect to time or geography, to the extent it

seeks "all documents," to the extent it seeks production of information relating to "any awards, recognition, or articles," to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action, and to the extent the term "Accused Functionalities" purports to mean anything other than the components of the Xilinx products that WSOU contends practice the asserted claims of the Patents-in-Suit.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Xilinx also objects that the term "Related Products" is undefined and renders this Request vague and ambiguous.  Xilinx objects to this request to the extent it seeks documents that are a matter of public record, are equally available to WSOU, and the burden is the same to either party to retrieve.  Xilinx also objects to the terms "relating to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx will produce non-privileged documents sufficient to show information responsive to this Request that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to any customer requests for products, hardware, software, and/or applications that include the Accused Functionalities.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above.  In addition to the General

Objections, Xilinx specifically objects to this Request to the extent it seeks information protected

by the attorney-client privilege, attorney work product immunity, the common interest privilege,

or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this

Request because it is overbroad, unduly burdensome, and seeks information that is not relevant

to any claim or defense in this case to the extent it is unlimited with respect to time or geography,

to the extent it seeks "all documents," to the extent it seeks production of information relating to

"any customer requests for products, hardware, software, and/or applications that include the

Accused Functionalities," to the extent the phrase "products, hardware, software, and/or

applications" purports to include anything other than the Xilinx products that are the subject of

the claim charts attached to WSOU's complaint filed in each Action, and to the extent the term

"Accused Functionalities" purports to mean anything other than the components of the Xilinx

products that WSOU contends practice the asserted claims of the Patents-in-Suit.  The burden

and expense of complying with the scope of the Request as drafted far outweighs any likely

benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.

Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including

without limitation, in its use of the phrase "customer requests," which is undefined and subject to

multiple interpretations.  Xilinx also objects to the term "relating to" and specifically

incorporates its objections to WSOU's Definition No. 12 discussed above.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting any industry or customer need for the Accused

Functionalities as implemented in the Accused Products, Related Products, and products

identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1. In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure. Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent it seeks production of information relating to "any industry or customer need," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action. The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "industry or customer need," and the term "Related Products," which are undefined and subject to multiple interpretations. Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting that the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1 meet industry or customer needs.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action, and to the extent the term "Accused Functionalities" purports to mean anything other than the components of the Xilinx products that WSOU contends practice the asserted claims of the Patents-in-Suit.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "meet industry or customer needs," and the term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

## REQUEST FOR PRODUCTION NO. 21:

All documents that purport to value or provide any cost-benefit analysis of particular features of the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "all documents," to the extent it seeks production of information relating to "particular features" without regard to what those features are or whether they are accused of infringement, to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action, and to the extent the term "Accused Functionalities" purports to mean anything other than the components of the Xilinx products that WSOU contends practice the asserted claims of the Patents-in-Suit.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrases "purport to value or provide any cost-benefit analysis," and "particular features of the Accused Functionalities," and the term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

**REQUEST FOR PRODUCTION NO. 22:**

All documents sufficient to fully describe all testing (and results of that testing)

You conducted or commissioned others to conduct related to the Accused Functionalities

as implemented in the Accused Products, Related Products, and products identified in

Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections

to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx

specifically objects to this Request to the extent it seeks information protected by the attorney-

client privilege, attorney work product immunity, the common interest privilege, or any other

applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because

it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or

defense in this case to the extent it is unlimited with respect to time or geography, to the extent it

seeks "all documents," to the extent it seeks production of information relating to "documents

sufficient to fully describe all testing (and results of that testing)," to the extent the terms

"Accused Products," "Related Products," or "products" purport to include anything other than

the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed

in each Action, and to the extent the term "Accused Functionalities" purports to mean anything

other than the components of the Xilinx products that WSOU contends practice the asserted

claims of the Patents-in-Suit.  The burden and expense of complying with the scope of the

Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is

not proportional to the needs of the case.  Xilinx also objects to this Request to the extent it seeks

materials not within Xilinx's possession, custody or control but are documents that, if they exist,

should be in the possession, custody, or control of WSOU or third parties.  Xilinx also objects to

this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "fully describe," and the term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx also objects to the terms "related to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Interrogatory as follows:

Xilinx will produce non-privileged documents sufficient to show how the Accused Products work that are within its possession, custody, or control and located pursuant to a reasonable and diligent search in accordance with the ESI Order, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 23:**

