# EXHIBIT C

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

Hershy Stern
Direct Dial: (212) 506-1794
Direct Fax: (212) 835-5094
HStern@Kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

October 29, 2021

**VIA E-MAIL**
Beth A. Swadley, Associate
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
BSwadley@ycst.com

      Re: *Civ. Action No. 20-cv-1228-CFC-JLH (D. Del.) (Consolidated); Defendant Xilinx's Deficient Discovery Responses Dated October 18, 2021*

Counsel,

We write in response to Xilinx's Responses to WSOU's First Set of Requests for Production of Documents (NOS. 1-37) and WSOU's First Set of Interrogatories (NOS. 1-10). Those responses are deficient, replete with vague objections and incomplete responses, and fail to comply with Federal Rules of Civil Procedure 26, 33, and 34, as well as this Court's Local Rules and practice, as set forth below. Xilinx has also failed to provide accompanying responsive documents and has not even indicated when it will do so.

## I. Xilinx's Deficient Responses to Requests For Production:

Xilinx cherry-picks from WSOU's requests and unilaterally decides which requests it will respond to, and to which definitions it will adhere. In accordance with the Federal Rules of Civil Procedure (26 & 34), the Local Rules, and its discovery obligations, Xilinx must respond to WSOU's requests and cannot rework and reframe them to its liking. Please supplement your responses and produce responsive documents for all of the requests enumerated below.

### A. Xilinx's General Objections to Requests For Production:

- **General Objections Nos. 4 & 13**: Xilinx improperly redefines "Accused Products" and limits that term "to mean only the Xilinx products that are the subject of the claim charts attached to WSOU's complaint in each action." In addition to the claim charts attached to WSOU's complaints, WSOU also provided lists of the Accused Products for each action in its September 1, 2021 Identification of Accused Products and Asserted Patents that expand upon the claim

**KASOWITZ BENSON TORRES LLP**

October 29, 2021
Page 2

    charts attached to the complaints. WSOU is entitled to discovery on those specifically identified products and related products and services, *i.e.* broad discovery under the Federal Rules, and Xilinx is required to provide responsive information pursuant to WSOU's definition of the "Accused Products" that includes related products and services. *See*, *e.g.*, FRCP 26; *Tessera Inc. v. Sony Elecs., Inc.*, No. 10-0838-RMB-KMW, 2012 U.S. Dist. LEXIS 180771, at *11 (D. Del. Aug. 6, 2012) ("the inherent purpose of discovery would be stymied by limiting all discovery requests to the infringement known by the patent holder during the early stages of litigation"); *Elm 3ds Innovations, LLC v. Samsung Elecs. Co.*, Civil Action No. 14-1430-LPS-CJB, 2015 U.S. Dist. LEXIS 199679, at *4 (D. Del. June 30, 2015).[1] Xilinx does the same with the definition of "Product," and for the reasons stated above, must adhere to WSOU's definition and provide the requested information. Please confirm that you will produce the requested documents and supplement your responses accordingly.

- **General Objections Nos. 5 & 14**: Xilinx asserts that it will not provide responsive information concerning "Related Products" and "Related Patents" and unreasonably restricts the scope of its response. For the reasons stated above -- re General Objections Nos. 4 & 13 -- Xilinx must provide the requested information. Please confirm that you will produce the requested documents relating to WSOU's definitions and supplement your responses accordingly.

- **General Objections No. 6**: Xilinx improperly redefines "Accused Functionalities" to "components" and not "technologies" as defined by WSOU. For the reasons stated above -- re General Objections Nos. 4 & 13 -- Xilinx must provide the requested information. Please confirm that you will produce the requested documents related to WSOU's definition and supplement your responses accordingly.

