# EXHIBIT F

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

Hershy Stern
Direct Dial: (212) 506-1794
Direct Fax: (212) 835-5094
HStern@Kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

November 29, 2021

**REDACTED- PUBLIC VERSION**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**VIA E-MAIL**
Robert Vrana
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
RVrana@ycst.com

       Re: *Civ. Action No. 20-cv-1228-CFC-JLH (D. Del.) (Consolidated); Follow-Up Letter on Defendant Xilinx's Deficient Discovery Responses Dated October 18, 2021*

Counsel,

    We write to follow up on WSOU's October 29, 2021 letter, the parties' November 18, 2021 meet and confer, and Xilinx's November 19, 2021 letter, regarding Xilinx's deficient responses and objections to WSOU's discovery, as well as Xilinx's failure to comply with the Court's Scheduling Order (Dkt. 63) to produce core technical documents for each accused product.

    Xilinx attempts to put the cart before the horse and claims that WSOU must amend its preliminary infringement contentions in order for Xilinx to understand what it must produce. As explained, WSOU's preliminary infringement contentions and Xilinx's discovery deficiencies are distinct issues. Xilinx's feigned ignorance does not explain its failure to produce responsive documents to the requests it does not find objectionable and understands, which Xilinx has had since September. Moreover, Xilinx has failed to produce core technical documents for each accused product, as further outlined below. In any event, to prevent further delay, WSOU further explains and narrows its requests as disussed at the meet and confer and in this letter.

    Xilinx's discovery deficiencies can be split into the following categories: (i) WSOU's document requests to which Xilinx refuses to produce responsive documents; (ii) WSOU's document requests for which Xilinx represented that it would consider whether Xilinx will agree to produce responsive documents; (iii) WSOU's interrogatories which Xilinx has agreed to supplement with substantive responses; and (iv) core technical documents that Xilinx has failed to produce. These issues are addressed further below.

**KASOWITZ BENSON TORRES LLP**

November 29, 2021
Page 2

    **I.**    **Xilinx's Refusal To Produce Documents and Information**

Although WSOU's discovery requests seek basic information concerning the Accused Products, Accused Functionalities, Related Products and Related Patents, *e.g.*, documents concerning their functionality, source code, financials, sales and marketing data, based on the parties meet and confer, Xilinx has no intention of producing responsive relevant information for many WSOU's discovery requests. Xilinx has contended that it has no obligation to produce responsive information concerning Accused Functionalities, Related Products, Related Patents, and essentially anything reasonably similar to the Accused Products. Xilinx has provided no adequate reason for this refusal.

The definitions within the discovery requests, as well as the parties' discussions during the meet and confer, make clear that these requests seek information relating to Xilinx's products that employ the same and similar functionality of the identified products that is the subject of the Asserted Patents. Xilinx has and continues to ignore such definitions and explanations in favor of its improper litigation tactics.

Additionally, WSOU has propounded numerous document requests that seek basic information concerning the Technical Documents. However, Xilinx has refused to agree to produce responsive documents. For example, Request For Production No. 4 seeks "documents, including Hardware Specifications and source code, sufficient to fully describe the functionality, operation, design, architecture, topology, and deployment of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1." Xilinx limits its production to cherry-picked "documents sufficient to show how the Accused Products work," and has refused to produce additional documents.

For each of these discovery requests (including, but not limited to, Request Nos. 2-5, 22, 34, and 35), the parties acknowledged during the meet and confer that they were at an impasse and would have to seek guidance from the Court. Please let us know if you have changed your position.

    **II.**    **Requests Concerning Non-Technical Documents**

Xilinx continues to assert an improperly narrow read of its discovery obligations. For instance, during the meet and confer, Xilinx agreed only to produce documents sufficient to show its marketing of the Accused Products, specifically "accused features," as well as marketing documents that are specifically directed to the features that are accused of infringement, to the extent specifically disclosed in WSOU's infringement contentions. But, this is insufficient, and illogical as marketing materials specific to "accused features," as opposed to the Accused Products, are not likely to exist.

