# EXHIBIT H

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

HERSHY STERN
DIRECT DIAL: (212) 506-1794
DIRECT FAX: (212) 835-5094
HSTERN@KASOWITZ.COM

December 17, 2021

**VIA E-MAIL**

Robert Vrana
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
RVrana@ycst.com

Re:  *Civ. Action No. 20-cv-1228-CFC-JLH (D. Del.) (Consolidated); Follow-Up Letter on Defendant Xilinx's Deficient Discovery Responses Dated December 14, 2021*

Counsel:

Based on your latest letter, it appears that Xilinx is refusing to meaningfully engage in the discovery and meet and confer process and is merely seeking to delay its production in an effort to impede WSOU's ability to take timely discovery of Xilinx and its accused products in accordance with the Court's Scheduling Order.  WSOU served its discovery requests on Xilinx over three months ago on September 15.  After receipt of Xilinx's responses and objections, the parties met and conferred on November 18, whereby WSOU explained the scope of documents and information it seeks, and the relevancy of each category of requests.  After Xilinx insisted that it would not respond to WSOU's narrowing of its requests unless WSOU set it forth in writing (which was inappropriate on its own), WSOU included its positions in writing on November 29. In response, Xilinx ignored WSOU's requests and maintained the same positions set forth in its objections and during the meet and confer.  That is improper.

*First*, Xilinx has refused to provide WSOU with its search terms and custodians and centrally-located files/databases/systems that it will search to produce responsive documents.  That is wholly improper and WSOU is entitled to such information.

*Second*, WSOU requested that Xilinx provide a date certain by when it will complete its document production.  Xilinx has refused.  Please confirm in writing that Xilinx will complete its document and source code production by January 31, 2022 so that WSOU can move forward with depositions thereafter.

*Third*, based on your position during the November 18 and December 2 meet and confers, and your December 14 letter, Xilinx will not produce documents and information for all Xilinx products that WSOU has accused of infringing within its disclosures and infringement contentions, and is improperly limiting its production to only those accused products that Xilinx contends were

# KASOWITZ BENSON TORRES LLP

December 17, 2021
Page 2

"adequately" charted. As we explained numerous times now, that is improper and WSOU is entitled to discovery over all accused products. *See, e.g.,* FRCP 26; *Tessera Inc. v. Sony Elecs., Inc.,* No. 10-0838-RMB-KMW, 2012 U.S. Dist. LEXIS 180771, at *11 (D. Del. Aug. 6, 2012) ("the inherent purpose of discovery would be stymied by limiting all discovery requests to the infringement known by the patent holder during the early stages of litigation"); *Elm 3ds Innovations, LLC v. Samsung Elecs. Co.,* Civil Action No. 14-1430-LPS-CJB, 2015 U.S. Dist. LEXIS 199679, at *4 (D. Del. June 30, 2015).[1]

*Fourth*, as a general matter, WSOU informed Xilinx that it was narrowing its requests such that it seeks documents and information collected after a reasonable search through the use of, among other methods, reasonable search terms run against custodian files/folders and centrally-located files/folders/databases (e.g., sharepoint). Based on your letter, it appears that Xilinx does not agree to that, and will only produce documents or information "sufficient to show". That is improper. It also appears that Xilinx intends to improperly narrow the scope of the categories of information WSOU's identified that encompass its discovery requests. For example, Xilinx refuses to produce financial and business projections for all of the Accused Products. To that end, please confirm that Xilinx agrees to conduct a reasonable search using, among other methods, reasonable search terms applied to its custodian files/folders and centrally-located files/databases/systems to collect and produce documents responsive to the following categories:

- Technical documents (including but not limited to functional specifications, detailed specifications, architectural specifications, schematics, product presentations or roadmaps, user manuals, field manuals and guides, reference manuals and guides, statements of work, product development reports, technical presentations, enhancements and version reports and presentations, and source code) for each and every Accused Product and Related Product (Request Nos. 3,4, 5, 22, and 35);

- Financial documents and information, including but not limited to actual and projected sales, transaction revenue (itemized), profit and losses statements (including by accused