Documents reflecting organizational charts or similar documents relating to the organization or location of any facility or group involved in the research, development, or production of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks production of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or

defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks "documents reflecting organizational charts or similar documents," to the extent it seeks production of information relating to "the organization or location of any facility or group involved in the research, development, or production of the Accused Products, Related Products, and products identified in Your responseto Interrogatory No. 1," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx objects to this request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "similar documents relating to the organization or location of any facility or group," and the term "Related Products," which are undefined and subject to multiple interpretations.  Xilinx also objects to the terms "relating to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

## **REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to determine the name, location, title and role of all employees, persons, or entities involved in the research, development, design, or production of the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

## **RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx

specifically objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks production of information relating to "the name, location, title and role of all employees, persons, or entities involved in the research, development, design, or production of the Accused Functionalities," to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action, and to the extent the term "Accused Functionalities" purports to mean anything other than the components of the Xilinx products that WSOU contends practice the asserted claims of the Patents-in-Suit.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects that the term "Related Products" is undefined and renders this Request vague and ambiguous.  Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

## REQUEST FOR PRODUCTION NO. 25:

Documents sufficient to determine the name, location, title and role of all employees involved in the marketing, sale, or distribution of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

## RESPONSE:

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request because it is overbroad, unduly burdensome, and seeks

information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks production of information relating to "the name, location, title and role of all employees involved in the marketing, sale, or distribution of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1" and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action. The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Xilinx also objects that the term "Related Products" is undefined and renders this Request vague and ambiguous. Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show the structure of the sales and marketing departments, distributor relationships, distribution system, total market coverage, sales force territory, salesforce number, or compensation and commission structure related to the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1. In addition to the these general and specific objections, Xilinx specifically objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks production of information relating to

"the structure of the sales and marketing departments, distributor relationships, distribution system, total market coverage, sales force territory, salesforce number, or compensation and commission structure," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects that the term "Related Products" is undefined and renders this Request vague and ambiguous.  Xilinx also objects to the terms "related to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

## REQUEST FOR PRODUCTION NO. 27:

Documents relating to any product, hardware, software, application, or service that competes with any of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

## RESPONSE:

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks production of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent it seeks production of information relating to "any product, hardware, software, application, or

service that competes with any of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects that the term "Related Products" and the phrase "product, hardware, software, application, or service" are undefined, and renders this Request vague and ambiguous.  Xilinx objects to this request to the extent it seeks documents that are not within Xilinx's possession, custody, or control.  Xilinx objects to this request to the extent it seeks documents that are a matter of public record, are within the possession of third parties, or are equally available to WSOU, and the burden is the same to either party to retrieve.  Xilinx also objects to the terms "relating to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

**REQUEST FOR PRODUCTION NO. 28:**

Documents relating to advertisements, including marketing documents, sales documents, and internet web pages, created by or on Your behalf relating to the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks production of information protected by

- 41 -

the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action, and to the extent the term "Accused Functionalities" purports to mean anything other than the components of the Xilinx products that WSOU contends practice the asserted claims of the Patents-in-Suit.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects that the term "Related Products" is undefined and renders this Request vague and ambiguous.  Xilinx objects to this request to the extent it seeks documents and internet web pages that are a matter of public record, are equally available to WSOU, and the burden is the same to either party to retrieve.  Xilinx also objects to the terms "relating to" and "identified" and specifically incorporates its objections to WSOU's Definition Nos. 12 and 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce non-privileged documents sufficient to show information responsive to this Request that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 29:**

Documents related to Your corporate policy or procedures, whether formal or informal, on licensing Your technology, including patents, or on use, non-use, or licensing of technology claimed in patents owned by or assigned to entities other than You.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above.  In addition to the General Objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography, and to the extent it seeks production of information relating to "Your corporate policy or procedures, whether formal or informal, on licensing Your technology, including patents, or on use, non-use, or licensing of technology claimed in patents owned by or assigned to entities other than You."  The burden and expense of complying with the scope of the Interrogatory as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to the term "related to" and specifically incorporates its objections to WSOU's Definition No. 12 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx responds that there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

Documents relating to any opinion letters, memoranda, study, investigation, search, analysis, or opinion about the validity, enforceability, scope, or infringement of each of the Patents-In-Suit.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above.  In addition to the General Objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to time or geography. The burden and expense of complying with the scope of the Interrogatory as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to the term "relating to" and specifically incorporates its objections to WSOU's Definition No. 12 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx did not have knowledge of the patents asserted in the Actions prior to the filing of the lawsuit.  Xilinx will produce expert reports opining on the invalidity and non-infringement of the patents asserted in the Actions pursuant to the Scheduling Order.