---

[1] *See*, *also*, *Aristocrat Techs. v. Int'l Game Tech.*, No. C 06-03717 RMW (RS), 2009 WL 3573327, at *4-5 (N.D. Cal. Oct. 30, 2009) (granting motion to compel discovery of products not yet accused and explaining that "the generally liberal construction afforded to Rule 26 necessitates this result"); *LifeNet Health v. LifeCell Corp.*, No. 2:13CV486, 2014 WL 4162113, at *6-7 (E.D. Va. Aug. 19, 2014)("if the discovery designed at unaccused products is also relevant to accused products, than it is generally permissible"); *AGA Med. Corp. v. W.L. Gore & Assocs., Inc.*, No. CIV. 10-3734 JNE/JSM, 2011 WL 11023511, at *7-8 (D. Minn. Oct. 19, 2011) ("Cases that have examined the issue of the discoverability concerning non-accused products have concluded that the scope of discovery may include products that are 'reasonably similar' to those accused in a party's preliminary infringement chart"); *Paice, LLC v. Hyundai Motor Co.,* No. CIV. WDQ-12-0499, 2014 WL 3819204, at *10 (D. Md. June 27, 2014) (citing *O2 Micro Int'l Ltd. V. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)) (courts "have held that no 'bright line rule' limits discovery to products expressly accused in preliminary infringement contentions"); *Dr. Sys., Inc. v. Fujifilm Med. Sys. USA, Inc.*, No. CIV 06CV417 JLS NLS, 2008 WL 1734241, at *3 (S.D. Cal. Apr. 10, 2008) (finding that in "[a]pplying Rule 26, [Plaintiff's] discovery should not be limited to only the products they expressly accused"); *Epicrealm, Licensing, LLC v. Autoflex Leasing, Inc.*, No. 2:05- CV-163DFCMC, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007) ("that the scope of discovery may include products and services (in this case, websites and systems) 'reasonably similar' to those accused in the PICs"); *Alloc, Inc. v. Unilin Beheer B.V.*, No. 03-C- 1266, 2006 WL 757871, at *3 (E.D. Wis. Mar. 24, 2006) (finding manufacturing process documents "relevant for purposes of discovery under Rule 26(b)(1)," even though method claims were not asserted).

**KASOWITZ BENSON TORRES LLP**

October 29, 2021
Page 3

- **General Objections No. 12**: Xilinx improperly excludes responsive information concerning "indirect infringement." Any prior dismissal of indirect infringement claims was without prejudice to WSOU reasserting such claims if discovery reveals evidence that supports such a claim. Accordingly, and for the reasons stated above -- re General Objections Nos. 4 & 13 -- Xilinx must provide the requested information. Please confirm that you will produce the requested documents related to "indirect infringement" and supplement your responses accordingly.

  B. **Xilinx's Specific Objections And Responses to Requests For Production Deficiencies**:

     i.   **General Deficiencies:**

- Almost every response contains the improper limitation: "The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case." Please let us know what documents Xilinx is withholding on this basis and what the expense is to produce those responsive withheld documents.

- In dozens of responses, Xilinx improperly limits the requests to products specifically identified in the claim charts attached to WSOU's complaints as opposed to WSOU's proper definition. For the reasons stated above -- re General Objections Nos. 4 & 13 -- Xilinx must provide the requested information. Please confirm that you will produce the requested documents and supplement your responses accordingly.

     ii.  **All Documents Relevant to Xilinx's Discovery Responses**

- **Response No. 1**: Xilinx improperly limits its forthcoming production to "documents specifically identified in its responses to WSOU's First Set of Interrogatories." But WSOU's request also calls for documents "*identified or considered*" by Xilinx in responding to WSOU's interrogatories and many of Xilinx's interrogatory responses fail to identify any specific documents. Further, it is unclear if Xilinx plans to produce *any* responsive documents as it states only that it will produce documents "pursuant to Federal Rule of Civil Procedure 33(d)." Please confirm you will be complying with WSOU's request and will provide all non-privileged responsive documents Xilinx considered in responding to WSOU's interrogatories. Same for **Request No. 32**.

- **Response No. 37**: Xilinx limits its response to documents it intends to use at trial and inappropriately asserts it will withhold documents, including but not limited to, impeachment documents. WSOU's request includes documents Xilinx may offer as evidence, use as an exhibit, or otherwise rely on in any trial, hearing, motion, submission to the Court, submission to a special master, or deposition in this Action. Xilinx's refusal to produce the requested documents is improper. *See*, *e.g.*, *Varga v. Rockwell Intern. Corp.,* 242 F.3d 693, 697 (6th Cir.

**K ASOWITZ  B ENSON  T ORRES** LLP

October 29, 2021
Page 4

2001) (rejecting defendant's argument that it was not required to produce documents relevant to impeachment as "so devoid of merit as to be specious"); *Karr v. Four Seasons Maritime, Ltd.*, No. Civ.A.02-3413, 2004 WL 797728, at *1 (E.D. La. Apr. 12, 2004) ("nothing in the Federal Rules permits a party to refuse to produce impeachment evidence that is responsive to an opponent's *discovery* requests") (emphasis in original).  Please confirm you will produce all documents you may offer as evidence and supplement your response accordingly.