All categories of documents discussed during the meet and confer and included in WSOU's requests are proportionate, reasonable and relevant. However, in the interest of resolving the

**KASOWITZ BENSON TORRES LLP**

November 29, 2021
Page 3

disputes, WSOU will narrow its requests to responsive documents, following a reasonable search of custodial data sources identified in Xilinx's August 11, 2021 Initial Disclosures/Xilinx's October 4, 2021 Paragraph 3 Disclosures (together the "Disclosures"), plus a few narrowed and appropriate data sources described below.

   The Disclosures identify custodians relevant to: (i) structure and operation of the accused functionality in the accused products; (ii) financial information relating to the accused products; (iii) alleged conception and reduction to practice, development, and prosecution of the Patents-in-Suit; and (iv) matters related to the subject matter, conception, reduction to practice, prosecution, marking, related patent application, and sales of products embodying the Patents-in-Suit; commercialization of the Patents-in-Suit; licensing efforts, agreements, and valuations relating to the Patents-in-Suit; and prior art to the Patents-in-Suit.  These Disclosures are deficient insofar as they appear to omit custodians relevant to: (i) the research, development or production of internal business and marketing plans with respect to the Accused Products; (ii) the marketing, promoting, and/or advertising of the Accused Products; (iii) the actual and projected sales volume, transaction revenue, net revenue, gross revenue, and costs for the Accused Products; (iv) industry or consumer need for the Accused Products; (v) licensing policy or policies; and (vi) any product, hardware, software, application, or service that competes with any of the Accused Products.  Please amend your disclosures accordingly to disclose if the identified individuals have this information, otherwise please include and search custodians who would have this highly relevant information.  Please also provide any search terms used in responding to WSOU's discovery requests.

   Additionally, Xilinx asserted that it lacked sufficient detail to search for and collect documents responsive to WSOU's Requests for Production listed below by category. To further narrow and clarify the scope of WSOU's requests, we provide specific categories and additional explanation that should be searched for from the relevant custodians:

   1. Financial documents including actual and projected sales, volume, transaction revenue, gross revenue, itemized costs, number of users, operating profitability, licensing revenue, indirect revenue streams, and damages theories (Request Nos. 7, 8, 9, 10, 21, 32, 33);

   2. Business and marketing plans, projections reports and presentations, including promotions, advertising, projections, and awards/recognitions (Request Nos. 11, 16, 17, 28);

   3. Documents relating to consumer or industry demand such as consumer requests, customer surveys and industry presentations relating to the Accused Products and Functionalities (Request Nos. 18, 19, 20);

   4. Licensing policies and licensing, royalty and other settlement and joint venture agreement documents, including any rates and payments (Request No. 12, 13, 14, 15, 29);

## KASOWITZ BENSON TORRES LLP

November 29, 2021
Page 4

5. Organizational charts or similar documents relating to the organization or location of any facility or group most knowledgeable of the research, development, design or production of the Accused Products (Request Nos. 23, 24, 25, 26); and

6. Documents such as competitive intelligence and internal memoranda relating to any product, hardware, software, application, or service that competes with any of the Accused Products (Request No. 27).

During the meet and confer, Xilinx agreed to consider proposals to narrow the scope of WSOU's Requests for Production. WSOU has now done so. Please confirm you will produce documents accordingly; *i.e.*, that you will produce all documents from the appropriate custodians (described above) that are responsive to these categories/requests.

### III. WSOU's Interrogatories

As discussed above, Xilinx improperly asserted that it would not provide substantive responses to interrogatories concerning the Accused Functionalities, Related Products, Related Patents, or products that are "reasonably similar" to the Accused Products. The parties acknowledged during the meet and confer that they were at an impasse on this issue.