---

[1] *See, also, Aristocrat Techs. v. Int'l Game Tech.,* No. C 06-03717 RMW (RS), 2009 WL 3573327, at *4-5 (N.D. Cal. Oct. 30, 2009) (granting motion to compel discovery of products not yet accused and explaining that "the generally liberal construction afforded to Rule 26 necessitates this result"); *LifeNet Health v. LifeCell Corp.,* No. 2:13CV486, 2014 WL 4162113, at *6-7 (E.D. Va. Aug. 19, 2014)("if the discovery designed at unaccused products is also relevant to accused products, than it is generally permissible"); *AGA Med. Corp. v. W.L. Gore & Assocs., Inc.,* No. CIV. 10-3734 JNE/JSM, 2011 WL 11023511, at *7-8 (D. Minn. Oct. 19, 2011) ("Cases that have examined the issue of the discoverability concerning non-accused products have concluded that the scope of discovery may include products that are 'reasonably similar' to those accused in a party's preliminary infringement chart"); *Paice, LLC v. Hyundai Motor Co.,* No. CIV. WDQ-12-0499, 2014 WL 3819204, at *10 (D. Md. June 27, 2014) (citing *O2 Micro Int'l Ltd. V. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366 (Fed. Cir. 2006)) (courts "have held that no 'bright line rule' limits discovery to products expressly accused in preliminary infringement contentions"); *Dr. Sys., Inc. v. Fujifilm Med. Sys. USA, Inc.,* No. CIV 06CV417 JLS NLS, 2008 WL 1734241, at *3 (S.D. Cal. Apr. 10, 2008) (finding that in "[a]pplying Rule 26, [Plaintiff's] discovery should not be limited to only the products they expressly accused"); *Epicrealm, Licensing, LLC v. Autoflex Leasing, Inc.,* No. 2:05- CV- 163DFCMC, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007) ("that the scope of discovery may include products and services (in this case, websites and systems) 'reasonably similar' to those accused in the PICs"); *Alloc, Inc. v. Unilin Beheer B.V.,* No. 03-C- 1266, 2006 WL 757871, at *3 (E.D. Wis. Mar. 24, 2006) (finding manufacturing process documents "relevant for purposes of discovery under Rule 26(b)(1)," even though method claims were not asserted).

**KASOWITZ BENSON TORRES LLP**

December 17, 2021
Page 3

product), itemized costs, number of users, customer identities, licensing revenue, indirect revenue streams (e.g., subscription, maintenance, service, installation, training, repair, consulting, and monitoring fees and charges), and damages theories (Request Nos. 7, 8, 9, 10, 21, 32, and 33);

- Business plans and marketing documents including but not limited to promotions, brochures, advertisements, monthly and quarterly business reports ("QBRs"), product roadmaps, product reviews, product performance presentations, requests for information ("RFIs") and responses to RFIs, requests for proposals ("RFPs") and responses to RFPs, internal presentations of business plans (short and long-term), projections, and awards/recognitions concerning the Accused Products (Request Nos. 11, 16, 17, and 28);

- Documents relating to consumer or industry demand for the accused products, such as RFIs and responses thereto, RFPs and responses thereto, consumer requests, customer surveys and industry presentations (Request Nos. 18, 19, and 20);

- Licensing, settlement, royalty and joint venture agreement documents, including any rates and payments for the Accused Products (Request No. 12, 13, 14, 15, and 29);

- Organizational charts or similar documents relating to the organization or location of any facility or group most knowledgeable of the research, development, design or production of the Accused Products (Request Nos. 23, 24, 25, and 26); and

- Documents such as competitive intelligence and internal memoranda relating to any product, hardware, software, application, or service that competes with any of the Accused Products (Request No. 27).

*Fifth*, please confirm that Xilinx will produce document families and metadata required by the standard ESI order.

*Sixth*, WSOU served its 30(b)(6) deposition notices on October 19, 2021, almost two months ago, and Xilinx has yet to serve any response. As a result, WSOU understands that Xilinx will produce witness for each of the topics included therein.

To the extent that Xilinx continues to refuse to confirm or produce the documents information requested herein (and in other letters and during previous meet and confers), please confirm that Xilinx is available for a meet and confer on Monday, December 20 between 2:30 pm and 4:30 pm. If Xilinx refuses to confer with us on these issues, WSOU intends to inform the Court that the parties are at an impasse.

**KASOWITZ BENSON TORRES LLP**

December 17, 2021
Page 4

Sincerely,

Hershy Stern