**REQUEST FOR PRODUCTION NO. 31:**

Documents related to any analysis of the value of any patents or patent rights owned by WSOU, including but not limited to the Patents-in-Suit.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above.  In addition to the General Objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not related to any claim or defense in this case to the extent it is unlimited with respect to time or geography, and to the extent it seeks production of information relating to "any analysis of the value of any patents or patent rights owned by WSOU."  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx objects to this request to the extent it seeks documents that are not within Xilinx's possession, custody, or control.  Information relevant to this request is solely in WSOU's possession, custody, and control.  Xilinx also objects to the term "related to" and specifically incorporates its objections to WSOU's Definition No. 12 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce its invalidity contentions and prior art references for the patents asserted in the Actions.

**REQUEST FOR PRODUCTION NO. 32:**

All documents identified or considered by You in Your responses to any discovery in this Action.

**RESPONSE:**

- 45 -

Xilinx incorporates by reference its General Objections above.  In addition to the General

Objections, Xilinx specifically objects to this Request to the extent it seeks information protected

by the attorney-client privilege, attorney work product immunity, the common interest privilege,

or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this

Request as overbroad and unduly burdensome to the extent it is unlimited with respect to time or

geography and to the extent it seeks "all documents."  The burden and expense of complying

with the scope of the Interrogatory as drafted far outweighs any likely benefit of obtaining that

discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to this

Request on the grounds that it is vague and ambiguous, including without limitation, in its use of

the phrase "identified or considered by You," which is undefined and subject to multiple

interpretations.  Xilinx objects to this Request to the extent it is duplicative of any other requests,

including without limitation Request for Production No. 1.  Xilinx incorporates its responses to

those Requests here.  Xilinx also objects to the term "identified" and specifically incorporates its

objections to WSOU's Definition No. 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx

responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce non-privileged documents identified in its responses to

Plaintiff's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 33:**

All financial reports from 2014 to the present, including but not limited to:  annual

reports; SEC Filings, including 20-F, 10-K, 8-K, etc.; unaudited financial statements; operating

segment financial statements; division level financial reports; product line financial reports that

include any division that sells, licenses, offers, or provides any of the Accused Products,

Related Products, and products identified in response to Interrogatory No. 1; profit and loss statements; and tax returns.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks production of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to geography, to the extent it seeks "all financial reports," to the extent it seeks "tax returns," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects that the term "Related Products" is undefined and renders this Request vague and ambiguous.  Xilinx objects to this request to the extent it seeks information not maintained in the ordinary course of Xilinx's business.  Xilinx objects to this request to the extent it seeks documents that are a matter of public record, are equally available to WSOU, and the burden is the same to either party to retrieve.  Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce non-privileged documents sufficient to show information responsive to this Request that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 34:**

All product catalogs or brochures, including the Accused Products, Related Products, and products identified in response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks production of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to geography, to the extent it seeks "all product catalogs or brochures," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects that the term "Related Products" is undefined and renders this Request vague and ambiguous.  Xilinx objects to this request to the extent it seeks documents that are a matter of

public record, are equally available to WSOU, and the burden is the same to either party to retrieve.  Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds as follows to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce non-privileged documents sufficient to show information responsive to this Request that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 35:**

All product code descriptions (for codes used in financial or other internal reports) involving the Accused Products, Related Products, and products identified in response to Interrogatory No. 1.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above and its specific objections to Interrogatory No. 1.  In addition to the these general and specific objections, Xilinx specifically objects to this Request to the extent it seeks production of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege or immunity.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case to the extent it is unlimited with respect to geography, to the extent it seeks "all product code descriptions," and to the extent the terms "Accused Products," "Related Products," or "products" purport to include anything other than the Xilinx products that are the subject of the claim charts attached to WSOU's complaint filed in each Action.  The burden and

expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects that the term "Related Products" is undefined and renders this Request vague and ambiguous.  Xilinx also objects to this Request on the grounds that it is vague and ambiguous, including without limitation, in its use of the phrase "product code descriptions," which is undefined and subject to multiple interpretations.  Xilinx also objects to the term "identified" and specifically incorporates its objections to WSOU's Definition No. 16 discussed above.

Subject to and without waiving the foregoing general and specific objections, Xilinx responds to the non-objectionable scope of this Request as follows:

Xilinx has and/or will produce non-privileged documents sufficient to show information responsive to this Request that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent that any such documents exist.