### iii. Requests Related to Technical Documents:

- **Response No. 3**:  Xilinx limits its production to cherry-picked "documents sufficient to show how the Accused Products work," as opposed to the scope of documents covered by WSOU's request.  Please confirm that, as requested, Xilinx will produce "documents that provide a technical description of the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1, including but not limited to software architecture design documents, general architecture documents, reference material, high-level/low-level requirement design documents, test plans and schedules, user flows, software requirements specifications, and manuals."

- **Response No. 4**:  Xilinx limits its production to cherry-picked "documents sufficient to show how the Accused Products work," as opposed to what WSOU requests.  Please confirm that, as requested, Xilinx will produce "documents, including Hardware Specifications and source code, sufficient to fully describe the functionality, operation, design, architecture, topology, and deployment of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1."

- **Response No. 5**:  Xilinx limits its production to cherry-picked "documents sufficient to show how the Accused Products work," as opposed to what WSOU requests.  Please confirm that, as requested, Xilinx will produce "documents related to the technology, products, and services incorporated into the Accused Products, Related Products, and products identified in response to Interrogatory No. 1 with respect to the Accused Functionalities."  Please also confirm this includes the technology in the "Accused Functionalities," as opposed to only "components."

- **Response No. 22**:  Xilinx asserts merely that it will produce "documents sufficient to show how the Accused Products work."  But WSOU's request relates to *testing*, not merely Xilinx's narrower response of how the Accused Products work.  Please confirm you will produce documents related to testing and supplement your response accordingly.

### iv. Request Related to Knowledge of Patents:

- **Response No 6**:  Xilinx asserts that its response to Interrogatory 7, claiming that Xilinx first became aware of the Patents-in-Suit when WSOU filed the actions, is its complete substantive response to this request.  Please confirm that Xilinx has run searches through its documents and files (using search terms related to the Patents-in-Suit) and that no documents pre-dating

**KASOWITZ BENSON TORRES LLP**

October 29, 2021
Page 5

WSOU's complaints exist, and otherwise please confirm Xilinx will do so and will produce responsive documents. Same for **Response No. 30**.

  v. **Requests for Financial Documents**:

- **Response No. 8**: Xilinx refuses to produce any responsive documents to this request for "documents related to the costs of developing and maintaining the technology used in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." These documents, among other things, are relevant to damages. Please be prepared to discuss your refusal at the forthcoming meet and confer.

- **Response No. 11**: Xilinx improperly limits its response to "documents sufficient to show its marketing," but it is unclear if Xilinx is refusing to comply with the remainder of the request including "marketing plans, budgets, strategic marketing or planning reports, internal planning memoranda, internal presentations, meeting notes, feasibility studies, cost/benefit analyses, customer surveys, or minutes to board meetings for any product or application line, division, or company that includes or relates to the Accused Products, Related Products, or products identified in Your response to Interrogatory No. 1." These documents, among other things, are relevant to damages. Please clarify that Xilinx intends to include the other requested materials in its production and please supplement your response accordingly.

- **Response Nos. 12 & 13**: Xilinx fails to respond concerning "royalty agreements, covenants-not-to-sue, settlement agreements, enterprise agreements, purchase agreements, product or software development agreements, joint ventures, or co-development agreements." Xilinx also improperly limits its response to "inventions claimed in the patents asserted in these Actions" as opposed to WSOU's request "involving any patent or technology related in any way or covering any aspect of the Accused Products, Related Products, and products identified in response to Interrogatory No. 1, or for any similar or related technology." These documents, among other things, are relevant to damages. Please let us know if Xilinx intends to include the other requested materials in its production (and whether, under the scope of this Request as described by WSOU, Xilinx has documents responsive to Request No. 13), and please supplement your response accordingly.