Nonetheless, we are pleased that the parties resolved some of the issues raised in WSOU's October 29, 2021 letter. Below is a brief summarization of the parties' discussion:

1. **Interrogatory No. 1**

With respect to Interrogatory No. 1, the parties agreed that Xilinx will supplement its response to the extent Xilinx has information about its products that correspond to the labels used by the interrogatory, or the labels Xilinx uses that correspond to the label identified in the interrogatory.

Moreover, the table provided by Xilinx on Pages 9 to 11 is still incomplete. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Therefore, please supplement and provide the complete table immediately.

2. **Interrogatory No. 2**

With respect to Interrogatory No. 2, the parties agreed that Xilinx will identify individuals most knowledgeable of the Accused Products. Additionally, the parties agreed that Xilinx will identify up to three persons most knowledgeable of the infringing features of the Accused Products, as well as identify: (i) the products each person worked on and; (ii) which aspects of

**KASOWITZ BENSON TORRES LLP**

November 29, 2021
Page 5

the products each person worked on; (iii) as well as provide additional detail for those individuals previously identified.

### 3. Interrogatory No. 3

With respect to Interrogatory No. 3, we agreed to consult with WSOU's technical experts who have reviewed source code to determine specific information that WSOU is seeking that is not already apparent from the source code computer and its source code files. We will follow up in due course with additional requests concerning this interrogatory as necessary.

### 4. Interrogatory No. 4

With respect to Interrogatory No. 4, Xilinx agreed to supplement its response to specifically identify responsive financial spreadsheets. Additionally, Xilinx agreed to confirm that the information provided dates back six years before the filing of the action.

### 5. Interrogatory No. 5

With respect to Interrogatory No. 5, Xilinx agreed to consider WSOU's requests concerning dates of first development, and offers for sale. Please let us know if you will provide us this information.

### 6. Interrogatory No. 8

With respect to Interrogatory No. 8, Xilinx agreed to consider possible designation of 30(b)(6) witnesses to testify for Xilinx on non-infringing alternatives. Please let us know your position.

### 7. Interrogatory No. 10

With respect to Interrogatory No. 10, Xilinx confirmed it will produce its invalidity contentions and associated prior art document production.

### IV.   Xilinx's failure to comply with the Court's Scheduling Order (Dkt. 63) to produce core technical documents for each accused product

As Xilinx has been well aware, the Court's Scheduling Order (Dkt. 63) requires that Xilinx produce core technical documents for **each** accused product by September 29, 2021. Yet, Xilinx has failed to comply with that requirement.

# KASOWITZ BENSON TORRES LLP

November 29, 2021
Page 6

[REDACTED]. With respect to Xilinx's Spartan line of products, we have located no technical documents, source code or schematics. [REDACTED].

Further, a large number of schematic contents of cells have not been produced by Xilinx. For instance:

- 

In sum, Xilinx must comply with Court's Scheduling Order (Dkt. 63) by producing core technical documents (including source and schematics) fully and for each accused product immediately.

V.   **WSOU's Infringement Contentions**

With respect to the parties' discussions during the meet and confer and your November 11, 2021 letter regarding WSOU's infringement contentions, we confirm that WSOU will withdraw its indirect infringement claims from its Preliminary Infringement Contentions without prejudice. WSOU reserves all rights to replead.

\*   \*   \*   \*

We request that you: (i) immediately respond to this letter confirming that you will produce the non-technical documents discussed above; (ii) provide a date certain by when Xilinx will begin its production pursuant to WSOU's document requests; (iii) provide a date certain by when Xilinx will comply the Court's Scheduling Order for Xilinx to produce its core technical documents for **each** accused product; and (iv) let us know your availability for a meet and confer this week.

WSOU reserves all rights.  Thank you.

---

[1] *See* Xilinx's Responses to WSOU's First Set of Interrogatories (Nos. 1-10) at PP. 10-11.

**KASOWITZ BENSON TORRES LLP**

November 29, 2021
Page 7

                                                    Sincerely,

                                                    s/ *Hershy Stern*

                                                    Hershy Stern