**REQUEST FOR PRODUCTION NO. 36:**

Documents relating to Your document retention or destruction policies or practices.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above.  In addition to the General Objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request because it is overbroad, unduly burdensome, and seeks information that is not related to any claim or defense in this case, and to the extent it is unlimited with respect to time or geography, and to the extent it seeks information relating to "Your document retention or

- 50 -

destruction policies or practices."  The burden and expense of complying with the scope of the Interrogatory as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to the term "relating to" and specifically incorporates its objections to WSOU's Definition No. 12 discussed above.

**REQUEST FOR PRODUCTION NO. 37:**

All documents You may offer as evidence, use as an exhibit, or otherwise rely on in any trial, hearing, motion, submission to the court, submission to a special master, or deposition in this Action.

**RESPONSE:**

Xilinx incorporates by reference its General Objections above.  In addition to the General Objections, Xilinx specifically objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, the common interest privilege, or any other applicable privilege or immunity against disclosure.  Xilinx also objects to this Request as overbroad and unduly burdensome to the extent it is unlimited with respect to time or geography and to the extent it seeks "all documents."  The burden and expense of complying with the scope of the Interrogatory as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Xilinx also objects to this Request to the extent it requires more than what is required under the Federal Rules of Civil Procedure.

Xilinx will produce non-privileged documents on which it intends to rely at trial that are within its possession, custody, or control and located pursuant to a reasonable and diligent search, to the extent disclosure of such documents would be required by the Court's Scheduling Order, the Local Rules for the District of Delaware, or the Federal Rules of Civil Procedure.  For

example, Xilinx will not produce documents on which Xilinx intends to rely at trial solely for purposes of impeachment.

Dated: October 18, 2021

OF COUNSEL:

Hilda C. Galvan
Christopher A. Buxton
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 220-3939
hcgalvan@jonesday.com
cbuxton@jonesday.com

David B. Cochran
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-7029
dcochran@jonesday.com

Thomas W. Ritchie
JONES DAY
77 West Wacker Dr.
Chicago, IL 60601-1692
(312) 269-4003
twritchie@jonesday.com

Stephanie M. Mishaga
JONES DAY
4655 Executive Dr., Suite 1500
San Diego, CA 92121-3134
(858) 703-3140
smishaga@jonesday.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Beth A. Swadley*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
(302) 571-6600
agaza@ycst.com
rvrna@ycst.com
bswadley@ycst.com

*Attorneys for Xilinx, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Beth A. Swadley, hereby certify that on October 18, 2021, I caused a true

and correct copy of the foregoing document to be served on the following counsel

in the manner indicated:

### <u>BY E-MAIL</u>

James M. Lennon, Esquire
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
jlennon@devlinlawfirm.com

Isaac Rabicoff, Esquire
RABICOFF LAW FIRM LLC
5680 King Centre Drive, Suite 645
Alexandria, VA 22315
isaac@rabilaw.com

Jonathan K. Waldrop, Esquire
Darcy L. Jones, Esquire
Marcus A. Barber, Esquire
John W. Downing, Esquire
Heather S. Kim, Esquire
Jack Shaw, Esquire
ThucMinh Nguyen, Esquire
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
jwaldrop@kasowitz.com
djones@kasowitz.com
mbarber@kasowitz.com
jdowning@kasowitz.com
hkim@kasowitz.com
jshaw@kasowitz.com
tnguyen@kasowitz.com

Paul G. Williams, Esquire
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
pwilliams@kasowitz.com

Shelley Ivan, Esquire
Hershy Stern, Esquire
Joshua A. Whitehill, Esquire
Howard L. Bressler, Esquire
Bradley P. Lerman, Esquire
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
sivan@kasowitz.com
hstern@kasowitz.com
jwhitehill@kasowitz.com
hbressler@kasowitz.com
blerman@kasowitz.com

*Attorneys for Plaintiff*

Dated: October 18, 2021                    YOUNG CONAWAY STARGATT &
                                           TAYLOR, LLP

                                           */s/ Beth A. Swadley*
                                           Anne Shea Gaza (No. 4093)
                                           Robert M. Vrana (No. 5666)
                                           Beth A. Swadley (No. 6331)
                                           Rodney Square
                                           1000 North King Street
                                           Wilmington, DE 19801
                                           (302) 571-6600
                                           agaza@ycst.com
                                           rvrana@ycst.com
                                           bswadley@ycst.com

                                           *Attorneys for Xilinx, Inc.*