- **Response No. 31**: Xilinx does not respond to WSOU's actual request. WSOU's request relates to the value of WSOU's patents, not Xilinx's non-responsive answer concerning invalidity contentions. These documents, among other things, are relevant to damages. Please confirm that you will produce responsive documents to this request and supplement your response accordingly.

  vi. **Requests Related to Offer, Marketing, Research and Customers of the Accused Products**:

- **Response No. 15**: Xilinx refuses to produce any responsive documents to this request for "documents and communications reasonably related to the reasons for Your decision to sell,

**K ASOWITZ  B ENSON  T ORRES LLP**

October 29, 2021
Page 6

- license, offer, or provide the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

- **Response No. 18**: Xilinx refuses to produce any responsive documents to this request for "documents relating to any customer requests for products, hardware, software, and/or applications that include the Accused Functionalities." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

- **Response No. 19**: Xilinx refuses to produce any responsive documents to this request for "documents reflecting any industry or customer need for the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

- **Response No. 20**: Xilinx refuses to produce any responsive documents to this request for "documents reflecting that the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1 meet industry or customer needs." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

- **Response No. 21**: Xilinx refuses to produce any responsive documents to this request for "documents that purport to value or provide any cost-benefit analysis of particular features of the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

- **Response No. 23**: Xilinx refuses to produce any responsive documents to this request for "documents reflecting organizational charts or similar documents relating to the organization or location of any facility or group involved in the research, development, or production of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

- **Response No. 24**: Xilinx refuses to produce any responsive documents to this request for "documents sufficient to determine the name, location, title and role of all employees, persons, or entities involved in the research, development, design, or production of the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

**KASOWITZ BENSON TORRES LLP**

October 29, 2021
Page 7

- **Response No. 25**: Xilinx refuses to produce any responsive documents to this request for "documents sufficient to determine the name, location, title and role of all employees, persons, or entities involved in the marketing, sale, or distribution of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

- **Response No. 26**: Xilinx refuses to produce any responsive documents to this request for "documents sufficient to show the structure of the sales and marketing departments, distributor relationships, distribution system, total market coverage, sales force territory, sales force number, or compensation and commission structure related to the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

- **Response No. 27**: Xilinx refuses to produce any responsive documents to this request for "documents relating to any product, hardware, software, application, or service that competes with any of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." Nor does it even indicate whether it has documents responsive to this Request. Please be prepared to discuss your refusal at the forthcoming meet and confer.

   **vii.   Request for Xilinx's Document Retention Policies**:

- **Response No. 36**: Xilinx refuses to produce any responsive documents to this request for "documents relating to Your document retention or destruction policies or practices." Please be prepared to discuss your refusal at the forthcoming meet and confer.

**II.   Xilinx's Deficient Responses to Interrogatories:**

Similar to its Responses to WSOU's Requests For Production, Xilinx cherry-picks from WSOU's interrogatories, unilaterally decides which interrogatories (or which parts) it will respond to, and to which definitions it will adhere. In accordance with the Federal Rules of Civil Procedure (26 & 33), the Local Rules, and its discovery obligations, Xilinx must respond to WSOU's interrogatories fully and cannot rework and reframe them to its liking. Please supplement your responses and provide the responsive information for all of the interrogatories enumerated below.

   **A.   Xilinx's General Objections to Interrogatories Deficiencies**:

- **General Objection Nos. 3 & 11**: Xilinx improperly redefines "Accused Products" and limits that term "to mean only the Xilinx products that are the subject of the claim charts attached to WSOU's complaint in each Action." This is an inappropriate limitation to the broad discovery WSOU is entitled to under the Federal Rules and Xilinx is required to provide responsive information pursuant to WSOU's definition of the "Accused Products." Xilinx does the same

K ASOWITZ  B ENSON  T ORRES LLP

October 29, 2021
Page 8

with "Product."  For the additional reasons stated above and the accompanying case law -- re General Objections Nos. 4 & 13 in Xilinx's Responses to Requests For Production -- Xilinx must provide the requested information.  Please confirm that you will supplement your responses accordingly.

- **General Objection No. 4**:  Xilinx attempts to improperly redefine "Accused Functionalities" to "components" and not "technologies" as properly defined by WSOU.  For the reasons stated above -- re General Objections Nos. 3 & 11 -- Xilinx must provide the requested information.  Please confirm that you will supplement your responses accordingly.

- **General Objection No. 10**:  Xilinx improperly excludes responsive information concerning "indirect infringement."  Any prior dismissal of indirect infringement claims was without prejudice to WSOU reasserting such claims if discovery reveals evidence that supports such a claim.  Accordingly, and for the reasons stated above -- re General Objections Nos. 3 & 11 -- Xilinx must provide the requested information. Please confirm that you will supplement your responses accordingly.

- **General Objection No. 12**:  Xilinx suggests that it will not provide responsive information concerning "Related Patents" and "Related Patent Applications" and unreasonably restricts the scope of its response.  For the reasons stated above -- re General Objections Nos. 3 & 11 -- Xilinx must provide the requested information.  Please confirm that you will supplement your responses accordingly.

   B.  **Xilinx's Specific Objections And Responses to Interrogatories**:

   i.   **General Deficiencies**:

- Almost every response contains the improper limitation:  "The burden and expense of complying with the scope of the Interrogatory as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case."  Please let us know what information Xilinx is withholding on this basis and what the expense is to provide this responsive information.

- In numerous responses Xilinx improperly limits the requests to products specifically identified in the claim charts attached to WSOU's complaints as opposed to WSOU's proper definition.  For the reasons stated above -- re General Objections Nos. 3 & 11 -- Xilinx must provide the requested information.  Please confirm that you will supplement your responses accordingly.

   ii.  **Interrogatories Concerning Infringing Products**:

- **Response No. 1**:  This interrogatory requested Xilinx to "Identify, by product name, part number, internal name, internal model number, external model number, and any other designation, all products and services that perform or enable any aspect of the Accused Functionalities, including but not limited to the Accused Products and Related Products, and for each, describe in detail how it was developed and its period of use."  In relation to the

**KASOWITZ BENSON TORRES LLP**

October 29, 2021
Page 9

- requested information for the Accused Functionalities, Accused Products, and Related Products, Xilinx fails to provide any information concerning product name, part number, internal model number, and external model number, as well as any description of how each product was developed and its period of use.  Please confirm that you will supplement your responses to provide that information.

- **Response No. 2**:  This interrogatory requested that Xilinx:  "For each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, identify all Persons and entities that developed, designed, coded, planned, or otherwise contributed to the Accused Functionalities as implemented in each Accused Product, Related Product, and product identified in response to Interrogatory No. 1; for each Person or entity identified, describe the nature of the work or services performed, including relevant dates and time periods."  Xilinx fails to provide any information concerning former Xilinx employees with knowledge and only lists current employees.  Xilinx also fails to provide the relevant dates and time periods of the work and services performed, nor does Xilinx delineate which product(s) each employee performed work or services on.  Please confirm that you will supplement your response to provide the requested information.

- **Response No. 3**:  This interrogatory requested that Xilinx:  "For each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, identify all source code files, modules, projects, libraries, collections, compilations, and repositories related to the Accused Functionalities as implemented in each."  Xilinx fails to respond fully to WSOU's request seeking identification of "all source code files, modules, projects, libraries, collections, compilations, and repositories related to the Accused Functionalities."  Xilinx improperly limits its response to Accused Products and does not include Related Products and Accused Functionalities.  Xilinx also fails to identify what is requested, and simply asserts that a computer will be made available for part of the requested information.  That is not sufficient and Xilinx cannot shift its discovery burden to WSOU in this manner.  Please confirm that you will supplement your response to provide the requested information.

    iii.   **Interrogatories Concerning Financial Information and Sales**:

- **Response No. 4**:  This interrogatory requested Xilinx to "Separately, for each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, state Your actual or projected U.S. monthly (or quarterly if monthly does not exist, or annual if neither monthly nor quarterly exist) sales volume, gross revenue, average revenue, operating revenue, net revenue, gross profit, operating profit, net profit, profit margin, the country/countries in which the sale was made, and costs (including costs of sales) generated from November 2014 through the expiration of the Patents-in-Suit."  Xilinx fails to identify and provide the requested sales, revenue, profit, and costs information as requested.  Xilinx also fails to specifically identify the documents purportedly containing this information from which it contends a response to this Interrogatory "may be derived." It is improper for Xilinx to seek to shift the burden of extracting responses to this Interrogatory from unidentified documents supposedly

**KASOWITZ BENSON TORRES LLP**

October 29, 2021
Page 10

produced by Xilinx.  Please confirm that you will supplement your response to provide the requested information.

- **Response No. 5**:  This interrogatory requested Xilinx to "Separately, for each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, identify the earliest date each was developed, and the date each was (1) sold, (2) offered for sale, or (3) otherwise made available to any customers and/or consumers by You."  Xilinx fails to respond to the interrogatory, pointing to other deficient interrogatory responses that do not contain the information requested.  Xilinx does not identify and provide the requested dates concerning development, sale, offer for sale, and availability as requested.  The other responses Xilinx points to also fail to specifically identify the documents purportedly containing that information.  Please confirm that you will supplement your response to provide the requested information.

    iv.   **Interrogatories Concerning Xilinx's Defenses**:

- **Response No. 8**:  This interrogatory requested Xilinx "To the extent You contend that acceptable non-infringing alternatives exist for the subject matter claimed by each of the Patents-in-Suit, identify and describe in detail each alleged non-infringing alternative that You contend can be used as an alternative, including but not limited to: (1) a description of each alleged non-infringing alternative; (2) a description of when and how each alleged non-infringing alternative was developed; (3) the identity of individuals involved in developing and/or most knowledgeable about each alleged non-infringing alternative (if applicable); (4) the dates when each alleged non-infringing alternative was incorporated in any Accused Product; (5) the costs associated with developing and implementing each alleged non-infringing alternative; (6) the steps and the time required to develop and implement each alleged non-infringing alternative; (7) a detailed explanation of how each identified alternative is not infringing; and (8) a detailed explanation of how each identified alternative is technically and commercially acceptable."  Xilinx fails to respond to this interrogatory concerning non-infringing alternatives, asserting it will do so at a later date "as part of its rebuttal expert report on non-infringement."  That is insufficient.  *See*, *e.g.*, *ICM Controls Corp. v. Honeywell Int'l Inc*., No. 5:12-CV-1766 (LEK/ATB), 2021 WL 3403734, at *3 (N.D.N.Y. Aug. 4, 2021) (holding that "it was [defendant's] burden to identify and provide information regarding alleged acceptable non-infringing alternatives in response to [plaintiff's] interrogatories seeking that information"); *Pentair Water Pool and Spa, Inc. v. Hayward Industries, Inc*., No. 5:11–CV–459–D, 2012 WL 6608619, at *5 (E.D.N.C. Dec. 18, 2012) (interrogatories are the "correct mechanism for obtaining such discovery" relating to non-infringing alternatives).  Please confirm that you will supplement your response to provide the requested information as requested now or confirm that Xilinx does not intend to rely on any non-infringing alternatives as a defense to WSOU's claims.

- **Response No. 9**:  This interrogatory requested Xilinx to "Set forth all factual and legal bases for Your Affirmative Defenses."  As part of its answer, Xilinx provides a Rule 33(d) response citing to essentially its entire production to date (XILINX_WSOU-0000001–

**K**ASOWITZ **B**ENSON **T**ORRES LLP

October 29, 2021
Page 11

      XILINX_WSOU-0043723).  That is clearly improper under FRCP 33.  Pursuant to FRCP 33(d)(1), Xilinx is obligated to specifically identify the documents in sufficient detail that are responsive to this request.  Please confirm you will supplement your response to provide the requested information.

- **Response No. 10**:  This interrogatory requested Xilinx to "Set forth all factual and legal bases for Your Counterclaims."  Xilinx fails to directly identify its factual and legal bases for its Counterclaims and Xilinx provides a Rule 33(d) response citing to its entire production to date (XILINX_WSOU-0000001–XILINX_WSOU-0043723).  That broad reference to a 43,000+ page production, which effectively shifts the burden to WSOU to extract responsive information, is improper under FRCP 33.  Pursuant to FRCP 33(d)(1), Xilinx is obligated to specifically identify the documents in sufficient detail that are responsive to this request.  Please confirm you will supplement your response to provide the requested information.

                        *        *        *        *

      We request that you immediately: (i) respond to this letter explaining how you will correct these deficiencies and supplement your responses; (ii) provide a list of custodians and search terms you utilized in responding to WSOU's discovery requests (including what locations and devices you searched); (iii) provide the date by which Xilinx will produce responsive documents and provide supplemented responses; and, (iv) provide your availability next week (November 1-5) for a meet and confer concerning the issues raised in this letter.  WSOU reserves all rights.  Thank you.

                                                          Sincerely,

                                                         s/  *Hershy Stern*

                                                        Hershy Stern